IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sarina Ervin, | ) | |
| Petitioner, | ) | Case No. 1:21-cv-6064 |
| | ) | (formerly 19th Judicial Circuit Court of Lake |
| | ) | County – Case 04D1943) |
| | ) | |
| vs. | ) | |
| | ) | |
| Raymond Ervin, | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Gwendolyn Barlow, | ) | |
| Third Party Respondent. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Respondents Raymond N. Ervin ("Raymond") and Gwendolyn M. Barlow ("Gwendolyn") hereby removes Case Number 04D1943 from the Nineteenth Judicial Circuit Court of Lake County (the State Court Action) to the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C §§ 1331, 1441, 1443 and 1446(b)(3), 42 U.S.C § 1983, 42 U.S.C. Chapter 7 and the Due Process and Equal Protection Clauses of the 14th Amendment. A copy of all process, pleadings and orders served upon Respondents to date in the State Court Action are attached as Exhibits A, B.

Respondents' grounds for removal are as follows:

1.     **This Civil Action is Founded Upon Claims or Rights Arising Exclusively Under the Laws of the United States**

1

Raymond[1] and Gwen allege that ex-spouse Sarina Ervin ("Sarina"), a non-resident alien recipient under Title IV-D of the Social Security Act, subsequent to assignment of her Canadian Divorce Decree to CSEA member state Ontario, Canada sought enforcement through ILDHFS[2]. After investigation and review, a determination was made by the Illinois Title IV-D Director of Health and Family Services (ILHFS) rendering a decision that the Canadian Divorce Decree was unenforceable for lack of due process to Raymond and subsequently forgave his child support and associated arrearages[3]. Wherein thereafter the record is clear that Sarina failed to timely appeal the decision or seek judicial review. Almost seven years later, the Illinois Courts permitted Sarina to bring a lawsuit in her own accord against Raymond, despite express prohibitions in federal law see *Blessing v. Freestone*[4], see also *King v. Bradley*[5]. The Court further ignored prohibitions against its actions due to lack of jurisdiction based on federal Law, the Social Security Act, *the Supremacy Clause of the U. S. Constitution* and the Due Process and Equal Protection Rights of Raymond and Gwen, choosing rather to substitute its judgment in lieu of that of the administrative agency, federal Law and Judiciary. The subsequent due process

---

[1] Raymond became permanently disabled October 11, 2004, and only receives Social Security Old Age Benefits, which is herein referred to as Social Security Retirement Benefits (SSRB).

[2] ILDHFS is funded through the U.S. Department of Health and Human Services – Office of Child Support Enforcement through a State Plan with the Secretary of HHS. 42 U.S.C. §§ 651 *et seq.* (1982). Congress mandated the assignment of support rights to the states in section 602(a)(26) of the United States Code, which required a state plan to provide:

"[A]s a condition of eligibility for aid, each applicant or recipient will be required —

(A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed[.]" 42 U.S.C. § 602(a)(26)(A) (1982).

[3] See Illinois Public Act 92-0876 §§ 35(c)(3)(9)(12)(14) and 35(d) authorizes the Director of the State Plan to reconcile child support matters and arrearages.

[4] *Blessing v. Freestone*, 520 U.S.329, 117 S. Ct, 1353, 137 L.Ed.2d 569 (1997) The Court in *Blessing* held that "individuals who received Title IV-D assistance, a federal right, were not afforded a private right of action to collect under §1983." The Court went on to state that "Dismissal is proper if Congress specifically foreclosed a section 1983 remedy." *Id* at 329.

[5] *King v. Bradley*, 829 F. Supp. 989 (N.D. Ill. 1993)

violations premised upon these actions by Sarina and the Court further lead to the unlawful confiscation of Raymond's exempt life insurance benefits, the garnishment of his Social Security Retirement Benefits (SSRB) and the deprivation of liberty of Raymond and Gwen for criminal contempt[6], wherein Sarina and the Court lack federal jurisdiction.

**A. 42 U.S.C. § 1983.**

The State Court Action is removable to this Court as 42 U.S.C. § 1983 creates a federal cause of action against those acting under color of state law who cause a deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States. In this case, the Court's deprivation of Raymond and Gwendolyn's liberty without rights of federal constitutional protections transformed the contempt from civil to criminal without the Constitutional safeguards required to be afforded in criminal procedure.

In the instant case, the matter was decidedly beyond the judge's jurisdiction as the Court premised its rulings in a vacuum devoid of federal law and the Social Security Act, and hence gave no deference to the controlling weight to precedential rulings of the federal courts, despite the overarching gravitas of the Supremacy Clause. In addition, the Court disregarded and disturbed the well settled findings of the Social Security Administration[7] and ILDHFS[8] considered final in the context of 20 C.F.R. § 404.937, choosing in lieu to substitute its own intuitive sensibilities for these agencies settled findings[9]; it is most notable that even the Court itself questioned its jurisdiction to hear the matter[10]  This tendency on behalf of the Court

[6] See Court Order - October 15, 2021
[7] Social Security Stop Garnishment Order - December 20, 2020
[8] ILDHFS – ISDU Termination of Income Withholding - April 24, 2019
[9] See Transcript – June 21, 2021, pg. 94 in Exhibit A – Judge Cornell: "The Court believes that there is a substantial child support arrearage that exists to date."
[10] See Transcript – April 23, 2021, pg. 11 in Exhibit A – Judge Cornell: "The Court is unclear as to whether it has jurisdiction to hear this motion. And the Court is going to come back on a date certain and determine whether or not the Court has jurisdiction."

3

pervaded the entire duration of these proceedings. Further, it is noteworthy that the judge was clearly acting in an official capacity at all times during the course of these proceedings. The federal courts have in such instances relied upon the doctrine of absolute immunity as outlined in *Stump*[11], "Because the underlying purpose of immunity is to preserve judicial independence in the decision-making process, these defendants will be entitled to absolute immunity if their actions meet a two-part test: first, the acts must be within the judge's jurisdiction; second, these acts must be performed in the judge's judicial capacity."

As the Court was without jurisdiction to proceed in a federal matter, it is axiomatic that the first prong of the test was not satisfied, hence mooting any absolute immunity. Hence the remedies afforded by 42 U.S.C. § 1983 are duly suited to support removal to this Court.

### B. 42 U.S.C. Chapter 7 (The Social Security Act)

The Court, in its October 15, 2021, order stated that, Raymond is found to be in Indirect Civil Contempt of Court for "… failure to comply with the order entered on June 21, 2021." The Court so ordered on or about June 21, and June 23, 2021 (See attachment in Exhibit A) the garnishment of Raymond's Social Security Retirement Benefits ("SSRB") and that he should pay $1200.00 in attorney's fees to Petitioner's Counsel despite the record indicating that Raymond's only source of income were his SSRB which are shielded from garnishment by SSR 79-4 Anti-Attachment Provision 42 U.S.C. §§ 407, 652(b), 659, 662(f).

The entire corpus of Sarina's claim arises as a creature of federal law, specifically the Social Security Act, 42 USC 600 *et seq.* Wherein she, as a Title IV-D beneficiary, alleges that she should be permitted a private right to lawsuit (irrespective of *Blessing*) to garnish Raymond's exempt life insurance policies and SSRB to enforce a Canadian divorce decree (held

---

[11] See *Stump*, 435 U.S. at 356, 360, 98 S.Ct. at 1104, 1106; Bradley, 80 U.S. (13 Wall.) at 351-52.

unenforceable by ILDHFS) in an Illinois Small Claims Court lacking competent federal jurisdiction over Social Security, where the children at the basis of her claim are adults aged 30 and 26. Though implausible, this is the state of the present case before us, wherein the respondents are being held in criminal contempt by a court without jurisdiction over these claims. Section 207 of the Social Security Act protects Social Security benefits from garnishment. "<u>Rights to social security benefits are within the exclusive federal question jurisdiction of the United States courts</u> ("supremacy clause prevents 'frustration and erosion' of federal rights…")" *Raskin v. Moran*, 684 F.2d 472, 475 (7th Cir. 1982). See also *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979). (Emphasis added).

The Circuit Court cites to *Knickerbocker v. Norman*, 938 F. 2d 891 (1991) to support the contention that the Court believes Raymond's SSRB should be garnished to pay child support.[12] However the federal Court in that case clearly held "… it is our particular duty to determine the meaning of federal laws." In so doing, the Court in *Knickerbocker* held that the State of Iowa was entitled to reimbursement of child support, distinguishable from the instant case where Sarina, as a Title IV recipient who assigned her rights, seeks to garnish Raymond's SSRB in her own accord through means determined unenforceable by ILDHFS. The Court is improvident in its interpretation of federal laws that govern Social Security, expressly given its lack of federal jurisdiction. *Id*.

The Circuit Court also cites *Rose v. Rose*, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987) to support the contention that the Court believes Raymond's SSRB should be garnished to pay child support.[13] The Court in Rose held, "…"In this context, the Veterans' Administration is not made a party to the action, and the state court issues no order directing the Administrator to

---

[12] See Transcript – June 21, 2021, pgs. 94-97in Exhibit A
[13] See Transcript - June 21, 2021, pg. 95 in Exhibit A

5

pay benefits to anyone other than the veteran." *Id* at 635. Yet, in the instant case, the Court did direct Social Security to garnish Raymond's monthly SSRB and turn over the funds to Sarina's attorneys.[14] Once again, the Court failed to recognize the limits of its authority and jurisdiction, both being subordinate to the federal courts which hold exclusive jurisdiction regarding Social Security, and though devoid of jurisdiction substituted its interpretation of the regnant federal law and policy governing Social Security.

The Court, in its June 23, 2021, order, has imposed a lien on Raymond's SSRB (see attachment in Exhibit A). It is also noteworthy that the Court did not want to undertake drafting the garnishment order, yet nonetheless signed it (see June 21, 2021, transcript in Exhibit A).[15] The respondents seek removal of this matter on the grounds that the federal courts maintain exclusive jurisdiction in all matters of interpretation of the Social Security Act as arbiter of Congressional legislative intent.

### C. 28 U.S.C. § 1443

The respondents allege a deprivation of their rights of federal constitutional protections by the Nineteenth Judicial Circuit Court of Lake County acting under color of law, based upon the order of a determinate sentence of thirty (30) days in the Lake County Jail without the ability to purge their contempt, as typifying the conduct codified by 28 U.S.C. § 1443 which states, "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

---

[14] See Court Order - June 23, 2021, in Exhibit A - *Court Ordering* "The Social Security Administration is ordered to garnish the sum of $1,201.20 per month to be remitted to Sarina Ervin's attorneys."

[15] See Transcript - June 21, 2021, pgs. 111-112 in Exhibit A - Judge Cornell: "...THE COURT: So the only thing that I am not comfortable with drafting just so that we are all on the same page is any kind of garnishment order."

6

**(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; …"

In the instant case, Raymond and Gwendolyn have been denied such rights, and could not reach enforcement of the requirement that the offense be proven beyond a reasonable doubt, wherein the Court had shifted the burden of proof to respondents (See October 15, 2021, transcript in Exhibit A)[16]. A review of the court transcripts demonstrates a tenor that is strongly suggestive of a pattern of judicial bias, which is evidenced by the particularly thin veneer of procedural due process afforded respondents, and the overreach in the Court's rulings where jurisdiction is absent. "But ultimately the guarantee of these rights is no stronger than the integrity and fairness of the judge to whom the trial is entrusted." *Bracy v. Gramley*, 81 F.3d 684, 696 (7th Cir. 1996) (Rovner, J., dissenting).

The Court's November 10, 2021, order granting Respondent's attorney's Motion to Withdraw (see attachment in Exhibit A) and corresponding transcript, specifically orders that should Raymond and Gwendolyn obtain new counsel, however there will be no continuance granted regarding the next hearing date. This is yet another example of judicial bias, even though "The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. . . . Contrariwise, <u>a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality</u>. . . .' Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). (Emphasis added). This denial by the Court represents yet another instance where

---

[16] See Transcript – October 15, 2021, pgs. 12, 60 in Exhibit A

7

the Court, acting under color of law has deprived Raymond and Gwendolyn of their right to due

process, as it has ordered that any new counsel that they may retain will not have proper time to

prepare for a hearing where the Court has ordered Raymond and Gwendolyn remanded to the

custody of the Lake County Sheriff <u>on the date of the hearing</u> to begin a 30 day sentence without

the ability to purge their contempt, and the federal constitutional protections required for

criminal procedure. As such, the State Court Action is removable to this Court pursuant to 28

U.S.C § 1443.

### D. Due Process and Equal Protection Clauses of the 14th Amendment

The respondents allege that on or about October 15, 2021, the Nineteenth Judicial Circuit

Court of Lake County issued an order violating their Due Process and Equal Protection Clause

rights. Said order finding among other things, Raymond N. Ervin and Gwendolyn M. Barlow in

Indirect Civil Contempt of Court for failure to abide by previous orders (A true and correct copy

of the Order is attached as Exhibit A). The Court's finding of Indirect Civil Contempt included a

punitive provision of a determinate amount of incarceration, a requirement to pay money and no

purge clause transforming the nature of the contempt from civil to criminal without affording

respondents criminal procedure protections. Should Raymond and Gwendolyn fail to produce

documents and pay monies to Petitioner's counsel by November 19, 2021, each of them would

be remanded to Lake County Jail for 30 days with no ability to purge their contempt, even

though the very nature of civil contempt affords contemnors the "keys to their jail cells", the

Court failed to provide this type of purge clause for the 30 day determinate sentence.

The US Supreme Court in *Hicks Feiock v. Feiock*, 485 U.S. 624, 108 S.Ct. 1423, 99

L.Ed.2d 721 (1988), was quite clear when they held "…the argument is not merely that the state

court misapplied state law, but that the characterization of this proceeding and the relief given as

civil or criminal in nature, for purposes of determining the proper applicability of federal constitutional protections, raises a question of federal law rather than state law." *Id* at 630.

In the instant case, the Court imposed a determinate sentence of 30 days which deemed the punishment criminal, yet the Court afforded no federal constitutional protections. The Court failed to assure that the offense be proved beyond a reasonable doubt, the Court shifted the burden (See transcript in Exhibit A). The *Hicks* Court clearly stated that conduct such as this by the Court, "…would violate the Due Process Clause because it would undercut the State's burden to prove guilt beyond a reasonable doubt." *Id* at 625. In this case, because the Court did not provide a purge clause for the determinate sentence, the relief is clearly criminal.

"Freedom "from bodily restraint" lies "at the core of the liberty protected by the Due Process Clause." *Foucha v. Louisiana*, 504 U.S. 71, 80, 112 S.Ct. 1780, 118 L.Ed.2d 437. In the instant case, Raymond has consistently stated and proved that his only source of income is his SSRB and that he is unable to pay, and thus should not be incarcerated because he is unable to pay and thus unable to purge his contempt, depriving his right to be free from bodily restraint. According to the holding in *Turner*, "Given the importance of the interest at stake, it is obviously important to ensure accurate decisionmaking in respect to the key "ability to pay" question. Moreover, the fact that ability to comply marks a dividing line between civil and criminal contempt, *Hicks*, 485 U.S., at 635, n. 7, 108 S.Ct. 1423, reinforces the need for accuracy. That is because an incorrect decision (wrongly classifying the contempt proceeding as civil) can increase the risk of wrongful incarceration by depriving the defendant of the procedural protections (including counsel) that the Constitution would demand in a criminal proceeding." *Turner v. Rogers*, 564 U.S. 431, 131 S.Ct. 2507, 2518 (2011). Clearly, Raymond's ability to pay should

have been a key question by the Court, yet it was not a factor in the Court's sentencing of Raymond to 30 days.

Counsel for Petitioner questioned both Raymond and Gwendolyn using evidence that no other parties had benefit of seeing before the hearing[17]. This violation resulted in the deprivation of the right to confront and cross-examination afforded by the sixth amendment to Raymond and Gwendolyn. The U.S. Supreme Court, in *Greene v. McElroy*, 360 U.S. 474, 496-497 (1959) held, "…We have formalized these protections in the requirements of confrontation and cross-examination. They have ancient roots. They find expression in the Sixth Amendment….This Court has been zealous to protect these rights from erosion." *Id*.

Because Sarina through the Court violated Raymond and Gwendolyn's Due Process rights, as afforded by the 14th Amendment, removal to the District Court is proper. Under 28 U.S.C. § 1331, this Court has original federal question jurisdiction over this action because the proceeding as characterized by the Court ordered criminal sanctions and lack of federal constitutional protections raise questions of federal laws of the United States. Therefore, this case is properly removable to this Court under 28 U.S.C. §§ 1441 and 1446(b)(3).

## 2.      This Notice of Removal is Timely, Complete and Has Been Properly Served

A.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

B.      In accordance with 28 U.S.C. § 1446(b)(3) and FRCP Rule 6, this Notice of Removal is timely filed within 30 days of Respondent's <u>receipt</u> of an Order of the Court from

---

[17] See Transcript – October 15, 2021, in Exhibit A

which it may first be ascertained that the case is one which has become removable. The Court's attention is called to the operative word "receipt" which would indicate that the time period would effectively commence pursuant to the actual physical possession of the item conferring the removable status. In the instant case, the Court's order though dated October 15, 2021, was not made available until 09:18 A.M. CST on October 22, 2021, see Exhibit B. Further the Court has issued a subsequent order on November 10, 2021 (which was issued November 12, 2021) amending the October 15, 2021, order, see Exhibit B.

C.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Respondents in this action are attached hereto (Exhibits A, B).


WHEREFORE, Respondents Raymond Ervin and Gwendolyn Barlow pray that this action be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: November 15, 2021


By:     s/Raymond N. Ervin
        s/Gwendolyn M. Barlow

Raymond N. Ervin, Pro Se
Gwendolyn M. Barlow, Pro Se
331 Springside Lane
Buffalo Grove, IL 60089
(847) 404-4375
ervinpatentlaw@gmail.com
(847) 204-0416
 barlowervin727@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing NOTICE OF REMOVAL, with exhibits, was e-filed through ECF and electronically served on November 15, 2021, to:

Jonathan Steele
161 North Clark Street, Suite 3000
Chicago, IL  60601
jsteele@beermannlaw.com

*Attorney for Petitioner*