**FILED**
**8/17/2021 4:27 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

| | | |
|---|---|---|
| SARINA ERVIN, | ) | |
|      Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2004 D 1943 |
| | ) | |
| RAYMOND ERVIN, | ) | |
|      Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GWENDOLYN BARLOW, | ) | |
|      Third Party Respondent. | ) | |

### VERIFIED PETITION FOR RULE TO SHOW CAUSE FOR
### ADJUDICATION OF INDIRECT CIVIL CONTEMPT OF COURT

**NOW COMES** the Petitioner, SARINA ERVIN ("Sarina"), by and through her attorneys, BEERMANN LLP, pursuant to the Court's inherent authority to enforce its orders, and Petitions this Honorable Court to issue a Rule to Show Cause against the Third Party Respondent, GWENDOLYN BARLOW ("Gwen"), and to enter an order holding her in Indirect Civil Contempt of Court for her willful failure to comply with the Court Orders entered on June 7, 2019; July 29, 2020; and June 21, 2021. In support of her Petition, Sarina respectfully states as follows:

### COUNT I:
### FAILURE TO ANSWER CITATION ISSUED ON APRIL 13, 2018

1. On or about April 13, 2018, a Citation to Discover Assets was issued to the Third Party Respondent, Gwendolyn Barlow. The return date on the Citation was scheduled for May 9, 2018 at 1:30pm, and documents were due pursuant to the Citation and the attached Rider on or before May 9, 2018. A true and correct copy of the Citation is attached hereto and incorporated herein as **Exhibit "A."**

2. The Citation was served upon Gwen by personal service on April 17, 2018. A true and correct copy of the Affidavit of Service is attached hereto and incorporated herein as **Exhibit "B."**

1

3.      After three (3) years of litigation, Gwen has failed to provide the entirety of the documents requested in the Citation and attached Rider that was issued on April 13, 2018.

4.      On June 21, 2021, this Honorable Court entered an Order stating, in relevant part, "Ms. Barlow shall produce the remaining documents in the rider to Mr. Steele no later than July 9, 2021." A true and correct copy of the Order is attached hereto and incorporated herein as **Exhibit "C."**

5.      To date, Gwen has not provided the remaining documents requested in the Rider to the Citation, issued to her on April 13, 2018. Specifically, Gwen has not produced the documents set forth in the letter sent to her on July 13, 2021, pursuant to Illinois Supreme Court Rule 201(k). A true and correct copy of the letter sent to Gwen is attached hereto and incorporated herein as **Exhibit "D."**

6.      Additionally, on or about February 8, 2021, a Citation to Discover Assets was issued to TCF Bank. TCF Bank answered the Citation on or about March 1, 2021, and listed Gwen as an adverse claimant. A true and correct copy of the Citation to TCF Bank and TCF Bank's Answer are attached hereto and incorporated herein as **Exhibit "E"** and **Exhibit "F"** respectively.

7.      In addition to providing the remaining documents requested in the Rider to the Citation, Gwen should be ordered to provide statements from any TCF account in which she and Raymond are or were listed as having an ownership interest.

8.      Gwen's failure to comply with the June 21, 2021 Court Order is willful, contumacious, and is without compelling cause or justification.

9.      As such, a Rule to Show Cause should issue against Gwen to show cause, if any, as to why she should not be held in Indirect Civil Contempt for her failure to abide by the June 21, 2021 Order, and said Rule should be made returnable *instanter*.

10.     Upon the return of the Rule to Show Cause, this Honorable Court should find Gwen in Indirect Civil Contempt of Court for her failure to abide by the June 21, 2021 Order.

11. This Honorable Court should set the purge on the contempt, by way of, but not limited to, complying with the June 21, 2021 Order by producing the remaining documents not yet produced requested in the Rider.

**WHEREFORE**, the Petitioner, SARINA ERVIN ("Sarina"), respectfully requests that this Honorable Court:

A. Issue a Rule to Show Cause requiring Third Party Respondent, GWENDOLYN BARLOW ("Gwen"), to show cause, if any there be, why she should not be held in Indirect Civil Contempt of Court for her willful failure to comply with the June 21, 2021 Court Order, and that said Rule be issued *instanter* and made returnable for hearing *instanter*;

B. After the appropriate hearing, find Gwen in Indirect Civil Contempt of Court for her willful failure to provide the remaining documents requested in the attached Rider issued on April 13, 2018;

C. Order Gwen to provide documentation pertaining to her status as an adverse claimant on Respondent, Raymond Ervin's account at TCF Bank; and

D. Grant such other and further relief as this Honorable Court deems equitable and just under the facts and circumstances of this case.

**COUNT II:**
**FAILURE TO PAY SANCTIONS ORDERED ON JUNE 7, 2019**

12. Sarina restates and realleges the allegations set forth in Paragraphs one (1) through eleven (11) of Count I as if fully set forth herein as Paragraph one (1) of Count II.

13. On June 7, 2019, this Honorable Court entered an Order stating, in relevant part, "As a condition of this Court's grant of Ms. Barlow's continuance, pursuant to 735 ILCS 5/2-1007, this Court requires as just terms thereof Ms. Barlow to pay unto Sarina's counsel the sum of $937.50 on or before July 1, 2019 (representing 2.5 hours of Mr. Steele's current hourly rate of $375/hr." A true and correct copy of the Order is attached hereto and incorporated herein as **Exhibit "G."**

14.     To date, over two (2) years after the June 7, 2019 Order was entered, Gwen has failed to pay the sum of $937.50 to Beermann LLP.

15.     Gwen's failure to comply with the June 7, 2019 Court Order is willful, contumacious, and is without compelling cause or justification.

16.     As such, a Rule to Show Cause should issue against Gwen to show cause, if any, as to why she should not be held in Indirect Civil Contempt for her failure to abide by the June 7, 2019 Order, and said Rule should be made returnable *instanter*.

17.     Upon the return of the Rule to Show Cause, this Honorable Court should find Gwen in Indirect Civil Contempt of Court for her failure to abide by the June 7, 2019 Order.

18.     This Honorable Court should set the purge on the contempt, by way of, but not limited to, complying with the June 7, 2019 Order by paying the sum of $937.50 to Beermann LLP.

**WHEREFORE**, the Petitioner, SARINA ERVIN ("Sarina"), respectfully requests that this Honorable Court:

A.      Issue a Rule to Show Cause requiring Third Party Respondent, GWENDOLYN BARLOW ("Gwen"), to show cause, if any there be, why she should not be held in Indirect Civil Contempt of Court for her willful failure to comply with the June 7, 2019 Court Order, and that said Rule be issued *instanter* and made returnable for hearing *instanter*;

B.      After the appropriate hearing, find Gwen in Indirect Civil Contempt of Court for her willful failure to pay the sum of $937.50 due to Beermann LLP; and

C.      Grant such other and further relief as this Honorable Court deems equitable and just under the facts and circumstances of this case.

## COUNT III:
## FAILURE TO PAY SANCTIONS ORDERED ON JULY 29, 2020

19.     Sarina restates and realleges the allegations set forth in Paragraphs one (1) through eleven (11) of Count I and Paragraphs one (1) through eighteen (18) of Count II as if fully set forth herein as Paragraph one (1) of Count III.

20.     On July 29, 2020, this Honorable Court entered an Order stating, in relevant part, "Sarina Ervin's request for Supreme Court Rule 137 sanctions is granted. Gwendolyn Barlow shall pay the sum of $3,596.25 to Beermann LLP within 14 days." A true and correct copy of the Order is attached hereto and incorporated herein as **Exhibit "H."**

21.     Pursuant to the July 29, 2020 Order, Gwen's payment of the sum of $3,596.25 was due to Beermann LLP within fourteen (14) days, by August 12, 2020.

21.     To date, over one (1) year after the July 29, 2020 Order was entered, Gwen has failed to pay the sum of $3,596.25 to Beermann LLP.

22.     Gwen's failure to comply with the July 29, 2020 Court Order is willful, contumacious, and is without compelling cause or justification.

23.     As such, a Rule to Show Cause should issue against Gwen to show cause, if any, as to why she should not be held in Indirect Civil Contempt for her failure to abide by the July 29, 2020 Order, and said Rule should be made returnable *instanter*.

24.     Upon the return of the Rule to Show Cause, this Honorable Court should find Gwen in Indirect Civil Contempt of Court for her failure to abide by the July 29, 2020 Order.

25.     This Honorable Court should set the purge on the contempt, by way of, but not limited to, complying with the July 29, 2020 Order by paying the sum of $3,596.25 to Beermann LLP.

**WHEREFORE**, the Petitioner, SARINA ERVIN ("Sarina"), respectfully requests that this Honorable Court:

A.     Issue a Rule to Show Cause requiring Third Party Respondent, GWENDOLYN BARLOW ("Gwen"), to show cause, if any there be, why she should not be held in Indirect Civil Contempt of Court for her willful failure to comply with the July 29, 2020 Court Order, and that said Rule be issued *instanter* and made returnable for hearing *instanter*;

B.     After the appropriate hearing, find Gwen in Indirect Civil Contempt of Court for her willful failure to pay the sum of $3,596.25 due to Beermann LLP; and

C.     Grant such other and further relief as this Honorable Court deems equitable and just under the facts and circumstances of this case.

Respectfully submitted,

**BEERMANN LLP**

By: _____
Attorney for Petitioner

Jonathan D. Steele (jsteele@beermannlaw.com)
**BEERMANN LLP**
*Attorneys for Petitioner*, Sarina Ervin
161 N. Clark, Suite 3000
Chicago, Illinois 60601
Tel:  (312) 621-9700
Attorney No. 80095

STATE OF ILLINOIS )
                          ) SS.
COUNTY OF COOK        )

## VERIFICATION BY CERTIFICATION

     Under penalties as provided by law pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and, as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

                                                 JONATHAN D. STEELE

DATED: _____

Jonathan D. Steele (jsteele@beermannlaw.com)
**BEERMANN LLP**
*Attorneys for Petitioner*, Sarina Ervin
161 N. Clark, Suite 3000
Chicago, Illinois 60601
Tel: (312) 621-9700
Attorney No. 80095

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

SARINA ERVIN,             )
     Petitioner,       )
                    )
     vs.             )     Case No. 04 D 1943
                    )
RAYMOND ERVIN,      )
     Respondent.     )
     And           )
Gwendolyn M. Barlow,   )
     Third Party Respondent )

### CITATION TO DISCOVER ASSETS TO A THIRD PARTY

To: Ms. Gwendolyn M. Barlow, 331 Springside Lane, Buffalo Grove, Illinois 60089

YOU ARE REQUIRED to appear and/or file your answer to this Citation on the form enclosed herewith (or other appropriate answer) on May 9, 2018 at 1:30 pm in Courtroom C-307 of the Circuit Court of Lake County, 18 N. County Street, Waukegan, Illinois 60085.

A judgment against Raymond Ervin (judgment debtor) was entered on July 5, 2000 (signed on August 31, 2000) and filed on June 22, 2007 but dated/signed on June 21, 2007, a copy of the Judgement and Enrolling Order is attached, and $595,163.14 (excluding interest) remains unsatisfied.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due the judgment debtor until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the balance due. If requested, you must produce documents and/or records containing information concerning the property or income of the Judgement Debtor.

**WARNING: IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**
**NOTE: Your written answer is sufficient for your appearance unless you received a further order to personally appear in court.**

### CERTIFICATE OF ATTORNEY OR JUDGMENT DEBTOR

Judgment Amount: $5,418.00 (CA) per month     Balance due: $595,163.14
Date of Judgment/Revival: July 5, 2000 (signed on August 31, 2000) and filed on June 22, 2007 but dated/signed on June 21, 2007 in Lake County.
Name of Court Entering Judgment: Canada, Ontario Superior Court; registered in Lake County.

**The undersigned certifies, under penalties provided by law pursuant to 735 ILCS 5/1-109, that the information contained herein is true and correct.**

4/13/2018

Beermann Pritikin Mirabelli Swerdlove, LLP    WITNESS:
161 N. Clark Street, Suite 2600
Chicago, IL 60601
P: (312) 621-9600             CLERK OF COURT      DF
jsteele@beermannlaw.com
ARDC: 6320477

EXHIBIT
A

## RIDER TO CITATION TO DISCOVER ASSETS

To:     Gwendolyn M. Barlow
        331 Springside Lane
        Buffalo Grove, IL 60089

You are commanded to produce and bring for examination copies of all books and records relating to your income or assets, including but not limited to the following:

1.  Any and all information regarding all bank, money or other financial accounts, including but not limited to, bank statements and check ledgers, savings statements, brokerage statements, IRA/401k/503(b) and SIMPLE statements to which you have an equitable or legal interest in which is held jointly with Raymond Ervin and yourself and/or formerly held by Raymond individually or with another person or entity and transferred into your name individually or with another person or entity. For all such information, provide the name of the accounts, account numbers, amount of money currently held in each account and monthly statements for each said account for the past ten (10) years.

2.  A complete list of all Safe Deposit Boxes and their contents, to which you have an equitable or legal interest in, which is held jointly by Raymond Ervin and yourself and/or formerly held by Raymond individually or with another person or entity and transferred into your name individually or with another person or entity for the past ten (10) years.

3.  Copies of all Trust or Trustee's Deed, Warranty Deeds, Quit Claim Deeds or any other deeds for any real property bought, sole, quit claimed or otherwise conveyed by you jointly with Raymond Ervin and/or formerly held by Raymond individually or with another person or entity and transferred to you individually or with another person or entity, or which you have or had an equitable or legal interest in, for the past ten years.

4.  All information regarding an and all real property held, bought, sold, transferred, executed leased, deeded or otherwise acquired, lost or otherwise maintained by you jointly with Raymond Ervin and/or formally held by Raymond individually or with another person or entity and transferred to you individually or with another person or entity, or to which you have or had an equitable or legal interest in, for the past ten (10) years.

5.  All information regarding any property or assets other than real property, including without limitation inventory, that has been held, bought, sold, transferred, executed lease, deeded or otherwise acquired, lost or otherwise maintained by you jointly with Raymond Ervin and/or formerly held by Raymond individually or with another person or entity and transferred to you individually or with another person or entity, or to which you have or had an equitable or legal interest in, for the past ten (10) years, including a list of all persons or entities to which such property has been so disposed.

6. Copies of all state and local joint tax returns for the preceding ten (10) years and copies of any and all tax refund checks received jointly by Raymond Ervin and yourself.

7. Any and all information regarding stocks, funds, bonds, securities and/or other investments or other assets held, gained, sold or lost jointly by Raymond Ervin and yourself and/or formerly held by Raymond individually or with another person or entity and transferred to you individually or with another person or entity, or to which you have an equitable or legal interest, for the past ten (10) years.

8. Any and all information regarding any and all loan documents related to you jointly with Raymond Ervin and/or formerly held by Raymond individually or with another person or entity and transferred to you individually or with another person or entity, or to which you have an equitable or legal interest in, including any and all documents related to receipts or disbursements of money related to such loan for the past ten (10) years.

9. A list of all physical assets (i.e. computers, inventory, machinery, tools, jewelry, etc.) not in the nature of real estate, regardless of their present location, to which you jointly own with Raymond Ervin and/or formerly held by Raymond individually or with another person or entity and transferred to you individually or with another person or entity, or have an equitable or legal interest in.

10. Copies of all of credit card statements for any accounts held jointly with Raymond Ervin and yourself and/or formerly held by Raymond individually or with another person or entity and transferred to you individually or with another person or entity for the past ten (10) years.

11. Copies of all insurance (excluding health and disability), including specifically all life, homeowner, auto, owners/landlord-tenants and business coverage policies.

12. A completed copy of the attached Third Party Respondent Answer to Citation Proceedings.

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

Case No. 04 D 1943 _____

Hearing Date May 9, 2018 _____

### THIRD PARTY RESPONDENT ANSWER TO CITATION PROCEEDINGS

_____, certifies under penalty of perjury that with regard to the property of the judgment
      (Citation Respondent)
debtor, the Citation Respondent files the following answers to this Citation to Discover Assets and is in possession of the
following property of the judgment debtor.

Circle one or more of the following and indicate the amount held:

A)      Savings Account (Amount withheld) $ _____

B)      Checking and/or Now Account (Amount withheld) $ _____

C)      Certificate of Deposit (Amount held) $ _____

D)      Money Market Account (Amount held) $ _____

E)      Trust Account (Amount held) $ _____

F)      Safety Deposit Box $ _____

G)      No Accounts _____

H)      Adverse Claimant: Name _____Address _____

I)      Wages, Salary or Commissions _____

J)      Other Personal Property (Describe) _____

Attach a sheet for any additional information required by the Citation

                                                                Sub-Total _____

Less right of offset for other loans _____

Less deduction for fees limited by
205 ILCS 5/48.1                    _____        Total _____

According to the business records kept by the Citation Respondent, we show the above information to be correct.

                                        _____
                                                Agent for Citation Respondent

Respondent/Agent:

                                        _____
                                                        Date

Agent Name _____

Business Name _____

Address _____

_____

Phone _____

Fax _____

NOTE: A copy of this Answer should be mailed to the Court, Attorney for Plaintiff or Judgment Creditor and the Defendant

171-131  Rev. 10/13



**ONTARIO SUPERIOR COURT OF JUSTICE**
**FAMILY COURT**

SUPERIOR COURT
OF JUSTICE AT OTTAWA
AUG 30 2000
DÉPOSÉ À LA COUR
SUPERIEURE DE JUSTICE À OTTAWA

Court File Number
57492/98
Form 25: Order
(General)
☐ Final

at 161 Elgin Street, Ottawa, ON

| Applicant(s) | Lawyer |
|---|---|
| Sarina Ervin<br>34 Hammill Court<br>Nepean, ON | Robie S. Loomer<br>157 McLeod Street<br>Ottawa, ON<br>K2P 0Z6<br>tel - 567-8223 fax 567-8312<br>Box 206 |

Justice Jennifer Mackinnon

_____

Judge

| Respondent(s) | Lawyer |
|---|---|
| Raymond Ervin<br>331 Springfield Lane<br>Buffalo Grove, Illinois<br>USA 60061 | |

July 5, 2000

_____

date of order

The court heard an application made by Sarina Ervin

The following persons were in court: Sarina Ervin and Robie S. Loomer

The court received evidence from Sarina Ervin and heard submissions on behalf of her

## THIS COURT ORDERS THAT:

Custody
1. The Applicant, Sarina Ervin, shall have sole custody of the children of the marriage, namely:

   Raymond Ervin, born November 20, 1991
   Yakira Ervin, born November 20, 1991
   Nasia Ervin, born July 5, 1995

Access
2. All access by the Respondent, Raymond Ervin, shall take place in the city where the Applicant, Sarina Ervin, resides,, at times and places chosen by Sarina Ervin and shall be supervised and shall be supervised at the expense of the Respondent, Raymond Ervin.

3. The Respondent, Raymond Ervin, is prohibited from removing the children from the municipality in which the Applicant, Sarina Ervin resides.

Restraining Order
4. The Respondent , Raymond Ervin, is prohibited from attending within 300 metres of the residence or place of work of the Applicant, Sarina Ervin, or the schools, daycares or

2

caregivers of the children.

**Police Enforcement**
5.    The police forces having jurisdiction shall enforce the terms of this order.

**Passport**
6.    The Applicant, Sarina Ervin, shall have the right to obtain a passport in the names of the children or to include the children on her passport without the consent of the Respondent. The Respondent is prohibited from obtaining any passports documents in the names of the children.

**Child Support**
7.    Income is imputed to the Respondent of $384,000 per annum. The Respondent, Raymond Ervin, shall pay child support to the Applicant, Sarina Ervin, for the children Raymond Ervin, born November 20, 1991, Yakira Ervin, born November 20, 1991, and Nasia Ervin, born July 5, 1995, payable from January 1, 2000 in the amount of $5,418.00 per month, in accordance with the Tables of the Guidelines.

8.    In addition, the Respondent shall pay his percentage share of camps and education costs of the children, currently being 100% of those costs, upon production of proof of these expenditures by the Applicant. Currently these costs are estimated at $2,000.00 per annum for camps and $3,000.00 for educational expenses.

9.    Amounts of child support paid to the Applicant, Sarina Ervin, by the Raymond Nathaniel Ervin Childcare Trust shall be credited against the Respondent's obligation to pay child support.

**Spousal Support**
10.    The Respondent, Raymond Ervin, shall pay the Applicant, Sarina Ervin, lump sum spousal support in the amount of $200,000.00. The interim spousal support award is terminated as of June 30, 2000.

**FRO Enforcement**
11.    Unless the support order is withdrawn from the office of the Director of the Family Responsibility Office, it shall be enforced by the Director, and amounts owing under the support order shall be paid to the Director, who shall pay them to the person to whom they are owed

**Life Insurance**
12.    The Respondent shall designate each child as irrevocable beneficiary of $250,000.00 of life insurance insuring the Respondent's life in the form of a policy with Penn Mutual, and the proceeds of that policy or any replacement policy are impressed with a trust in that amount for each child. If this policy (Penn Mutual) no longer exists or is cancelled then the Respondent shall obtain replacement insurance and this provision applies to any such other policy.

13.    The Respondent shall designate the Applicant, Sarina Ervin, as irrevocable beneficiary of $200,000.00 of life insurance insuring his life, in the form of a policy with ROA Life, the proceeds of that policy to the extent of $200,000 are impressed with a trust for the benefit of the Applicant. If this policy () no longer exists or is cancelled then the

3

Respondent shall obtain replacement insurance and this provision applies to any such other policy. When the lump sum of $200,000.00 has been paid to the Applicant, she shall release this insurance provision.

Equalization of Net Family Properties
14.  The Respondent, Raymond Ervin, shall pay the Applicant, Sarina Ervin, $310,160.63 as equalization plus pre-judgement interest to equalize their net family properties.

Costs
15.  The Respondent, Raymond Ervin, shall immediately pay the Applicant, Sarina Ervin, costs as fixed in the amount of $15,000 including disbursement and GST. This is in addition to amounts already awarded by this court.

Interest
16.  This order bears post-judgement interest at the rate of _7_% per annum.

_August 31, 2000._
date of signature

_A. Bergau_
signature of judge or clerk of the court

Jul 09 07 03:11p    WOLF & TENNANT         (312) 799-0999          p.2

STATE OF ILLINOIS)

COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

IN RE: THE MARRIAGE OF

SARINA ERVIN

And

RAYMOND ERVIN



04 D 1943

ORDER

    This cause coming on for hearing on the Respondent's challenge to the validity or enforcement of the July 5th, 2000 order of the Ontario Superior Court of Justice-Family Court in case number 57492/98 (hereinafter referred to as "the Order," Both parties being present and represented by counsel, the court having heard the testimony of the sworn witnesses, reviewed the exhibits admitted into evidence, heard the arguments of counsel and being otherwise fully advised in the premises

Finds:

1. That this court has jurisdiction of the parties hereto and the subject matter hereof.
2. That the parties hereto were divorced pursuant to a Divorce Judgment entered the 12th day of August, 1999 in Superior Court of Justice in case number 57492/98 in Ottawa, Canada (hereinafter called the Canadian court or Canadian case).
3. That at the time of the entry of the Divorce Judgment the Canadian Court had subject matter jurisdiction and personal jurisdiction of the parties.
4. That on November 2nd, 1998 an order was entered by the Canadian Court dealing with "interim custody and other relief.

1

Jul 09 07 03:12p    WOLF & TENNANT    (312) 739-0399    p.3

5. That paragraph 3 of that interim order provided for interim child support of $1,613.00 Canadian (herein after denoted "C") based on income of $100,000.00 C which income was from respondent's disability insurance benefits.

6. That Raymond Ervin was represented by an attorney until January 19th 2000 when, by court order of that date, at paragraph 1 his counsel was, at counsel's request, "removed from the record, as the Respondent has not given instructions to his lawyer and is not present."

7. That the same order provided in paragraph 2 that "Respondent's pleading's are struck."

8. That the Respondent did not file an appearance or retain an attorney to represent him in the Canadian case since his attorney was discharged on January 19th 2000.

9. That paragraph 3 of the order of January 19th 2000 provided that "the matter is set down for summary judgment pursuant to Rule 16 of the Family Law Rules to a date to be set by the trial co-ordinator.

10. That at the hearing in the Canadian Court on July 5th, 2000 Sarina Ervin testified, inter alia:

    A. That in 1996 and 1997 Mr. Ervin had income over and above his disability income of $120,000.00 US per year. (p. 5&6)

    B. That she left Mr. Ervin on June 19th, 1998. (p. 6)

    C. That at the time of the separation Mr. Ervin was only making the disability insurance income. (p. 7)

    D. That Mr. Ervin had injured both arms at different times and was contesting a claim for disability with Social Security in the U.S. (p. 13&14)

    E. That at the time of the hearing Mr. Ervin was doing volunteer work for a minister for his wife's church, was not receiving any income from employment and was able to work. (p. 8)

        References are to July 5th, 2000 transcript page numbers.

11. That the Order entered on July 5th, 2000 imputed income to the Respondent of $384,000.00 C and set child support at $5,418.00 C per month.

12. That paragraph 11 of the Order states "Unless the support order is withdrawn from the office of the Director of the Family Responsibility Office, it shall be enforced by the Director, and amounts owing under the support order shall be paid to the Director, who shall pay them to the person to whom they are owed."

2

13. That at the hearing in the instant case held on May 2nd, 2007, at page 27 of the transcript, Sarina Ervin testified that the $120,000.00 annual income she attributed to Mr. Ervin for the years 1996 and 1997 were per diem payments.

The Respondent challenges the registration of the Order on three grounds. First, that the procedure followed by the Canadian Court violated the Respondent's due process rights; Second, that the Order was obtained by fraud and Third, that Sarina Ervin is not the proper party to pursue registration of the Order.

Due Process:

The Respondent claims that since he did not receive notice of the hearing of July 5th 2000 the court should decline to enforce the Canadian Order. This argument fails for a number of reasons. First, there is a presumption of validity to court orders and it is the burden of the party objecting to the court order to over come that presumption. In *Wright V. Autohaus Fortense Inc.* 129 Ill. App. 3d 422 the court said, "The amount of evidence required to rebut the presumption is not determined by any fixed rule, but it must be sufficient to support a finding of the nonexistence of the presumed fact." The unsupported testimony of the Respondent that he did not receive notice does not overcome the presumption of validity of the order.

Second the Respondent did not show that there was any irregularity in the Canadian Court's procedure when, in the order of January 19th 2000, the Canadian Court set the matter " pursuant to Rule 16 of the Family Law Rules to a date to be set by the trial co-ordinator." Nothing that has been presented to the court indicates that that procedure was not, in fact, followed.

Third, the Respondent's argument that Sarina Ervin was asking for additional relief also fails because the prior relief granted in the order of November 2nd, 1998 was "interim" in nature and there is nothing to indicate that any party had a valid reason to assume that it was anything but interim. Also there is evidence that the parties were involved in financial discovery just before Respondent's attorney was discharged which leads the court to conclude that the

3

parties knew or should have known that a final order had yet to be reached.

## Fraud:

The Respondent claims that the Order was the result of fraud perpetrated by Sarina Ervin when she testified at the hearing on July 5th, 2000. Her statement that the respondent was able to work at the time of hearing is of no great moment. It was the opinion of Sarina Ervin to which the Canadian Court decided to give great weight. Her testimony regarding the income of $120,000.00 per year in 1996 and 1997 was based upon her belief that Per Diem payments are income. This misconception might have been easily rectified through cross examination. The Respondent chose not to avail himself of "the greatest legal engine ever invented for the discovery of truth" by ignoring the Canadian proceeding. Sarina Ervin, in fact, testified that Respondent had no earned income at the time of the hearing and had no income other than his disability income since 1997, three years prior to the hearing. The significant increase in child support resulted from the Canadian Court imputing income to Respondent when he chose not to be present and testify on his own behalf.

## No Standing:

The Respondent maintains that because the Order contains paragraph 11 which states "Unless the support order is withdrawn from the office of the Director of the Family Responsibility Office, it shall be enforced by the Director, and amounts owing under the support order shall be paid to the Director, who shall pay them to the person to whom they are owed" Sarina Ervin is not entitled to register the Order. First, this Court reads paragraph 11 as authority for the Director to take action to collect child support, not a prohibition denying Sarina Ervin the right to collect the child support. Again it is the burden of the Respondent to go forward with his theory. There was no presentation of any Canadian Law to convince the Court that paragraph 11 precluded Sarina Ervin from pursuing registration of the Order.

Wherefore it is hereby ORDERED as follows:

4

A. That the Respondent's challenge to the validity or enforcement of the July 5th, 2000 order of the Ontario Superior Court of Justice Family Court in case number 57492/98 is overruled and the registration of said Order is upheld.

Dated at Waukegan this
21st day of June, 2007

ENTER:

DONALD R. GEIGER
JUDGE

5

**FILED**
**4/24/2018 11:47 AM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

## AFFIDAVIT OF SERVICE

**Caption:** Sarina Ervin vs Raymond Ervin          **Case#** 04D1943

I, M. Serritella, am an agent of The Tactical Solutions Group, Inc, which operates under authority of State of Illinois Private Detective license number 117-001188, and state:

**TS**
**TACTICAL SOLUTIONS**

Private Detectives
&
Consultants

(312) 501-4500

www.tacticalsolutions.info

980 N. Michigan Ave
One Magnificent Mile
Suite 1400
Chicago, IL 60611

Detective Agency License
117-001188

**That I made service of a:**
___ Summons & Complaint
___ Subpoena
___ Notice of Hearing/Motion
___ Rule to show cause
X  Citation to Discover Assets
___ Forcible Entry and Detainer
___ Other:_____

**Date and Time of Service:**
April 17, 20 18   6:58   a.m /p.m.

**Location/Address of Service:**
331 Springside Ln
Buffalo Grove, IL  60089

**That I personally served the above on:**

Gwendolyn Barlow

**Approximate Physical Description:**
Ht  5'7          Wt  230
Race:  Black      Age:  60
Male: _____  Female:  X

**That I made the following type of service:**

X  Personal service on the defendant, witness or named party.

___ Alternate service by handing copies of the above-described documents to the defendant's usual place of abode with a person of the family, or a person residing there, of the age of 13 years or older, and informing that person of the contents thereof, and by mailing a copy of the summons in a sealed envelope with postage fully pre-paid, addressed to the defendant at his or her usual place of abode.

___ Service of a corporate defendant by leaving the above-described documents with the registered agent, officer or agent of the corporation.

___ Despite diligent investigation, person not found.

**Notes:** _____
_____
_____
_____
_____
_____
_____

I declare under penalty of perjury that the foregoing is true and correct.

_____
M. Serritella

**EXHIBIT**
**B**
tabbies'

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

F I L E D

SARINA ERVIN,

          Plaintiff,   )

                       )

      vs.           )    Case No. 04 D 1943

                       )

RAYMOND ERVIN,

          Defendant.  )

JUN 21 2021

*Erin Cartwright Weinstein*
CIRCUIT CLERK

### ORDER

This matter coming on to be heard upon return of the citations to discover assets served upon Gwendolyn Barlow and the Social Security Administration; hearing on Mr. Ervin's Motion to Dismiss Petitioner's Citation and Memorandum of Law in Support of Request for Turnover from Social Security Administration filed on April 20, 2021, Mr. Ervin's Motion to Dismiss Petitioner's Citations and Vacate all Court Orders or in the Alternate Stay All Proceedings Instanter filed April 19, 2021, Mr. Ervin's Motion to Reconsider filed May 13, 2021, Mr. Ervin's Motion for Leave to Respond to the Affidavit of Attorney's Fees; Ms. Barlow's Motion for a Protection Order filed April 13, 2021, hearing on Mr. Steele's Affidavit of Attorney's Fees relating to the Motion to Continue of Mr. Ervin; Mr. Steele's Motion for Leave to File Affidavit of Attorney's Fees filed May 28, 2021, Mr. Ervin's Response to Petitioner's Motion for Leave to File Affidavit of Attorney's Fees, and Mr. Ervin's Motion for Leave to File a Response to Affidavit of Attorney's Fees; Ms. Barlow's oral motion to seal documents attached to her Motion to Dismiss filed July 1, 2019; Mr. Steele and Mr. Mirabelli present in person on behalf of Plaintiff; Gwendolyn Barlow appearing in person; Raymond Ervin present in person and appearing Pro Se; a Court Reporter present; the Court holding several hearings and hearing argument of the parties and testimony from Ms. Barlow; Ms. Barlow providing an Answer to the Citation in open Court; Mr. Steele making an Oral Motion to Exclude witnesses after the hearing began; Mr. Steele making an oral Motion to Strike Exhibit 3 to Mr. Ervin's Motion to Dismiss filed April 19, 2021; the Court being fully advised;

**IT IS HEREBY ORDERED**:

1.    For the reasons stated on the record, Mr. Steele's Motion to Exclude Witnesses is denied.

2.    For the reasons stated on the record, Mr. Steele's Motion to Strike Exhibit 3 of the Motion to Dismiss filed April 19, 2021, is granted.

3.    For the reasons stated on the record, Mr. Ervin's Motion for Leave to Respond to the Affidavit of Attorney's Fees filed June 17, 2021, is denied.

4.    For the reasons stated on the record, Ms. Ervin's Motion for Leave to File Affidavit is granted. Ms. Ervin's attorney shall file the Affidavit of Attorney's Fees instanter.

5.    For the reasons stated on the record, the Court is granting Sarina Ervin's attorney's fees totaling $1,200.00 relating to the Motion to Continue. Said $1,200.00 shall be paid by Raymond Ervin to Beerman LLP within 14 days.

6.    For the reasons stated on the record, Mr. Ervin's Motion to Reconsider filed May 13, 2021, is denied.

**EXHIBIT C**

7.  For the reasons stated on the record, Mr. Ervin's Motion to Dismiss Petitioner's Citation and Vacate All Orders or in the Alternate Stay all proceedings instanter filed April 19, 2021, is denied.

8.  For the reasons stated on the record, Ms. Barlow's Motion for Protective Order filed April 13, 2021, is denied.

9.  For the reasons stated on the record, Mr. Ervin's Motion to Dismiss Petitioner's Citation and Memorandum of Law in Support of Request of Turnover from Social Security Administration filed April 20, 2021, is denied.

10. For the reasons stated on the record, Ms. Ervin's request for a garnishment from Mr. Ervin's social security is granted and 65% of Mr. Ervin's disposable earnings per check shall be garnished by separate Order. Mr. Steele shall prepare the garnishment order and email it to the Court and carbon copy Mr. Ervin no later than Monday, June 21, 2021, at 3:00 p.m..  Mr. Ervin shall respond to said garnishment Order with any objections or proposed modifications no later than Tuesday, June 22, 2021 at 9:00 a.m.. The Court will then review the Order and it shall be entered on June 22, 2021.

11. Ms. Barlow's Oral Motion to seal documents is granted and the Clerk shall seal the attachments to Ms. Barlow's Motion to Dismiss filed on July 1, 2019.

12. Mr. Ervin shall provide a written answer to the citation issued to him on July 7, 2017 to Mr. Steele no later than July 9, 2021.

13. Ms. Barlow shall produce the remaining documents in the rider to Mr. Steele no later than July 9, 2021.

14. This matter is continued for an in-person citation examination of both Raymond Ervin and Gwendolyn Barlow on July 30, 2021, at 2:00 p.m. in C-403.

ENTERED:

_____

Judge                                    No.

This 21st day of June, 2021.



July 13, 2021

**_Via Electronic Mail: barlowervin727@gmail.com_**
Ms. Gwendolyn M. Barlow
PO Box 5829
Buffalo Grove, Illinois 60089

      Re: IRMO Ervin (Case No. 2004 D 1943)

Dear Ms. Barlow:

      After reviewing the documents you provided pursuant to our Citation to Discover Assets to a Third Party issued on April 17, 2018, we are hereby requesting you provide the following:

1. State of Illinois Tax Returns for the years: 2017 to 2020.

2. USAA Checking Acct. #0333 statements for the period: 1/1/2008 to 12/31/2013 and 4/1/2021 to present.

3. USAA Checking Acct. #0461 statements for the period: 1/1/2008 to 12/31/2013 and 2/1/2021 to present; and individual statements dated: 3/14/2016, 4/13/2017, 11/14/2017 and 12/15/2019.

4. USAA Savings Acct. #0325 statements for the period: 1/1/2008 to 12/31/2014; and individual statements dated 3/31/2019, 3/31/2021 and 6/30/2021.

5. If the bank statements for the period: 1/1/2008 to 12/31/2013 are not available, please provide a certified letter from your bank indicating the same, which you were previously ordered to provide pursuant to the April 2, 2019 Court Order.

6. Request #9 to our Citation Rider requested documents relating to any physical assets owned jointly with Raymond Ervin. You responded that no such assets existed. When reviewing your joint bank statements, we noticed payments were made to two different Honda Financial Accounts. If the cars associated with these accounts are in fact jointly owned, please provide any and all documents relating to the ownership of said vehicles.

WWW.BEERMANNLAW.COM

161 NORTH CLARK STREET • SUITE 3000 • CHICAGO, ILLINOIS 60601 • TELEPHONE (312) 6
2275 HALF DAY ROAD • SUITE 350 • BANNOCKBURN, ILLINOIS 60015 • TELEPHONE (847) 6



EXHIBIT
D

7. Request #10 to our Citation Rider requested documents for any credit card accounts owned jointly with Raymond Ervin. You responded that no such accounts existed. When reviewing your joint bank account statements, we noticed various credit cards are paid monthly from these accounts. The credit cards paid from the joint accounts are as follows: Bank of America, Citi Bank, Capital One, Kohls and USAA. Please indicate if any of these accounts are joint and if they are joint, please provide statements for the period: 1/1/2008 to present.

8. Request #11 to our Citation Rider requested copies of all insurance policies including all life policies which you own jointly with Raymond Ervin. You responded that no such policies existed. When reviewing your joint bank statements, we noticed payments were made to Nationwide Life and Annuity Company. If this policy is owned jointly and/or for the benefit of Raymond Ervin, please provide policy statements for the period: 1/1/2008 to present.

9. An Affidavit, pursuant to Supreme Court Rule 214, stating that the production is complete in accordance with the request.

Please provide our office with the requested documents within seven (7) days to avoid litigation with this court.

This correspondence is written pursuant to Illinois Supreme Court Rule 201(k). I am available to personally consult on this issue at your earliest convenience.

If you have any questions or comments, please do not hesitate to contact me.

Very truly yours,

Jonathan D. Steele

JDS/sab

CC:    Sarina Ervin



WWW.BEERMANNLAW.COM
161 NORTH CLARK STREET • SUITE 3000 • CHICAGO, ILLINOIS 60601 • TELEPHONE (312) 621-9700 • FAX (312) 621-0909
2275 HALF DAY ROAD • SUITE 350 • BANNOCKBURN, ILLINOIS 60015 • TELEPHONE (847) 681-9600 • FAX (847) 681-0909

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

**FILED**
**2/8/2021 4:25 PM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

SARINA ERVIN )
_____ )
Judgment Creditor, )
vs. )
)
)
RAYMOND ERVIN )
_____ )    Gen No. 04 D 1943
Judgment Debtor. )

**19th Judicial Circuit – 18 N County Street, Waukegan, IL 60085**

**CITATION NOTICE**

**Judgment Debtor's last known:**

Name: Raymond Ervin

Address: 331 Springside Lane

City, State, Zip: Buffalo Grove, IL 60089

Judgment in the amount of $ 595,163.14 (excludes interest)

Name of the person receiving Citation: TCF Bank

Next Court Date: March 9 , 20 21 at 9:00 ☑ AM ☐ PM Courtroom: C-306

**Judgment Creditor's Attorney/Judgment Creditor**

Name: Beermann LLP

Address: 161 N. Clark Street, Suite 3000

City, State, Zip Chicago, IL 60601

NOTICE: The court has issued a citation against the person named above. The citation directs that person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the Judgment debtor or in which the Judgment debtor has an interest. The citation was issued on the basis of a judgment against judgment debtor in favor of the judgment creditor in the amount stated above. On or after the court date shown above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME AND ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1)    Under the Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veteran's benefits; circuit breakers property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle; and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2)    Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3)    Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceeds the total of 45 times the federal minimum hourly wage.

(4)    Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5)    Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

**THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at the office of the Clerk of the Circuit Court, 18 N. County Street, Waukegan, Illinois, 60085. When so notified the Clerk of the Circuit Court will provide a hearing date and the necessary forms that must be prepared by judgment debtor or the attorney for the judgment debtor** ~~judgment creditor's attorney regarding the time and location of the hearing. This Notice~~ **first class mail.**

**EXHIBIT**
**E**

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS**

| | |
|---|---|
| SARINA ERVIN, | ) |
| Petitioner, | ) |
| | ) |
| vs. | )     Case No. 04 D 1943 |
| | ) |
| RAYMOND ERVIN, | ) |
| Respondent. | ) |
| And | ) |
| TCF Bank, | ) |
| Third Party Respondent | ) |

## CITATION TO DISCOVER ASSETS TO A THIRD PARTY

To:    **Via Electronic Mail**
      TCF Bank
      Attn: Central Document Processing
      centraldocprocessing@tcfbank.com

      YOU ARE REQUIRED to appear and/or file your answer to this Citation on the form enclosed herewith (or other appropriate answer) on March 9, 2021 at 9:00 am in Courtroom C-306 of the Circuit Court of Lake County, 18 N. County Street, Waukegan, Illinois 60085 via Zoom.

A judgment against Raymond Ervin (judgment debtor) was entered on July 5, 2000 (signed on August 31, 2000) and filed on June 22, 2007 but dated/signed on June 21, 2007, a copy of the Judgment and Enrolling Order is attached, and $595,163.14 (excluding interest) remains unsatisfied.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due the judgment debtor until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the balance due. If requested, you must produce documents and/or records containing information concerning the property or income of the Judgement Debtor.

**WARNING: IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

**NOTE: Your written answer is sufficient for your appearance unless you received a further order to personally appear in court.**

## CERTIFICATE OF ATTORNEY OR JUDGMENT DEBTOR

Judgment Amount: $5,418.00 (CA) per month          Balance due: $595,163.14 (excluding interest)
Date of Judgment/Revival: July 5, 2000 (signed on August 31, 2000) and filed on June 22, 2007 but
dated/signed on June 21, 2007 in Lake County.
Name of Court Entering Judgment: Canada, Ontario Superior Court; registered in Lake County.

**The undersigned certifies, under penalties provided by law pursuant to 735 ILCS 5/1-109, that the
information contained herein is true and correct.**

**Attorney for Petitioner**

2/8/2021

WITNESS:

**CLERK OF COURT**          KS

Beermann, LLP
161 N. Clark Street, Suite 3000
Chicago, IL 60601
P: (312) 621-9600
jsteele@beermannlaw.com
ARDC: 6308171

2

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS**

Case No. 2004 D 1943

Hearing Date:  March 9, 2021 at 9:00 a.m.

**THIRD PARTY RESPONDENT ANSWER TO CITATION PROCEEDINGS**

TCF Bank, certifies under penalty of perjury that with regard to the property of the judgment, debtor, the Citation Respondent files the following answers to this Citation to Discover Assets and is in possession of the following property of the judgment debtor.

Circle one or more of the following and indicate the amount held:

A) Savings Account (Amount withheld) $

_____

B) Checking and/or Now Account (Amount withheld) $

_____

C) Certificate of Deposit (Amount held) $

_____

D) Money Market Account (Amount held) $

_____

E) Trust Account (Amount held) $

_____

F) Safety Deposit Box $

_____

G) No Accounts

_____

H) Adverse Claimant: Name _____Address

_____

I) Wages, Salary or Commissions

_____

3

J) Other Personal Property (Describe)

_____

**Attach a sheet for any additional information required by the Citation**

Sub-Total _____

Less right of offset for other loans _____

Less deduction for fees limited by

205 ILCS 5/48.1 _____

Total _____

According to the business records kept by the Citation Respondent, we show the above information to be correct.

_____
Agent for Citation Respondent

_____
Date

Respondent/Agent:

Agent Name _____
Business Name _____
Address _____
_____
Phone _____
Fax _____

NOTE: A copy of this Answer should be mailed to the Court, Attorney for Plaintiff or Judgment Creditor and the Defendant

4

ONTARIO SUPERIOR COURT OF JUSTICE
FAMILY COURT

at 161 Elgin Street, Ottawa ON

Ontario

SUPERIOR COURT
OF JUSTICE AT OTTAWA

AUG 30 2000

DÉPOSÉ À LA COUR
SUPÉRIEURE DE JUSTICE À OTTAWA

Court File Number
57492/98
Form 25: Order
(General)
☐ Final

Justice Jennifer Mackinnon

Judge

| Applicant(s) | Lawyer |
|---|---|
| Sarina Ervin<br>34 Hammill Court<br>Nepean, ON | Roble S. Loomer<br>157 McLeod Street<br>Ottawa, ON<br>K2P 0Z6<br>tel - 567-8223 fax 567-8312<br>Box 206 |

July 5, 2000

date of order

| Respondent(s) | Lawyer |
|---|---|
| Raymond Ervin<br>331 Springfield Lane<br>Buffalo Grove, Illinois<br>USA 60061 | |

The court heard an application made by Sarina Ervin

The following persons were in court: Sarina Ervin and Roble S. Loomer

The court received evidence from Sarina Ervin and heard submissions on behalf of her

## THIS COURT ORDERS THAT:

Custody

1.   The Applicant, Sarina Ervin, shall have sole custody of the children of the marriage, namely:
    Raymond Ervin, born November 20, 1991
    Yakira Ervin, born November 20, 1991
    Nasia Ervin, born July 5, 1995

Access

2.   All access by the Respondent, Raymond Ervin, shall take place in the city where the Applicant, Sarina Ervin, resides,, at times and places chosen by Sarina Ervin and shall be supervised and shall be supervised at the expense of the Respondent, Raymond Ervin.

3.   The Respondent, Raymond Ervin, is prohibited from removing the children from the municipality in which the Applicant, Sarina Ervin resides.

Restraining Order

4.   The Respondent , Raymond Ervin, is prohibited from attending within 300 metres of the residence or place of work of the Applicant, Sarina Ervin, or the schools, daycares or

2

caregivers of the children.

#### Police Enforcement

5.  The police forces having jurisdiction shall enforce the terms of this order.

#### Passport

6.  The Applicant, Sarina Ervin, shall have the right to obtain a passport in the names of the children or to include the children on her passport without the consent of the Respondent. The Respondent is prohibited from obtaining any passports documents in the names of the children.

#### Child Support

7.  Income is imputed to the Respondent of $384,000 per annum. The Respondent, Raymond Ervin, shall pay child support to the Applicant, Sarina Ervin, for the children Raymond Ervin, born November 20, 1991, Yakira Ervin, born November 20, 1991, and Nasia Ervin, born July 5, 1995, payable from January 1, 2000 in the amount of $5,418.00 per month, in accordance with the Tables of the Guidelines.

8.  In addition, the Respondent shall pay his percentage share of camps and education costs of the children, currently being 100% of those costs, upon production of proof of these expenditures by the Applicant. Currently these costs are estimated at $2,000.00 per annum for camps and $3,000.00 for educational expenses.

9.  Amounts of child support paid to the Applicant, Sarina Ervin, by the Raymond Nathaniel Ervin Childcare Trust shall be credited against the Respondent's obligation to pay child support.

#### Spousal Support

10. The Respondent, Raymond Ervin, shall pay the Applicant, Sarina Ervin, lump sum spousal support in the amount of $200,000.00. The interim spousal award is terminated as of June 30, 2000.

#### FRO Enforcement

11. Unless the support order is withdrawn from the office of the Director of the Family Responsibility Office, it shall be enforced by the Director, and amounts owing under the support order shall be paid to the Director, who shall pay them to the person to whom they are owed

#### Life Insurance

12. The Respondent shall designate each child as irrevocable beneficiary of $250,000.00 of life insurance insuring the Respondent's life in the form of a policy with Penn Mutual, and the proceeds of that policy or any replacement policy are impressed with a trust in that amount for each child. If this policy (Penn Mutual) no longer exists or is cancelled then the Respondent shall obtain replacement insurance and this provision applies to any such other policy.

13. The Respondent shall designate the Applicant, Sarina Ervin, as irrevocable beneficiary of $200,000.00 of life insurance insuring his life, in the form of a policy with ROA Life, the proceeds of that policy to the extent of $200,000 are impressed with a trust for the benefit of the Applicant. If this policy () no longer exists or is cancelled then the

3

Respondent shall obtain replacement insurance and this provision applies to any such other policy. When the lump sum of $200,000.00 has been paid to the Applicant, she shall release this insurance provision.

**Equalization of Net Family Properties**

14. The Respondent, Raymond Ervin, shall pay the Applicant, Sarina Ervin, $310,160.83 as equalization plus pre-judgement interest to equalize their net family properties.

**Costs**

15. The Respondent, Raymond Ervin, shall immediately pay the Applicant, Sarina Ervin, costs as fixed in the amount of $15,000 including disbursement and GST. This is in addition to amounts already awarded by this court.

**Interest**

16. This order bears post-judgement interest at the rate of _7_ % per annum.


_August 31, 2000._
date of signature

signature of judge or clerk of the court

Jul 09 07 03:11p    WOLF & TENNANT        (312) 799-0999         p.2

STATE OF ILLINOIS)

COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

IN RE: THE MARRIAGE OF

SARINA ERVIN

And                                         04 D 1943

RAYMOND ERVIN

**FILED**
JUN 22 2007
CIRCUIT CLERK

ORDER

This cause coming on for hearing on the Respondent's challenge to
the validity or enforcement of the July 5th, 2000 order of the Ontario
Superior Court of Justice-Family Court in case number 57492/98
(hereinafter referred to as "the Order," , Both parties being present and
represented by counsel, the court having heard the testimony of the sworn
witnesses, reviewed the exhibits admitted into evidence, heard the arguments
of counsel and being otherwise fully advised in the premises

Finds:

1. That this court has jurisdiction of the parties hereto and the subject matter
   hereof.
2. That the parties hereto were divorced pursuant to a Divorce Judgment
   entered the 12th day of August, 1999 in Superior Court of Justice in case
   number 57492/98 in Ottawa, Canada (hereinafter called the Canadian
   court or Canadian case).
3. That at the time of the entry of the Divorce Judgment the Canadian Court
   had subject matter jurisdiction and personal jurisdiction of the parties.
4. That on November 2nd, 1998 an order was entered by the Canadian Court
   dealing with "interim custody and other relief.

1

5. That paragraph 3 of that interim order provided for interim child support of $1,613.00 Canadian (herein after denoted "C") based on income of $100,000.00 C which income was from respondent's disability insurance benefits.

6. That Raymond Ervin was represented by an attorney until January 19th 2000 when, by court order of that date, at paragraph 1 his counsel was, at counsel's request, "removed from the record, as the Respondent has not given instructions to his lawyer and is not present."

7. That the same order provided in paragraph 2 that "Respondent's pleading's are struck."

8. That the Respondent did not file an appearance or retain an attorney to represent him in the Canadian case since his attorney was discharged on January 19th 2000.

9. That paragraph 3 of the order of January 19th 2000 provided that "the matter is set down for summary judgment pursuant to Rule 16 of the Family Law Rules to a date to be set by the trial co-ordinator.

10. That at the hearing in the Canadian Court on July 5th, 2000 Sarina Ervin testified, inter alia:

   A. That in 1996 and 1997 Mr. Ervin had income over and above his disability income of $120,000.00 US per year. (p. 5&6)

   B. That she left Mr. Ervin on June 19th, 1998. (p. 6)

   C. That at the time of the separation Mr. Ervin was only making the disability insurance income. (p. 7)

   D. That Mr. Ervin had injured both arms at different times and was contesting a claim for disability with Social Security in the U.S. (p. 13&14)

   E. That at the time of the hearing Mr. Ervin was doing volunteer work for a minister for his wife's church, was not receiving any income from employment and was able to work. (p. 8)

     References are to July 5th, 2000 transcript page numbers.

11. That the Order entered on July 5th, 2000 imputed income to the Respondent of $384,000.00 C and set child support at $5,418.00 C per month.

12. That paragraph 11 of the Order states "Unless the support order is withdrawn from the office of the Director of the Family Responsibility Office, it shall be enforced by the Director, and amounts owing under the support order shall be paid to the Director, who shall pay them to the person to whom they are owed."

2

13. That at the hearing in the instant case held on May 2nd, 2007, at page 27 of the transcript, Sarina Ervin testified that the $120,000.00 annual income she attributed to Mr. Ervin for the years 1996 and 1997 were per diem payments.

The Respondent challenges the registration of the Order on three grounds. First, that the procedure followed by the Canadian Court violated the Respondent's due process rights; Second, that the Order was obtained by fraud and Third, that Sarina Ervin is not the proper party to pursue registration of the Order.

Due Process:

The Respondent claims that since he did not receive notice of the hearing of July 5th, 2000 the court should decline to enforce the Canadian Order. This argument fails for a number of reasons. First, there is a presumption of validity to court orders and it is the burden of the party objecting to the court order to over come that presumption. In *Wright V. Autohaus Fortense Inc.* 129 Ill. App. 3d 422 the court said, "The amount of evidence required to rebut the presumption is not determined by any fixed rule, but it must be sufficient to support a finding of the nonexistence of the presumed fact." The unsupported testimony of the Respondent that he did not receive notice does not overcome the presumption of validity of the order.

Second the Respondent did not show that there was any irregularity in the Canadian Court's procedure when, in the order of January 19th 2000, the Canadian Court set the matter "pursuant to Rule 16 of the Family Law Rules to a date to be set by the trial co-ordinator." Nothing that has been presented to the court indicates that that procedure was not, in fact, followed.

Third, the Respondent's argument that Sarina Ervin was asking for additional relief also fails because the prior relief granted in the order of November 2nd, 1998 was "interim" in nature and there is nothing to indicate that any party had a valid reason to assume that it was anything but interim. Also there is evidence that the parties were involved in financial discovery just before Respondent's attorney was discharged which leads the court to conclude that the

3

Jul 06 07 03:12p          WOLF & TENNANT          (312) 738-0399          p.5

parties knew or should have known that a final order had yet to be reached.

## Fraud:

The Respondent claims that the Order was the result of fraud perpetrated by Sarina Ervin when she testified at the hearing on July 5th, 2000. Her statement that the respondent was able to work at the time of hearing is of no great moment. It was the opinion of Sarina Ervin to which the Canadian Court decided to give great weight. Her testimony regarding the income of $120,000.00 per year in 1996 and 1997 was based upon her belief that Per Diem payments are income. This misconception might have been easily rectified through cross examination. The Respondent chose not to avail himself of "the greatest legal engine ever invented for the discovery of truth" by ignoring the Canadian proceeding. Sarina Ervin, in fact, testified that Respondent had no earned income at the time of the hearing and had no income other than his disability income since 1997, three years prior to the hearing. The significant increase in child support resulted from the Canadian Court imputing income to Respondent when he chose not to be present and testify on his own behalf.

## No Standing:

The Respondent maintains that because the Order contains paragraph 11 which states "Unless the support order is withdrawn from the office of the Director of the Family Responsibility Office, it shall be enforced by the Director, and amounts owing under the support order shall be paid to the Director, who shall pay them to the person to whom they are owed" Sarina Ervin is not entitled to register the Order. First, this Court reads paragraph 11 as authority for the Director to take action to collect child support, not a prohibition denying Sarina Ervin the right to collect the child support. Again it is the burden of the Respondent to go forward with his theory. There was no presentation of any Canadian Law to convince the Court that paragraph 11 precluded Sarina Ervin from pursuing registration of the Order.

Wherefore it is hereby ORDERED as follows:

4

A. That the Respondent's challenge to the validity or enforcement of the July 5th, 2000 order of the Ontario Superior Court of Justice, Family Court in case number 57492/98 is overruled and the registration of said Order is upheld.

Dated at Waukegan this
21st day of June, 2007

ENTER:

_____
DONALD H. GEIGER
JUDGE

5

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS**

Case No. 2004 D 1943

Hearing Date:  March 9, 2021 at 9:00 a.m.

**THIRD PARTY RESPONDENT ANSWER TO CITATION PROCEEDINGS**

TCF Bank, certifies under penalty of perjury that with regard to the property of the judgment, debtor, the Citation Respondent files the following answers to this Citation to Discover Assets and is in possession of the following property of the judgment debtor.

Circle one or more of the following and indicate the amount held:

A) Savings Account (Amount withheld) $

$0.00

B) Checking and/or Now Account (Amount withheld) $

$0.00

C) Certificate of Deposit (Amount held) $

$0.00

D) Money Market Account (Amount held) $

$0.00

E) Trust Account (Amount held) $

$0.00

F) Safety Deposit Box $

$0.00

G) No Accounts

—

H) Adverse Claimant: Name ___Gwendolyn B Ervin___ Address

331 Springside Ln Buffalo Grove, IL 60089-1650

I) Wages, Salary or Commissions

SSA-$1,848.00 VA / Benefits-$77.00 / SSA-$1,294.00



EXHIBIT
F

3

J) Other Personal Property (Describe)

N/A
_____

**Attach a sheet for any additional information required by the Citation**

Sub-Total  $0.00  _____

Less right of offset for other loans  N/A  _____

Less deduction for fees limited by

205 ILCS 5/48.1  N/A  _____

Total  $0.00  _____

According to the business records kept by the Citation Respondent, we show the above information to be correct.

_____
Agent for Citation Respondent

03.01.2021
_____
Date

Respondent/Agent:

Agent Name  Trista L. CDP Operations Specialist III
Business Name  TCF Bank
Address  1405 Xenium Lane N Plymouth, MN 55441
_____
Phone  763.337.7560
Fax  605.323.2576

NOTE: A copy of this Answer should be mailed to the Court, Attorney for Plaintiff or Judgment Creditor and the Defendant

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

SARWA ERUI

vs.                                    Case No. 24D1943

RAYMOND ERUI

JUN 07 2019

CIRCUIT CLERK

ORDER

This Matter coming on to be heard upon continued hearing
pursuant to this courts order dated 4/23/19 the Emergency
of Gwendolyn Barlow's Emergency Motion to continue,
SARWA Present though counsel, & Gwendolyn's Attorney,
through counsel RAYMOND Barlow (for purposes of motion
to continue only), the court having fully heard & Court no
being fully advised;

IT IS HEREBY ORDERED

1) That SARWA's Motion et al, the matter is continued
for Status on Mr Barlow's discovery compliance
return on Rule issued on 5/6/19, said return set for
continuation on July 9th at 1:30 P.M. in Room 5b,
at which time Mr Barlow's personal appearance is
mandated;

2) As a condition of this courts grant of Mr Barlow
continuance, pursuant to 750 ILCS 5/ (007), this court
awards attorney fees to Gwendolyn Barlow to pay
incurred of counsel by June 4/23/19 in the place

ENTER:

_____
JUDGE

Dated this _____ day of _____, 20____.

Prepared by:
Attorney's Name: _____
Address: _____
City: _____ State: ____
Phone: _____ Zip Code: ____
Fax: _____
ARDC: _____

EXHIBIT
G
_____

171-94 (Rev. 10/11)