IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| SARINA ERVIN, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 2004 D 1943 |
| | ) | |
| RAYMOND ERVIN, | ) | |
| Respondent. | ) | |

### VERIFIED PETITION FOR RULE TO SHOW CAUSE FOR ADJUDICATION OF INDIRECT CIVIL CONTEMPT OF COURT

**NOW COMES** the Petitioner, SARINA ERVIN ("Sarina"), by and through her attorneys, BEERMANN LLP, pursuant to the Court's inherent authority to enforce its orders, and Petitions this Honorable Court to issue a Rule to Show Cause against the Respondent, RAYMOND ERVIN ("Raymond"), and to enter an order holding him in Indirect Civil Contempt of Court for his willful failure to comply with the Court Order entered on June 21, 2021. In support of her Petition, Sarina respectfully states as follows:

### COUNT I:
### FAILURE TO ANSWER CITATION ISSUED ON JULY 7, 2017

1. On or about July 7, 2017, a Citation to Discover Assets was issued to the Respondent, Raymond Ervin. The return date on the Citation was scheduled for August 7, 2017 at 9:00 a.m., and documents were due pursuant to the Citation and the attached Rider on or before August 7, 2017. A true and correct copy of the Citation is attached hereto and incorporated herein as **Exhibit "A."**

2. The Citation was served upon Raymond via personal service on July 16, 2017. A true and correct copy of the Affidavit of Service is attached hereto and incorporated herein as **Exhibit "B."**

1

3. After four (4) years of litigation, Raymond has failed to answer the Citation and provide the documents requested on the attached Rider.

4. On June 21, 2021, this Honorable Court entered an Order stating, in relevant part, "Mr. Ervin shall provide a written answer to the citation issued to him on July 7, 2017 to Mr. Steele no later than July 9, 2021." A true and correct copy of the Order is attached hereto and incorporated herein as **Exhibit "C."**

5. To date, Raymond has not filed an answer to the Citation, nor provided the documents requested in the Citation and in the attached Rider.

6. Raymond's failure to comply with the June 21, 2021 Court Order is willful, contumacious, and is without compelling cause or justification.

7. As such, a Rule to Show Cause should issue against Raymond to show cause, if any, as to why he should not be held in Indirect Civil Contempt for his failure to abide by the June 21, 2021 Order, and said Rule should be made returnable *instanter*.

8. Upon the return of the Rule to Show Cause, this Honorable Court should find Raymond in Indirect Civil Contempt of Court for his failure to abide by the June 21, 2021 Order.

9. This Honorable Court should set the purge on the contempt, by way of, but not limited to, complying with the June 21, 2021 Order and answering the Citation served upon him.

**WHEREFORE**, the Petitioner, SARINA ERVIN ("Sarina"), respectfully requests that this Honorable Court:

A. Issue a Rule to Show Cause requiring Respondent, RAYMOND ERVIN ("Raymond"), to show cause, if any there be, why he should not be held in Indirect Civil Contempt of Court for his willful failure to comply with the June 21, 2021 Court Order, and that said Rule be issued *instanter* and made returnable for hearing *instanter*;

B.    After the appropriate hearing, find Raymond in Indirect Civil Contempt of Court for his willful failure to answer the Citation and provide the documents requested in the attached Rider issued to him on July 7, 2017; and

C.    Grant such other and further relief as this Honorable Court deems equitable and just under the facts and circumstances of this case.

## COUNT II:
## FAILURE TO PAY SANCTIONS ORDERED ON JUNE 21, 2021

10.    Sarina restates and realleges the allegations set forth in Paragraphs one (1) through nine (9) of Count I as if fully set forth herein as Paragraph one (1) of Count II.

11.    On June 21, 2021, this Honorable Court entered an Order stating, in relevant part, "For the reasons stated on the record, the Court is granting Sarina Ervin's attorney's fees totaling $1,200.00 relating to the Motion to Continue. Said $1,200.00 shall be paid by Raymond Ervin to Beermann LLP within 14 days." *See* **Exhibit "C."**

12.    Pursuant to the June 21, 2021 Order, Raymond's payment of the $1,200.00 was due within fourteen (14) days, by July 5, 2021.

13.    To date, Raymond has failed to pay said $1,200.00 to Beermann LLP.

14.    Raymond's failure to comply with the June 21, 2021 Court Order is willful, contumacious, and is without compelling cause or justification.

15.    As such, a Rule to Show Cause should issue against Raymond to show cause, if any, as to why he should not be held in Indirect Civil Contempt for his failure to abide by the June 21, 2021 Order, and said Rule should be made returnable *instanter*.

16.    Upon the return of the Rule to Show Cause, this Honorable Court should find Raymond in Indirect Civil Contempt of Court for his failure to abide by the June 21, 2021 Order.

17.    This Honorable Court should set the purge on the contempt, by way of, but not limited to, complying with the June 21, 2021 Order by paying the sum of $1,200.00 to Beermann LLP.

**WHEREFORE**, the Petitioner, SARINA ERVIN ("Sarina"), respectfully requests that this Honorable Court:

A.    Issue a Rule to Show Cause requiring Respondent, RAYMOND ERVIN ("Raymond"), to show cause, if any there be, why he should not be held in Indirect Civil Contempt of Court for his willful failure to comply with the June 21, 2021 Court Order, and that said Rule be issued *instanter* and made returnable for hearing *instanter*;

B.    After the appropriate hearing, find Raymond in Indirect Civil Contempt of Court for his willful failure to pay the sum of $1,200.00 due to Beermann LLP; and

C.    Grant such other and further relief as this Honorable Court deems equitable and just under the facts and circumstances of this case.

Respectfully submitted,

**BEERMANN LLP**

By: _____
Attorney for Petitioner

Jonathan D. Steele (jsteele@beermannlaw.com)
**BEERMANN LLP**
*Attorneys for Petitioner*, Sarina Ervin
161 N. Clark, Suite 3000
Chicago, Illinois 60601
Tel: (312) 621-9700
Attorney No. 80095

STATE OF ILLINOIS      )
                             ) SS.

COUNTY OF COOK     )

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and, as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
JONATHAN D. STEELE

DATED: _____

Jonathan D. Steele (jsteele@beermannlaw.com)
**BEERMANN LLP**
*Attorneys for Petitioner*, Sarina Ervin
161 N. Clark, Suite 3000
Chicago, Illinois 60601
Tel: (312) 621-9700
Attorney No. 80095

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| SARINA ERVIN, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 04 D 1943 |
| | ) | |
| RAYMOND ERVIN, | ) | |
| Respondent. | ) | |

### CITATION TO DISCOVER ASSETS

To: Raymond Ervin, 331 Springside Lane, Buffalo Grove, Illinois 60089

YOU ARE COMMANDED to appear before the judge presiding in Room C-307 of the Lake County Courthouse, 18 N. County Street, Waukegan, Illinois 60085, on 7/7 , 2017 at 9 AM/PM to be examined under oath to discover assets or income not exempt from the enforcement of the Judgment.

A judgment against Raymond Ervin (judgment debtor) was entered on July 5, 2000 (signed on August 31, 2000) and filed on June 22, 2007 but dated/signed on June 21, 2007, a copy of the Judgement and Enrolling Order is attached, and $595,163.14 (excluding interest) remains unsatisfied.

YOU ARE COMMANDED to produce at the examination: all books, papers or records in your possession or control which may contain information concerning the property or income of, or indebtedness due judgment debtor and including the documents contained on the attached **Rider to the Citation to Discover Assets**, which is incorporated by reference and made a party of this order. Please complete the enclosed **Income and Asset Form** and bring it with you to the above referenced hearing.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition or, interfering with, any property not exempt from execution or garnishment belonging to the Judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the Judgment Debtor and from paying over or otherwise deposing of any money not so exempt, which is due the Judgment Debtor, until the further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the balance due.

**WARNING: IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

### CERTIFICATE OF ATTORNEY OR JUDGMENT DEBTOR

Judgment Amount: $5,418.00 (CA) per month      Balance due: $595,163.14
Date of Judgment/Revival: July 5, 2000 (signed on August 31, 2000) and filed on June 22, 2007 but dated/signed on June 21, 2007 in Lake County.
Name of Court Entering Judgment: Canada, Ontario Superior Court; registered in Lake County.

**The undersigned certifies, under penalties provided by law pursuant to 735 ILCS 5/1-109, that the information contained herein is true and correct.**

Beermann Pritikin Mirabelli Swerdlove, LLP
161 N. Clark Street, Suite 2600
Chicago, IL 60601
P: (312) 621-9600
jsteele@beermannlaw.com
ARDC: 6320477

WITNESS: JUL 07 2017

Erin Cartwright Weinston

CLERK OF C

EXHIBIT
A

## RIDER TO CITATION TO DISCOVER ASSETS

To:    Raymond Ervin
        331 Springside Lane
        Buffalo Grove, IL 60089

You are commanded to produce and bring for examination copies of all books and records relating to your income or assets, including but not limited to the following:

1. Any and all information regarding all bank, money or other financial accounts, including but not limited to, bank statements and check ledgers, savings statements, brokerage statements, IRA/401k/503(b) and SIMPLE statements in your name, or to which you have an equitable or legal interest in. For all such information, provide the name of the accounts, account numbers, amount of money currently held in each account and monthly statements for each said account for the past five years.

2. A complete list of all Safe Deposit Boxes and their contents, to which you have an equitable or legal interest in.

3. Copies of all Trust or Trustee's Deed, Warranty Deeds, Quit Claim Deeds or any other deeds for any real property bought, sole, quit claimed or otherwise conveyed by you or to you, or which you have or had an equitable or legal interest in, for the past ten years.

4. All information regarding an and all real property held, bought, sold, transferred, executed leased, deeded or otherwise acquired, lost or otherwise maintained by you, or on your behalf, or to which you have or had an equitable or legal interest in, for the past five years.

5. All information regarding any property or assets other than real property, including without limitation inventory, that has been held, bought, sold, transferred, executed lease, deeded or otherwise acquired, lost or otherwise maintained by you, or on your behalf, or to which you have or had an equitable or legal interest in, for the past five years, including a list of all persons or entities to which such property has been so disposed.

6. Copies of all state and local tax returns for the preceding five years and copies of any and all tax refund checks you have received.

7. Any and all information regarding stocks, funds, bonds, securities and/or other investments or other assets held, gained, sold or lost by you, or to which you have an equitable or legal interest, for the past five years.

8. Any and all information regarding any and all loan documents related to you, or to which you have an equitable or legal interest in, including any and all documents related to receipts or disbursements of money related to such loan for the past two years.

9. A list of all physical assets (i.e. computers, inventory, machinery, tools, jewelry, etc.) not in the nature of real estate, regardless of their present location, to which you own or have an equitable or legal interest in.

10. Copies of all of your credit card statements.

11. Copies of all insurance (excluding health and disability), including specifically all life, homeowner, auto, owners/landlord-tenants and business coverage policies.

12. A completed copy of the attached Income and Assets form.

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS**

```
                                    )
                                    )
_____     )
                Judgment Creditor,  )
        vs.                         )    Case. No. _____
                                    )
                                    )
_____     )
                Judgment Debtor.    )
```

**INCOME AND ASSET FORM**

**To Judgment Debtor:** Please complete this form and bring it with you to the hearing referenced in the enclosed Citation Notice. You should also bring to the hearing any documents you have to support the information you provide in this form, such as pay stubs and account statements. This information you provide will help the court determine whether you have any property or income that can be used to satisfy the judgment entered against you in this matter. The information you provide must be accurate to the best of your knowledge.

If you fail to appear at this hearing, you could be held in contempt of court and possibly arrested.

In answer to the citation and supplemental proceedings served upon the judgment debtor, he or she answers as follows:

Name:_____ Home Phone Number: _____

Home Address:_____

Date of Birth: _____ Marital Status: _____ I have _____ dependents.

**I. JOB**

Do you have a job?  ☐ Yes  ☐ No

Company's name I work for: _____

Company's address: _____

Job: _____

I earn: $ _____ per _____

If self-employed, list your business name and address: _____

_____

Income from self-employment is: $ _____ per _____

I have the following benefits with my employer: _____

I do not have a job, but I support myself through:

☐ Government Assistance  $ _____ per month      ☐ Unemployment  $ _____ per month

☐ Social Security  $ _____ per month            ☐ SSI  $ _____ per month

☐ Pension  $ _____ per month                    ☐ Other  $ _____ per month

**II. REAL ESTATE**

Do you own any real estate?  ☐ Yes  ☐ No

I own real estate at: _____ with names of other owner(s)

_____

Additional real estate I own: _____

_____

_____

I have a beneficial interest in a land trust.  The name and address of the trustee is _____.

The beneficial interest is listed in my name and _____

There is a mortgage on my real estate. State the mortgage company's name and address for each parcel of real estate owned: _____
_____
_____

An assignment of beneficial interest in the land trust was signed to secure a loan from _____
_____ ...........

## III. OTHER ASSETS

I have the following accounts:

Checking account at: _____; Account balance: $_____

Savings account at: _____; Account balance: $_____

Money market or Certificate of Deposit at: _____; Account balance: $_____

Safe deposit box at: _____;

Other accounts: (please identify)_____
_____

I own:

A vehicle: (state year, make, model and VIN) _____

Jewelry (please specify) _____

Other property described as:

☐ Stocks/Bonds _____

☐ Personal computer _____        ☐ DVD Player _____

☐ Television _____        ☐ Stove _____

☐ Microwave _____        ☐ Work tools _____

☐ Business Equipment_____

☐ Farm Equipment_____

☐ Other property (please specify) _____
_____
_____
_____
_____
_____
_____

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, as to such matters the undersigned certifies as aforesaid he/she verily believes the same to be true.

Date:_____, 20____          _____
                                       Judgment Debtor

ONTARIO SUPERIOR COURT OF JUSTICE
FAMILY COURT

SUPERIOR COURT
OF JUSTICE AT OTTAWA

Court File Number
87492/98
Form 25: Order
(General)
☐ Final

at 161 Elgin Street, Ottawa, ON

| | Applicant(s) | Lawyer |
|---|---|---|
| Justice Jennifer MacKinnon | Sarina Ervin 34 Hammill Court Nepean, ON | Robie S. Loomer 157 McLeod Street Ottawa, ON K2P 0Z6 tel – 567-8223 fax 567-8812 Box 206 |
| **Judge** | | |

| | Respondent(s) | Lawyer |
|---|---|---|
| July 5, 2000 | Raymond Ervin 331 Springfield Lane Buffalo Grove, Illinois USA-60061 | |
| date of order | | |

The court heard an application made by Sarina Ervin

The following persons were in court: Sarina Ervin and Robie S. Loomer

The court received evidence from Sarina Ervin and heard submissions on behalf of her

## THIS COURT ORDERS THAT:

**Custody**

1. The Applicant, Sarina Ervin, shall have sole custody of the children of the marriage, namely:

   Raymond Ervin, born November 20, 1991
   Yektra Ervin, born November 20, 1991
   Nasia Ervin, born July 5, 1995

**Access**

2. All access by the Respondent, Raymond Ervin, shall take place in the city where the Applicant, Sarina Ervin, resides, at times and places chosen by Sarina Ervin and shall be supervised and shall be supervised at the expense of the Respondent, Raymond Ervin.

3. The Respondent, Raymond Ervin, is prohibited from removing the children from the municipality in which the Applicant, Sarina Ervin, resides.

**Restraining Order**

4. The Respondent, Raymond Ervin, is prohibited from attending within 300 metres of the residence or place of work of the Applicant, Sarina Ervin, or the schools, daycares or

caregivers of the children.

## Police Enforcement

5. The police forces having jurisdiction shall enforce the terms of this order.

## Passport

~~The Applicant shall have possession of the passports for the children. Raymond Ervin, Yekira Ervin and Nasia Ervin. The Respondent shall not remove the children or cause the children to be removed or travel passed without the consent of the Respondent. The Respondent is prohibited from obtaining any passports documents in the names of the children.~~

## Child Support

7. Income is imputed to the Respondent of $384,000 per annum. The Respondent, Raymond Ervin, shall pay child support to the Applicant, Sarina Ervin, for the children Raymond Ervin, born November 20, 1991, Yekira Ervin, born November 20, 1991, and Nasia Ervin, born July 5, 1995, payable from January 1, 2000 in the amount of $5,416.00 per month, in accordance with the Tables of the Guidelines.

8. In addition, the Respondent shall pay his percentage share of camps and education costs of the children, currently being 100% of those costs, upon production of proof of these expenditures by the Applicant. Currently these costs are estimated at $2,000.00 per annum for camps and $8,000.00 for educational expenses.

9. Amounts of child support paid to the Applicant, Sarina Ervin, by the Raymond Nathaniel Ervin Childcare Trust shall be credited against the Respondent's obligation to pay child support.

## Spousal Support

10. The Respondent, Raymond Ervin, shall pay the Applicant, Sarina Ervin, lump sum spousal support in the amount of $200,000.00. The interim spousal support award is terminated as of June 30, 2000.

## FRO Enforcement

11. Unless the support order is withdrawn from the office of the Director of the Family Responsibility Office, it shall be enforced by the Director, and amounts owing under the support order shall be paid to the Director, who shall pay them to the person to whom they are owed

## Life Insurance

12. The Respondent shall designate each child as irrevocable beneficiary of $250,000.00 of life insurance insuring the Respondent's life in the form of a policy with Penn Mutual, and the proceeds of that policy or any replacement policy are impressed with a trust in that amount for each child. If this policy (Penn Mutual) no longer exists or is cancelled then the Respondent shall obtain replacement insurance and this provision applies to any such other policy.

13. The Respondent shall designate the Applicant, Sarina Ervin, as irrevocable beneficiary of $200,000.00 of life insurance insuring his life, in the form of a policy with ROA Life, the proceeds of that policy to the extent of $200,000 are impressed with a trust for the benefit of the Applicant. If this policy () no longer exists or is cancelled then the

3

Respondent shall obtain replacement insurance and this provision applies to any such other policy. When the lump sum of $200,000.00 has been paid to the Applicant, she shall release this insurance provision.

**Equalization of Net Family Properties**

~~17. The Respondent, Raymond Ervin, shall pay the Applicant, Sarina Ervin the amount of ...~~

**Costs**
18. The Respondent, Raymond Ervin, shall immediately pay the Applicant, Sarina Ervin, costs as fixed in the amount of $15,000 including disbursement and GST. This is in addition to amounts already awarded by this court.

**Interest**
19. This order bears post-judgement interest at the rate of $7$% per annum.

August 31, 2000.
date of signature

signature of judge or clerk of the court

STATE OF ILLINOIS)
COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

IN RE: THE MARRIAGE OF

SARINA ERVIN

And                                                          04 D 1943

RAYMOND ERVIN

**FILED**
JUN 22 2007

**ORDER**

      This cause coming on for hearing on the Respondent's challenge to the validity or enforcement of the July 5th, 2000 order of the Ontario Superior Court of Justice-Family Court in case number 57492/98 (hereinafter referred to as "the Order", Both parties hereby present and represented by counsel, the court having heard the testimony of the sworn witnesses, reviewed the exhibits admitted into evidence, heard the arguments of counsel and being otherwise fully advised in the premises

Finds:
1. That this court has jurisdiction of the parties hereto and the subject matter hereof.
2. That the parties hereto were divorced pursuant to a Divorce Judgment entered the 12th day of August, 1999 in Superior Court of Justice in case number 57492/98 in Ottawa, Canada (hereinafter called the Canadian court or Canadian case).
3. That at the time of the entry of the Divorce Judgment the Canadian Court had subject matter jurisdiction and personal jurisdiction of the parties.
4. That on November 2nd, 1998 an order was entered by the Canadian Court dealing with "interim custody and other relief."

1

5. That paragraph 3 of that interim order provided for interim child support of $1,513.00 Canadian/herein after disputed to be based on income of ~~...~~

6. That Raymond Ervin was represented by an attorney until January 19 2000 when, by court order of that date, at paragraph 1 his counsel was, at counsel's request, "removed from the record, as the Respondent has not given instructions to his lawyer and is not present."

7. That the same order provided in paragraph 2 that "Respondent's pleading's are struck."

8. That the Respondent did not file an appearance or retain an attorney to represent him in the Canadian case since his attorney was discharged on January 19th 2000.

9. That paragraph 3 of the order of January 19th 2000 provided that "the matter is set down for summary judgment pursuant to Rule 16 of the Family Law Rules to a date to be set by the trial co-ordinator.

10. That at the hearing in the Canadian Court on July 5th 2000 Serina Ervin testified, inter alia:

   A. That in 1996 and 1997 Mr. Ervin had incomes over and above his disability income of $120,000.00 US per year. (p. 5 & 6)

   B. ~~That she left Mr. Ervin on June 10th 1998. (p. 9)~~

   C. That at the time of the separation Mr. Ervin was only making the disability insurance income. (p. 7)

   D. That Mr. Ervin had injured both arms at different times and was contesting a claim for disability with Social Security in the U.S. (p. 13 & 14)

   E. That at the time of the hearing Mr. Ervin was doing volunteer/work for a minister for his wife's church, was not receiving any income from employment and was able to work. (p. 8)

   References are to July 5th, 2000 transcript page numbers.

11. That the Order entered on July 5th, 2000 imputed income to the Respondent of $884,000.00 C and set child support at $5,418.00 C per month.

12. That paragraph 11 of the Order states "Unless the support order is withdrawn from the office of the Director of the Family Responsibility Office, it shall be enforced by the Director, and amounts owing under the support order shall be paid to the Director, who shall pay them to the person to whom they are owed."

2

3. That at the hearing in the instant case held on May 2nd, 2007, at page 27 of the transcript Sarfin D. Ervin testified that on $270,000.00 annual income are attributed to Respondent in 1996 and 1997 was not making their payments.

The Respondent challenges the registration of the Order on three grounds. First, that the procedure followed by the Canadian Court violated the Respondent's due process rights. Second, that the Order was obtained by fraud and Third, that Sarina Ervin is not the proper party to pursue registration of the Order.

**Due Process:**

The Respondent claims that since he did not receive notice of the hearing of July 5th, 2000 the court should decline to enforce the Canadian Order. This argument fails for a number of reasons. First, there is a presumption of validity to court orders and it is the burden of the party objecting to the court order to overcome that presumption. In *Wright v. Autohaus Fortense, Inc.*, 129 Ill. App. 3d 422 the court said, "the amount of evidence required to rebut the presumption is not determined by any fixed rule, but it must be sufficient to support a finding of the nonexistence of the presumed fact." The unsupported testimony of the Respondent that he did not receive notice does not overcome the presumption of validity of the order.

Second the Respondent did not show that there was any irregularity in the Canadian Court's procedure when, in the order of January 19th 2000, the Canadian Court set the matter "pursuant to Rule 16 of the Family Law Rules to a date to be set by the trial co-ordinator." Nothing that has been presented to the court indicates that that procedure was not, in fact, followed.

Third, the Respondent's argument that Sarina Ervin was asking for additional relief also fails because the prior relief granted in the order of November 3rd, 1998 was "interim" in nature and there is nothing to indicate that any party had a valid reason to assume that it was anything but interim. Also there is evidence that the parties were involved in financial discovery just before Respondent's attorney was discharged, which leads the court to conclude that the

8

parties knew or should have known that a final order had yet to be

The Respondent claims that the Order was the result of fraud perpetrated by Sarina Ervin when she testified at the hearing on July 5th, 2000. Her statement that the respondent was able to work at the time of hearing is of no great moment. It was the opinion of Sarina Ervin to which the Canadian Court decided to give great weight. Her testimony regarding the income of $120,000.00 per year in 1996 and 1997 was based upon her belief that Per Diem payments are income. This misconception might have been easily rectified through cross examination. The Respondent chose not to avail himself of "the greatest legal engine ever invented for the discovery of truth" by ignoring the Canadian proceeding. Sarina Ervin, in fact, testified that Respondent had no earned income at the time of the hearing and had no income other than his disability income since 1997, three years prior to the hearing. The significant increase in child support resulted from the Canadian Court imputing income to Respondent when he chose not to be present and testify on his own behalf.

No Standing

The Respondent maintains that because the Order contains paragraph 11 which states "Unless the support order is withdrawn from the office of the Director of the Family Responsibility Office, it shall, be enforced by the Director, and amounts owing under the support order shall be paid to the Director, who shall pay them to the person to whom they are owed" Sarina Ervin is not entitled to register the Order. First, this Court reads paragraph 11 as authority for the Director to take action to collect child support, not a prohibition denying Sarina Ervin the right to collect the child support. Again it is the burden of the Respondent to go forward with his theory. There was no presentation of any Canadian Law to convince the Court that paragraph 11 precluded Sarina Ervin from pursuing registration of the Order.

Wherefore it is hereby ORDERED as follows:

4

The following cause, coming to be heard for an Adjudication of Registration of 2000 Ontario Superior Court of Justice Family Court in case number 31452/98 is overruled and the registration of said Order is upheld.

Dated at Waukegan this
21st day of June, 2007

ENTER:

DONALD H. GESEN
JUDGE

5

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS**

Case No. _____

Hearing Date _____

### THIRD PARTY RESPONDENT ANSWER TO CITATION PROCEEDINGS

_____, certifies under penalty of perjury that with regard to the property of the judgment
(Citation Respondent)
debtor, the Citation Respondent files the following answers to this Citation to Discover Assets and is in possession of the
following property of the judgment debtor,

Circle one or more of the following and indicate the amount held:

A) Savings Account (Amount withheld) $ _____

B) Checking and/or Now Account (Amount withheld) $ _____

C) Certificate of Deposit (Amount held) $ _____

D) Money Market Account (Amount held) $ _____

E) Trust Account (Amount held) $ _____

F) Safety Deposit Box $ _____

G) No Accounts _____

H) Adverse Claimant: Name _____Address _____

I) Wages, Salary or Commissions _____

J) Other Personal Property (Describe) _____

Attach a sheet for any additional information required by the Citation

Sub-Total _____

Less right of offset for other loans _____

Less deduction for fees limited by
205 ILCS 5/48.1 _____

Total _____

According to the business records kept by the Citation Respondent, we show the above information to be correct,

_____
Agent for Citation Respondent

Respondent/Agent:

_____
Date

Agent Name _____

Business Name _____

Address _____

_____

Phone _____

Fax _____

NOTE: A copy of this Answer should be mailed to the Court, Attorney for Plaintiff or Judgment Creditor and the Defendant

171-131 Rev. 10/13





FILED
JUL 2 6 2017
Erin Cartwright Weinstein
CIRCUIT CLERK

## RETURN OF SERVICE

I certify that I served legal documents upon <u>Raymond Ervin</u> as follows:

__X__ (a)  (Individual - personal):
By leaving a copy of the below document(s) with the individual personally.

_____ (b)  (Individual - abode):
By leaving a copy of the below document(s) at the usual place of abode of the individual with a person of his/her family or a person residing there, of the age of 13 years or upwards, informing that person of the contents and also by sending a copy of each document in a sealed envelope with postage fully prepaid, addressed to each individual at his/her usual place of abode.

_____ (c)  (Corporation):
By leaving a copy of the below document(s) with the registered agent, officer or agent of the corporation.

Documents:  <u>Citation to Discover Assets, Citation Notice, blank Income and Asset form, 7/5/00 Ontario Superia Court Order, 6/22/07 Lake County, Illinois Court Order, and blank Third Party Respondent Answer to Citation Proceedings (04 D 1943)</u>

Name of Person Served:  <u>Raymond Ervin; black male; approximately 65 years old</u>

Place of Service:  <u>331 Springside Lane, Buffalo Grove, Illinois 60089</u>

Date of Service:  <u>July 16, 2017</u>     Time of Service:  <u>7:00 p.m.</u>

Subscribed and Sworn to
before me this 17th day of
July, 2017.

_Lauretta M. Longo_
Notary Public

Served By:

_Tracy M. Rizzo_
Rizzo Investigations, Ltd.

OFFICIAL SEAL
LAURETTA LONGO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 03/28/21

EXHIBIT
B

30 NORTH LASALLE STREET, SUITE 2340   CHICAGO, ILLINOIS 606__
TELEPHONE (312) 345-0009   FACSIMILE (312) 275-7975
www.rizzoinvestigations.com

FILED

JUN 21 2021

*Erin Cavanagh Weinstein*
CIRCUIT CLERK

SARINA ERVIN,

        Plaintiff,

    vs.

RAYMOND ERVIN,

        Defendant.

Case No. 04 D 1943

## ORDER

This matter coming on to be heard upon return of the citations to discover assets served upon Gwendolyn Barlow and the Social Security Administration; hearing on Mr. Ervin's Motion to Dismiss Petitioner's Citation and Memorandum of Law in Support of Request for Turnover from Social Security Administration filed on April 20, 2021, Mr. Ervin's Motion to Dismiss Petitioner's Citations and Vacate all Court Orders or in the Alternate Stay All Proceedings Instanter filed April 19, 2021, Mr. Ervin's Motion to Reconsider filed May 13, 2021, Mr. Ervin's Motion for Leave to Respond to the Affidavit of Attorney's Fees; Ms. Barlow's Motion for a Protection Order filed April 13, 2021, hearing on Mr. Steele's Affidavit of Attorney's Fees relating to the Motion to Continue of Mr. Ervin; Mr. Steele's Motion for Leave to File Affidavit of Attorney's Fees filed May 28, 2021, Mr. Ervin's Response to Petitioner's Motion for Leave to File Affidavit of Attorney's Fees, and Mr. Ervin's Motion for Leave to File a Response to Affidavit of Attorney's Fees; Ms. Barlow's oral motion to seal documents attached to her Motion to Dismiss filed July 1, 2019; Mr. Steele and Mr. Mirabelli present in person on behalf of Plaintiff; Gwendolyn Barlow appearing in person; Raymond Ervin present in person and appearing Pro Se; a Court Reporter present; the Court holding several hearings and hearing argument of the parties and testimony from Ms. Barlow; Ms. Barlow providing an Answer to the Citation in open Court; Mr. Steele making an Oral Motion to Exclude witnesses after the hearing began; Mr. Steele making an oral Motion to Strike Exhibit 3 to Mr. Ervin's Motion to Dismiss filed April 19, 2021; the Court being fully advised;

**IT IS HEREBY ORDERED:**

1.     For the reasons stated on the record, Mr. Steele's Motion to Exclude Witnesses is denied.

2.     For the reasons stated on the record, Mr. Steele's Motion to Strike Exhibit 3 of the Motion to Dismiss filed April 19, 2021, is granted.

3.     For the reasons stated on the record, Mr. Ervin's Motion for Leave to Respond to the Affidavit of Attorney's Fees filed June 17, 2021, is denied.

4.     For the reasons stated on the record, Ms. Ervin's Motion for Leave to File Affidavit is granted. Ms. Ervin's attorney shall file the Affidavit of Attorney's Fees instanter.

5.     For the reasons stated on the record, the Court is granting Sarina Ervin's attorney's fees totaling $1,200.00 relating to the Motion to Continue. Said $1,200.00 shall be paid by Raymond Ervin to Beerman LLP within 14 days.

6.     For the reasons stated on the record, Mr. Ervin's Motion to Reconsider filed May 13, 2021, is denied.

**EXHIBIT**

C

7. For the reasons stated on the record, Mr. Ervin's Motion to Dismiss Petitioner's Citation and Vacate All Orders or in the Alternate Stay all proceedings instanter filed April 19, 2021, is denied.

8. For the reasons stated on the record, Ms. Barlow's Motion for Protective Order filed April 13, 2021, is denied.

9. For the reasons stated on the record, Mr. Ervin's Motion to Dismiss Petitioner's Citation and Memorandum of Law in Support of Request of Turnover from Social Security Administration filed April 20, 2021, is denied.

10. For the reasons stated on the record, Ms. Ervin's request for a garnishment from Mr. Ervin's social security is granted and 65% of Mr. Ervin's disposable earnings per check shall be garnished by separate Order. Mr. Steele shall prepare the garnishment order and email it to the Court and carbon copy Mr. Ervin no later than Monday, June 21, 2021, at 3:00 p.m.. Mr. Ervin shall respond to said garnishment Order with any objections or proposed modifications no later than Tuesday, June 22, 2021 at 9:00 a.m.. The Court will then review the Order and it shall be entered on June 22, 2021.

11. Ms. Barlow's Oral Motion to seal documents is granted and the Clerk shall seal the attachments to Ms. Barlow's Motion to Dismiss filed on July 1, 2019.

12. Mr. Ervin shall provide a written answer to the citation issued to him on July 7, 2017 to Mr. Steele no later than July 9, 2021.

13. Ms. Barlow shall produce the remaining documents in the rider to Mr. Steele no later than July 9, 2021.

14. This matter is continued for an in-person citation examination of both Raymond Ervin and Gwendolyn Barlow on July 30, 2021, at 2:00 p.m. in C-403.

ENTERED:

_____

Judge                    No.


This 21st day of June, 2021.