PROCEDURAL HISTORY

1.) Sarina filed for divorce in Ottawa, Ontario, Canada and was granted an interim order on November 2, 1998, which established joint custody and child support.

2.) Sarina assigned the interim order to the Province of Ontario, Canada in February 1999 seeking child support enforcement despite the fact that Raymond at no time was delinquent in his support payments.

3.) That the Province of Ontario, Canada granted a bifurcated divorce to Raymond and Sarina on August 12, 1999 wherein, property matters were to be determined at a later date and retained all jurisdiction.

4.) That the Canadian Court granted an order on November 8, 1998, to allow the Ervin children to visit Raymond, in Chicago, November 24, 1999 to November 28, 1999. When the children arrived, Raymond had concerns, based on appearance of the children and their lack of luggage for the duration of the visit that the children had been neglected and needed medical attention. Upon a visit to the doctor, Raymond sought an Emergency Order of Protection against Sarina Ervin on November 24, 1999. A plenary order regarding Petition for Order of Protection was entered November 24, 1999 [Dkt 11, Ex. 2] with the Petition set for further hearing December 2, 1999, subsequently continued to December 3, 1999. The Summons, Order of Protection and a copy of the Petition filed by Raymond was sent to Sarina Ervin via overnight courier November 24, 1999. Sarina Ervin phoned Hague Convention Police and Royal Canadian Mounted Police on November 29, 1999 falsely reporting the abduction of the children. Raymond received an ex-parte order entered by the Ontario Superior Court of Justice, Family Court on November 29, 1999 whereby the court ordered that the children were to "be immediately

1

apprehended by the police force having jurisdiction and returned to Sarina Ervin, the custodial parent. Upon hearing on December 3, 1999, an Order was entered appointing guardian ad litem (GAL) to represent the children of the parties. The Order of Protection gave possession of the minor children to Raymond during its pendency. Based on the report from the GAL, the court declined jurisdiction and dismissed the Order of Protection and ordered the children returned to Sarina Ervin December 28, 1999.

5.) On July 5, 2000, the Ontario Court conducted an ex-parte hearing with Sarina, Raymond having no notice, which abrogated Raymond's parental rights, established child support and property matters, and assigns the order to the Province of Ontario.

6.) Sarina personally registers the July 5, 2000 order in Cook County, Illinois on May 23, 2001, however registration transferred for improper venue to Lake County, Illinois on September 14, 2001 wherein Sarina uses the case number of the Lake County State's Attorney's previously dismissed Case Number 00D2067 Title IV-D No. C01166815 on February 8, 2001. The case was the transferred matter from Cook County, however the transfer fees for Lake County were never paid and the case was dismissed on or about October 15, 2001.

7.) Sarina in her own accord, files Case Number 03D17444 on August 25, 2003, wherein an Illinois Dissolution of Marriage was sought with minor children, which was dismissed as not being properly before the court as Illinois refuses jurisdiction over Canadian divorce.

8.) Sarina in her own accord, refiles Case Number 00D2067 on or about February 23, 2004 to register the case under the Uniform Foreign Money Judgments Act (UFMJA),

2

which is dismissed July 30, 2004 wherein she is directed to seek enforcement under the Uniform Interstate Family Support Act (UIFSA).

9.) Sarina in her own accord, files Case Number 04D1943 on October 7, 2004, which refiled Case Number 00D2067 previously dismissed on or about July 24, 2008, which granted registration which was appealed by Raymond for lack of notice and fraud of ex-parte Canadian Order[1].

10.) The case sat dormant from August 26, 2010 to October 26, 2012 and was slated for destruction on March 7, 2013, no UIFSA Enforcement Hearing held and no judgment entered.

11.) On June 6, 2011, the Director of IHFS Title IV-D rendered a determination that the Canadian Order of July 5, 2000 was unenforceable for lack of due process to the non-custodial parent.

12.) Raymond filed Case Number 11-cv-06917 on or about September 26, 2011, in District Court under Lack of Due Process to stop any further action <u>prior</u> to acquiring knowledge that IHFS determined the Canadian Order or July 5, 2000 was unenforceable[2].

---

[1] During the course of the appeals to the State and Federal Courts neither Sarina nor her attorney revealed that Sarina waived her rights in April 2006 to any monies. This was never noticed to the Courts by Sarina and Raymond was unaware of this information. Raymond's appeals were unsuccessful.

[2] Despite diligent efforts to secure this information it was only made partially available to Raymond in a format available for the Courts' review on January 28, 2021. Further the State through ILSDU withheld this information from Social Security who upon receipt of the Termination of Income Withholding Order immediately ordered the cessation of garnishment of Raymond SSRB on December 20, 2021. Raymond alleges his Fifth and Fourteenth Amendment Rights to Due Process have been subverted by the State's action in withholding this information, which in turn permitted this matter to foment into the present criminal contempt citation. "We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland,* 373 U.S. 83 (1963), at 87.

13.) District and Seventh Circuit declined on lack of jurisdiction under *Rooker-Feldman* doctrine, however the determination by IHFS of the unenforceability of the Canadian Order was unavailable and would have rendered the action moot.

14.) Sarina filed numerous Citations to Discover Assets on October 28, 2016 using two vacated judgments. All Citations were quashed based on the vacated orders on February 10, 2017.

15.) Sarina filed another Citation to Discover Assets to the same parties on February 10, 2017, with the quashed order that was in violation of 735 ILCS 5/2-1402 and SCR 277 (missing certification and affidavit for successive citations).

16.) Lake County Court granted three Turnover Orders on March 15, 2017 against Raymond's exempt life insurance policies without his knowledge or consent (forcing a cash surrender).

17.) Sarina filed another Citation to Discover Assets to Raymond on July 7, 2017 without an affidavit for successive citations and the same quashed order) in violation of 735 ILCS 5/2-1402 and SCR 277.

18.) The Court issued a body attachment against Raymond on or about March 6, 2018 without personal service (Raymond had been in Ohio caring for his ill and elderly Mother and had no notice or opportunity to be heard.

19.) Sarina filed another Citation to Discover Assets against Gwendolyn Barlow as Third Party Respondent on or about April 13, 2018 with the quashed order that was in violation of 735 ILCS 5/2-1402 and SCR 277  (missing certification and affidavit for successive citations).

20.) The Lake County Court issued a body attachment against Gwendolyn on or about January 28, 2019 without process.

21.) The Court issued a body attachment against Raymond on or about March 6, 2019 without personal service or process (no Motion to Renew, Petition or Rule was ever filed by Petitioner.

22.) Sarina filed another Citation to Discover Assets to Social Security Administration (with the same quashed order) demanding production of Raymond's confidential social security information on or about August 12, 2019.

23.) The Lake County Court issued a body attachment against Raymond on or about January 28, 2020 without process.

24.) Raymond filed a Notice of Removal on or about October 9, 2020 which was remanded on or about November 17, 2020.

25.) The Lake County Court issued a garnishment order of Raymond's Social Security Retirement Benefits on June 18, 2021.

26.) The Lake County Court issued 30 day incarceration sentences for Raymond and Gwendolyn for contempt without purge provisions on October 15, 2021.

27.) Raymond and Gwendolyn filed a Notice of Removal on November 15, 2021.