UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SARINA ERVIN, | ) | |
| | ) | |
| Petitioner, | ) | 21 C 6064 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| RAYMOND ERVIN, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| GWENDOLYN BARLOW, | ) | |
| | ) | |
| Third-Party Respondent. | ) | |

**ORDER**

For the reasons set forth below, Petitioner's motion to remand [6] is granted. This matter is remanded to the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois. The Clerk is directed to effectuate the remand forthwith. Petitioner's request for fees and costs under 28 U.S.C. § 1447(c) is granted. By 1/6/2022, Petitioner shall file a memorandum, with evidentiary support, setting forth the fees and costs she incurred in seeking remand. Respondent and Third-Party Respondent shall respond to Petitioner's memorandum by 1/20/2022; Petitioner shall reply by 1/27/2022. The 12/17/2021 status hearing [14] is stricken. A hearing on the amount of the § 1447(c) award is set for 2/8/2022 at 9:30 a.m. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Civil case remanded.

**STATEMENT**

The background of this matter is set forth in *Ervin v. Ervin*, 849 F. App'x 168 (7th Cir. 2021) (*Ervin II*), and *Ervin v. Ervin*, 571 F. App'x 464 (7th Cir. 2014) (*Ervin I*). Familiarity with those opinions is assumed. Raymond Ervin, this time joined by Gwendolyn Barlow, has once again removed this suit to federal court. Doc. 1. Sarina Ervin moves to remand, Doc. 6, and her motion is granted. There are many grounds for remand, but only two need be discussed.

First, Raymond is subject to a *Mack* order that bars him from filing any paper in any federal court in the Seventh Circuit unless and until he pays Sarina the $7,800 assessed by the Seventh Circuit in *Ervin II*. Doc. 7-3. Raymond does not acknowledge the *Mack* order, let alone

assert that he has paid Sarina $7,800. Doc. 11. Accordingly, Raymond was not entitled to remove this matter, which of course involves filing a paper in this court. And by failing to address the *Mack* order, Raymond forfeited any argument he might have had that it did not bar him from attempting a removal.

Second, the removal was untimely under 28 U.S.C. § 1446(b). At the very latest, the removal clock started on June 21, 2021, when the state trial court issued an order requiring Raymond and Barlow to produce documents pursuant to previously issued citations to discover assets, Doc. 7-4, or, at the very, *very* latest, on July 30, 2021, when the state trial court issued a rule to show cause, Doc. 7-5, that, when they failed to comply, resulted in the contempt order sentencing them to 30 days in the Lake County Jail, with the opportunity to purge, Doc. 7-7. (The clock almost certainly started before July 2021, *see Ervin v. Ervin*, No. 20 C 6006 (N.D. Ill.), ECF No. 14 (Nov. 17, 2020), but there is no reason to run that question to ground.) Even if the clock had started on July 30, 2021, Raymond and Barlow's notice of removal, filed on November 15, 2021, fell far outside the 30-day window allowed by § 1446(b). *See Ervin II*, 849 F. App'x at 169 ("[E]ven if Raymond sought to remove only the 2019 citation issued to the Social Security Administration, he filed his notice of removal far beyond the third-day window, *see* § 1446 … .").

Sarina seeks attorney fees and costs under 28 U.S.C. § 1447(c), which allows for a fee and cost award "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Raymond's removal was objectively unreasonable for both of the reasons set forth above, and Barlow's was objectively unreasonable for the second reason. It is beyond dispute that they removed this suit simply to continue their efforts to avoid having to produce documents in the state court action and, if they failed to do so, serving 30 days in jail for contempt. If, as the Seventh Circuit held, a § 1447(c) award was warranted in *Ervin II*, it surely is warranted here.

December 16, 2021

_____
United States District Judge