IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sarina Ervin, <br> Petitioner, <br><br> v. <br><br> Raymond Ervin, <br> Respondent, <br><br> and <br><br> Gwendolyn Barlow, <br> Third Party Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:21-cv-06064 <br> ) Judge Gary Feinerman, Presiding <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**RESPONDENTS' MOTION FOR RECONSIDERATION OF ORDER TO REMAND**

Respondents, Raymond Ervin ("Raymond") and Gwendolyn Barlow ("Gwendolyn") hereby file a Motion for Reconsideration of the Court's Order [Dkt. 15] to Remand pursuant to FRCP 60 (b). Raymond and Gwendolyn also incorporate by reference in their response, the arguments, evidence, and authorities set forth in the Notice of Removal and Response and Objection to Motion to Remand [Dkt. 1 and Dkt. 11].

**I.       The Court Notes That Respondent Raymond Ervin Failed to Address Mack in His Opposition Brief**

The Respondents duly note to the Court that it is axiomatic the *Mack* order is in fact a nullity given that the Petitioner's claim in controversy is based upon an unenforceable order, which given *Already, LLC v. Nike, Inc.* and a long string of Federal case law rendered it moot. Justice Antonin Scalia, in his dissent in *Honig*, emphasized that the *mootness doctrine*[1] has "deep roots in the common-law understanding, and hence the constitutional understanding, of what

---
[1] ArtIII.S2.C1.2.7.1 Mootness Doctrine

makes a matter appropriate for judicial disposition." *Honig,* 484 U.S. at 339 (Scalia, J., dissenting). As such Respondents have represented in that their briefs at Dkt. 11 page 2-4. Wherein the failure by the Petitioner to present to the Courts a "live" controversy within the metes and bounds of Article III, Section 2 in their claims to the support the remand, constituted a failure of their duty to inform the Court as required by Article III, Section $2^2$, wherein subsequently, the *Mack* order resulted. Here as the Petitioner has misrepresented the matter before the Court in failing to reveal that the State Agency (IHFS) had rendered the Canadian Order unenforceable for lack of due process to the non-custodial parent on June 6, 2011, and further failed to appeal or seek judicial review within the statutory sixty (60) day period rendered this determination final and non-reviewable as per *Califano v. Sanders*, 97 S.Ct. 980 (1977) and 42 U.S.C. 405. Further, the Petitioner has never refuted this nor presented any evidence to controvert this fact, in accordance with FRCP 216 (c) - Admission in the Absence of Denial. The Respondents have further provided evidence of the Illinois State Disbursing Unit (ISDU) Termination of Income Withholding Order of April 24, 2019 [Dkt. 1-41] and the Social Security Administration (SSA) Cease Withholding Order of December 20, 2020 [Dkt. 1-63] issued subsequent to the IHFS June 6, 2011, determination, as collateral support for the veracity of this evidence. Further, Respondents have asserted that their Equal Protection and Due Process Rights are impinged by the failure of the Petitioner and State actors to timely release exculpatory evidence to this effect.

Consequentially, as a matter of the *mootness doctrine* the Petitioner cannot present to the Court its case in chief for remand based upon the moot Canadian order, when in fact the Court is

---

[2] Thus, "if an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit[]' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 161 (2016) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013)).

2

prohibited by Article III from hearing Petitioner's arguments, as those lie beyond the justiciable bounds of the Court. It in turn follows that the any order rendered by the Court on a matter that has become moot must be vacated and rendered a nullity in law. Such is the case for all proceedings based upon the Petitioner's claim for a right of action, as these have been extinguished due to the failure to timely appeal the IHFS determination. "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgements and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." *Williamson v. Berry,* 49 U.S. 495, 541 (1850).

Raymond acknowledges that he has not paid the $7800 to Petitioner and holds that his justification is that a void order has no effect and given that the IHFS order is final and non-reviewable, that there is no child support due, that the IHFS order superseded the Petitioner's Canadian order, and the Petitioner withheld exculpatory evidence from the court – this action was justifiable. Given *Berry*, Raymond reasoned that the Court acting beyond its jurisdiction would result in breathing life into a void and unenforceable order, in detriment to his Due Process and Equal Protection Rights. Therefore, Raymond would not be bound by an unenforceable order as there was no child support or arrearage due based on the determination of IHFS and Social Security [Dkt 1-41, 1-63]. "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit[]' at any point during litigation," then—subject to certain exceptions analyzed below— "the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160–61 (2016) (quoting Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 72 (2013)). This would except the Court's

application of the *Mack* order as Respondent Raymond relied on the Illinois Supreme Court's holding in *RW Sawant*:

"We note initially that "[a] judgment, order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void, and may be attacked at any time or in any court, either directly or collaterally." (Emphasis added.) (Barnard v. Michael (1945), 392 Ill. 130, 135; City of Chicago v. Fair Employment Practices Com. (1976), 65 Ill.2d 108, 112. See Dorr-Wood, Ltd. v. Department of Public Health (1981), 99 Ill. App.3d 170, 173.)." *RW Sawant & Co. v. Allied Programs Corp.*, 111 Ill.2d 304 (1986).

## II.  The Court Notes That Respondents Notice of Removal is Untimely

The Court notes that "… at the very, *very* latest, on July 30, 2021…" However, the Court overlooks the fact that the Rules to Show Cause issued by the Court on or about July 30, 2021, were vacated on September 10, 2021 [Dkt. 1-15]. The Court scheduled hearings for Petitioner's newly filed Petitions for Rule to Show Cause [Dkt 1-15] returnable for hearing on October 15, 2021. It is at that hearing, the Court ordered Respondents incarcerated for 30 days [Dkt. 1-17] and a federal question arose regarding the contempt order. Pursuant to 28 U.S.C § 1446 (b)(3), which states in pertinent part, "… if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.", the Respondents timely filed their Notice of Removal. See *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823 (7th Cir. 2013).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Respondents ask for the following relief:

A. Grant Respondent's Motion For Reconsideration;

B. Vacate the Court's Order to Remand to the State Court;

C. Any further relief as this Court may deem just and proper.

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing RESPONDENTS' MOTION FOR RECONSIDERATION OF ORDER TO REMAND, was e-filed through ECF and electronically served on December 17, 2021 to:

> Matthew Elster
> 161 North Clark Street, Suite 3000
> Chicago, IL 60601
> mdelster@beermannlaw.com
> *Attorney for Petitioner*

DATED: December 17, 2021


By: s/Raymond N. Ervin
 s/Gwendolyn M. Barlow

Raymond N. Ervin, Pro Se
Gwendolyn M. Barlow, Pro Se
331 Springside Lane
Buffalo Grove, IL 60089
(847) 404-4375
ervinpatentlaw@gmail.com
(847) 204-0416
 barlowervin727@gmail.com