No. 21-1011

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

SARINA ERVIN,

Petitioner-Appellee,

v.

RAYMOND N. ERVIN,

Respondent-Appellant.

On Appeal from the United States District Court
for the Northern District of Illinois
Civ. No. 1:20-cv-06006, Hon. Jorge L. Alonso

BRIEF AND SHORT APPENDIX OF APPELLANT RAYMOND N. ERVIN

Raymond N. Ervin, Pro Se
331 Springside Lane
Buffalo Grove, IL
(847) 404-4375

Case: 1:21-cv-06064 Document #: 31-3 Filed: 01/10/22 Page 2 of 88 PageID #:1415
Case: 1:20-cv-06006 Document #: 33 Filed: 01/14/21 Page 1 of 8 PageID #:662
Case: 21-1011 Document: 3 Filed: 02/24/2021 Pages: 88

**F I L E D**

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

JAN 1 4 2021

**United States Courthouse**
**219 South Dearborn Street**
**Chicago, Illinois**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**DOCKETING STATEMENT**

**7CCA Docket No. 21-1011**

**Type of Action:** **Civil**

| | | |
|---|---|---|
| Sarina Ervin, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | Civil Action No. : 1:20-cv-06006 |
| | ) | |
| Raymond N. Ervin, | ) | Judge Jorge L. Alonso |
| | ) | |
| | ) | Northern District IL/Eastern |
| | ) | Division |
| Respondent-Appellant. | ) | |

**Statute or other authority establishing jurisdiction in the:**

District Court: <u>28 U.S.C. § 1441(b);</u>
Court of Appeals: <u>28 U.S.C. § 1291</u>

**Timeliness of Appeal:**

1. Date of entry of judgment or order appealed from: <u>11/30/20</u>
2. Date notice of appeal filed: <u>12/30/20</u>

**Is the order or judgment appealed from a final decision on the merits?** Yes

**Based on your present knowledge:**
**Will this appeal involve a question of first impression?** No

**If yes, please explain briefly:**

**Is any related case or cases raising related issues pending in this Court, any district court of this circuit, or the Supreme Court?** No

Case: 1:21-cv-06064 Document #: 31-3 Filed: 01/10/22 Page 3 of 88 PageID #:1416
Case: 1:20-cv-06006 Document #: 33 Filed: 01/14/21 Page 2 of 8 PageID #:663
Case: 21-1011 Document: 7 Filed: 02/24/2021 Pages: 88

**State the nature of the suit, the relief sought, and the outcome below.**

This is an action brought under 28 U.S.C § 1441(b) in an action to removal the matter from the Circuit Court of Lake County, IL. The District Court granted Petitioner's motion to remand ruling that Respondent did not satisfy the objective and reasonable analysis as the basis of the removal. Respondent is seeking to have the Order awarding costs and fees to Petitioner reversed.

**Issues to be raised on appeal.**

Whether the District Court erred when awarding costs and fees to Petitioner?

**Is settlement being discussed?** No

**Is disposition on motions, memoranda, or abbreviated briefing schedule appropriate?** No

**Is oral argument necessary?** No

**Were there any in-court proceedings below?** Yes

**Is a transcript necessary for this appeal?** No, on the belief that matter was limited to motion practice. Should the contrary be the case I would request said transcript.

**If yes, is transcript already on file with the District Court?** N/A, based on present knowledge of the file.

**List each adverse party to the appeal?** If no attorney, give address and telephone number of the adverse party. Attach additional page if necessary.

      Matthew Elster
      Beermann Law
      161 North Clark Street
      Suite 3000
      Chicago, Illinois  60601

**List name(s) and address(es) of appellant(s) who filed this notice of appeal and appellant's counsel.** Attach additional page if necessary.

Appellant name: Raymond N. Ervin
Attorney:     Raymond N. Ervin, Pro Se
            331 Springside Lane
            Buffalo Grove, Illinois 60089
            Ph:    (847) 404-4375
            Fax:   (847) 465-1910

Case: 1:21-cv-06064 Document #: 31-3 Filed: 01/10/22 Page 4 of 88 PageID #:1417
Case: 1:20-cv-06006 Document #: 33 Filed: 01/14/21 Page 3 of 8 PageID #:664
Case: 21-1011   Document: 7   Filed: 02/24/2021   Pages: 88

**Will you be handling the appeal?** (In criminal cases counsel below will handle the appeal unless relieved by this court.)   Yes

FRAP 12(b) provides that each attorney who files a notice of appeal must file with the clerk of the court of appeals a statement naming each party represented on appeal by that attorney.  Any counsel, other than the attorney filing this form, who filed a notice of appeal must provide the requisite statement to be attached to this form.


Signature: /s/ Raymond N. Ervin
Date: January 11, 2021

ATTACHED:
COPY OF THE ORDER OR JUDGMENT FROM WHICH THE APPEAL IS TAKEN.
CERTIFICATE OF SERVICE FOR THIS DOCKETING STATEMENT.
COPY OF THE ORDER GRANTING EXTENSION OF TIME TO FILE NOTICE OF APPEAL.

Case: 1:21-cv-06064 Document #: 31-3 Filed: 01/10/22 Page 5 of 88 PageID #:1418
Case: 1:20-cv-06006 Document #: 33 Filed: 01/14/21 Page 4 of 8 PageID #:665
Case: 21-1011 Document: 7 Filed: 02/24/2021 Pages: 88

## CERTIFICATE OR SERVICE

I hereby certify that on the date set forth below, I filed via, Email, the forgoing:

DOCKETING STATEMENT

with the Court using Temporary_E-Filing@ilnd.uscourts.gov, and sending via email which will serve the attached on counsel of record.

Dated: January 11, 2021                                    /s/ Raymond N. Ervin

Raymond N. Ervin, Pro Se
331 Springside Lane
Buffalo Grove, Illinois 60089
Ph:     (847) 404-4375
Fax:    (847) 465-1910

Case: 1:21-cv-06064 Document #: 31-3 Filed: 01/10/22 Page 6 of 88 PageID #:1419
Case: 1:20-cv-06006 Document #: 33 Filed: 01/14/21 Page 5 of 8 PageID #:666
Case: 21-1011    Document: 7    Filed: 02/24/2021    Pages: 88

# UNITED STATES DISTRICT COURT
## NORTHERN ILLINOIS – EASTERN DIVISION
### United States Courthouse
### 219 South Dearborn Street
### Chicago, Illinois 60601

## APPEAL DOCKETING FEE TRANSMITTAL

### Docket No. 1:20-cv-06006

**Type of Action:      Civil**

| | | |
|---|---|---|
| Sarina Ervin, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | Civil Action No. : 1:20-cv-06006 |
| | ) | |
| Raymond N. Ervin, | ) | Judge Jorge L. Alonso |
| | ) | |
| | ) | Northern District IL/Eastern |
| | ) | Division |
| Respondent-Appellant. | ) | |

**Fees included herein:**

District Court Filing Fee:      $5.00   Check No. 420195764 TCF Bank dated 9 January 2020

Appeal Docketing Fee:      $500.00   Check No. 420195763 TCF Bank dated 9 January 2020

Transmitted this 11th day of January 2021, by USPS Priority Mail 9410803699300131611719 to the above captioned address.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: /s/ Raymond N. Ervin                    Date: January 11, 2021
            Raymond N. Ervin, Pro Se
            331 Springside Lane
            Buffalo Grove, Illinois 60089
            Ph:      (847) 404-4375
            Fax:     (847) 465-1910
            ervinpatentlaw@gmail.com

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES.................................................................................... i

JURISDICTIONAL STATEMENT...................................................................... 1

STATEMENT OF THE ISSUE ........................................................................... 1

STATEMENT OF THE CASE ............................................................................ 1

A. Procedural History ........................................................................................ 1

B. Relevant Factual History ............................................................................. 1

SUMMARY OF ARGUMENT.............................................................................2.

ARGUMENT........................................................................................................ ..3

I.    Petitioner and Counsel Employed Fraud and Deceit to Remand
      The Case to The State…………………………………………………...…3

II.   In The Instant Appeal The Respondent Call The Court's Attention
      to The Flagrant Violations of Federal Law…………………………………6

III.  The District Court Relied Upon The Petitioner's Statements and
      Prior 7th Circuit Decision Tainted by Petitioner's Fraud to Reach
      a Decision on Remand The Case to The State and Award Attorney Fees………..7

IV.   Petitioner and Counsel Transgressions Are of a Continuing Nature and
      Pose a Substantial Risk of Irreparable Harm to Respondent and Third Parties….12

V.    Vacatur of Remand and Direct Referral to US Attorney Due to
      Ongoing Criminal Acts……………………………………………………15.

VI.   Respondent Must Be Restored to His Position Prior to April 2006……………...17

CONCLUSION........................................................................................................18

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ................................18

CERTIFICATE OF SERVICE ...........................................................................19

STATEMENT PURSUANT TO CIRCUIT RULE 30(d)...................................20

## TABLE OF AUTHORITIES

**Cases**

*Abrahamson v. Illinois Dept of Prof'l Regulation,*
    *153 Ill. 2d 76, 88, 606 N.E. 2d 1111, 1117 (1992)*.................................4
*Barlow v. Colgate Palmolive, Co.,*
    772 F.3d 1001 (4th Cir. 2014)...........................................16, 17
*Blessing v. Freestone,*
    520 U.S.329, 117 S. Ct, 1353, 137 L.Ed.2d 569 (1997)........................11
*Bridge v. Phoenix Bond & Indem. Co.,*
    553 U.S. 639 (2008)........................................................14
*Bulloch v. United States,*
    721 F.2d 713, 718-719 (10th Cir.1983)..........................................5
*California Bankers Ass'n v. Shultz,*
    416 U.S. 21 (1974)........................................................14
*Cooter & Gell v. Hartmax Corp.,*
    496 U.S. 384, 389-90, 110 S.Ct 2447, 110 L.Ed.2d 359 (1990).................16, 17
*DeFunis v. Odegard,*
    *416 U.S 312 (1974)*.......................................................3
*Domozik v. Cohen,*
    413 F.2nd 5 (3rd Cir., 6/30/69)...........................................5, 6
*Ervin v. Ervin,*
    571 Fed.Appx. 464, 465 (7th Cir 2014).........................................7
*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,*
    322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250.....................................5
*H.K. Porter Co. v. Goodyear Tire & Rubber Co.,*
    536 F.2d 1115, 1119 (6th Cir. 1976).........................................6
*In re Tri-Cran, Inc.,*
    98 B.R. 609, 616 (Bankr. D. Mass. 1989).......................................5
*Kaun,*
    827 F.2d at 1148..........................................................12
*Lalvini v. Human Rights Comm'n,*
    324 Ill. App. 3d 774, 783, 755 N.E. 2d 51, 60 (1st Dist. 2001)...................4
*Lawson Prods.,*
    782 F.2d at 1437..........................................................12
*Loughrin v. United States,*
    573 U.S. __ (2014).......................................................14
*Luchesi v. Ret. Bd. Of Firemen's Annuity & Benefit Trust Fund of Chicago,*
    *333 Ill. App. 3d 543, 548, 776 N.E. 2d 703, 708 (1st Dist. 2002)*................4
*Martin v. Franklin Capital Corp.*
    546 U.S. 132, 140 (2005)...................................................9
*McDonald,*
    561 U.S., at 767, 130 S.Ct. 3020...........................................9
*Neder v. United States,*
    527 U.S. 1 (1999)........................................................14

*Pasquantino v. United States,*
    544 U.S. 349 (2005)…………………………………………..……14
*Reed v. Morton,*
    979 F.2d 853 (7th Cir. 1992)……………………………………..12
*Ringgold-Lockhart v. County of Los Angeles,*
    761 F. 3d 1057 - Court of Appeals, 9th Circuit 2014……………………………7
*Sprague v. Ticonic National Bank,*
    307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184………………………………5
*Timbs v. Indiana,*
    139 S. Ct. 682 - Supreme Court 2019………………………………………9
*Trettenero v. Police Pension Fund of City of Aurora,*
    *333 Ill. App 3d 792, 801 776 N.E. 2d 840, 849 (2d Dist. 2002)*………………4
*Universal Oil Products Co. v. Root Refining Co.,*
    328 U.S. 575, 66 S.Ct. 1176, 90 L.Ed. 1447…………………………5
*United States v. Gray,*
    Criminal No. 11-13 (W.D. Pa. May. 1, 2012)………………………………13
*United States v. Throckmorton,*
    98 U.S. 61, 25 L.Ed. 93…………………………………………5
*Victoria McCunney et al v. Gardner,*
    374 F.2d 110 (3rd Cir., 2-24-67)………………………………...6
*Walker v. Trailer Transit, Inc.,*
    727 F.3d 819 (7th Cir. 2013)………………………………...…8, 9


**Statutes and Rules**

28 U.S.C. § 1291…………………………………………………1
28 U.S.C. § 1332…………………………………………………8
28 U.S.C. § 1441 (a)……………………………………………9
28 U.S.C. § 1441 (b)…………………………………………...1, 9
28 U.S.C. § 1446…………………………………………………1
28 U.S.C. § 1446 (b)(1)………………………………………8
28 U.S.C. § 1446 (b)(3)………………………………………8, 11
28 U.S.C. § 1446 (c)(1)………………………………………8
28 U.S.C. § 1447 (c)……………………………………………9
28 U.S.C. § 1447 (d)……………………………………………16
42 U.S.C. § 402…………………………………………………10
42 U.S.C. § 407, et seq.………………………………………2
42 U.S.C. §§ 407, 652(b), 659, 662(f)………………………4
42 U.S.C § 1306…………………………………………………6
42 U.S.C. § 1983…………………………………………3,7,9,11
735 ILCS 5/3-110 (West 2000)………………………………4
750 ILCS 22/305(f)………………………………………12, 14
FRCP Rule 11(b)……………………………………3, 6, 9,15-17
FRCP Rule 11(c)(3)………………………………………3
FRCP Rule 60(b)………………………………………...10, 15

FRCP Rule 60(b)(3)..............................................................................4, 16, 17

Illinois SCR 277..............................................................................................2

## Regulations

20 C.F.R. § 404.937..........................................................................................5

## Other Authorities

*Missouri Law Review*
Vol. 81, Issue 1, Winter 2016, Article 18, *Remands by Deception*,
William M. Janssen, pages 101, 108-112.................................................15

## JURISDICTIONAL STATEMENT2

Respondent-Appellant Raymond N. Ervin ("Raymond") filed a Notice of Removal against Sarina Ervin ("Sarina") pursuant to 28 U.S.C. § 1446 [ECF 1]. The District Court had Federal question jurisdiction pursuant to 28 U.S.C. § 1441 (b). [ECF 1]. The District Court issued a final judgment as to all claims and parties on November 30, 2020. [ECF 20]. Raymond timely appealed on January 4, 2021. [ECF 24]. This Court has jurisdiction over this appeal from a final judgment under 28 U.S.C. § 1291).

## STATEMENT OF THE ISSUE

Respondent-Appellant Raymond N. Ervin ("Raymond") appeals the decision of the Court to award attorney's fees and costs regarding the remand due to recently discovered deception by the Petitioner and her Counsel in their presentations to the tribunal to procure said remand, upon which the Court relied resulting in error and abuse of discretion.

## STATEMENT OF THE CASE

A.     Procedural History

Respondent filed a Notice of Removal in the U.S. District Court for the Northern District of Illinois against Petitioner based on an attempt to garnish Raymond's Social Security benefits that violated the Social Security Act ECF 1. Petitioner moved to remand the matter to State Court ECF 8. The district court granted Petitioner's motion and remanded the case ECF 14 and granted Petitioner leave to file for attorney costs and fees ECF 15. Raymond moved to object, ECF19, however the court denied the motion and granted Petitioner's motion for attorney costs and fees ECF 20. Respondent filed a motion to extend the time to file an appeal ECF 22 and the court granted Raymond's motion ECF 22 and this appeal followed ECF 24.

B.     Relevant Factual History

Respondent has defended against the Petitioner's attempt to assert rights that she assigned to the Province of Ontario Canada as a Title IV-D recipient in 1999. Petitioner has filed numerous

actions in the Lake County Circuit Court to seek orders enforcing an order from Canada that has never been properly before the Court. There have been four different cases, from 2000 to present where Petitioner has purported the registration and enforcement of a Canadian post decree matter [ECF 1, 45]. There has never been an enforcement order issued by Lake County or any other court in the United States. Throughout the history of the case, Petitioner has not admitted that she assigned her rights to the Province of Ontario; that she received child support assistance from the Province of Ontario and a childcare support trust established and funded by Raymond from 2001 through 2014; and that she waived her right to collect money from the Province of Ontario prior to coming to Illinois to assert rights that she had previously assigned and waived.

In 2016, Petitioner issued numerous Citations to Discover Assets to life insurance companies where Raymond owned policies with his children as beneficiaries using orders that had been vacated by Lake County Circuit Court. The Court quashed the citations in 2017. Petitioner then refiled unexecuted citations without statutory affidavit support using the same order from the quashed citation, forsaking the requirements for successive citations pursuant to Illinois SCR 277, and the Court subsequently granted turnover orders of the cash surrender of the life insurance policies without an evidentiary hearing even though the life insurance policies were exempted by statute.

In 2019, Petitioner issued a Citation to Discover Assets to the Social Security Administration seeking to garnish Raymond's Social Security benefits predicated on the same Canadian order that was subject to vacatur by the Lake County Court in 2010. The law is clear that Social Security benefits are not subject to garnishment, however Petitioner continues to seek garnishment under the guise of child support when she has no interest in the order that she purports to enforce. The Lake County Circuit Court has set a briefing schedule to hear Petitioner's Certificate to Discover Assets contrary to its lack of jurisdiction in Social Security matters. Since Social Security is a federal statute, it is governed by federal jurisdiction pursuant to 42 U.S.C. § 407, et seq.

## **SUMMARY OF ARGUMENT**

The standing requirement, as governed by Article III of the U.S. Constitution, permits federal courts to adjudicate only cases or controversies. A case or controversy must comprise an actual injury that can be redressed. In this case, Petitioner assigned her rights to the Province of

Ontario in 1999 and thus waived her rights to pursue any claims in the matter, thus invoking lack of standing as she cannot demonstrate an actual injury in this matter.  Consequently, there is no case or controversy to be addressed as cannot assert the rights that she renounced with her assignment to the Province of Ontario.  Since she has n rights in this matter, she cannot appear before any court in Illinois to assert rights to something that she assigned.  The newly discovered evidence substantiates Raymond's defense that Petitioner lacks standing and there is no case or controversy in this matter because Petitioner cannot evidence actual injury.  Notwithstanding and in spite of, Petitioner has come to Illinois and asserted the rights belonging to the Province of Ontario for her own pecuniary gain. She has continued to perpetrate her position, knowing that she had no standing and thus sustained no actual injury. Since Petitioner has no standing, pursuant to Article III of the U.S. Constitution, and the fact that she has submitted herself to the jurisdiction of the courts in Illinois, Raymond has appealed to the federal court to adjudicate the matter and render a decision consistent with the law and the facts presented herein.

## ARGUMENT

### I.

**Petitioner and Counsel Employed Fraud and Deceit to Remand The Case to The State**

### A.

The Petitioner and her Counsel have failed their duty of candor before the Court under FRCP Rule 11(b) and created a prodigy of void and null orders in both the Federal and Illinois Courts on which they rely to vitiate the Respondent's 42 U.S.C. § 1983 rights to seek redress. The Respondent's merits on Removal have yet to be reached due to the bias created by the Petitioner and her Counsel, as the Respondent requires the power of the Court's tools of discovery to fully disclose the full nature and breadth of this deception. In the instant appeal, new evidence of a criminal nature has become available to support the Respondent's contentions and demonstrate that this fraud has impacted every Court filing made by the Petitioner since April 2006, wherein the prior rulings of both the 7th Circuit and N.D. Ill which should be reviewed for mootness based on this deception. See *DeFunis v. Odegaard, 416 U.S. 312 (1974)*. The Court however is not without the power to sanction the Petitioner and her Counsel *sua sponte* under FRCP Rule 11(c)(3) and may vacate the

remand under FRCP Rule 60(b)(3) to prevent irreparable harm to the Respondent and Third Parties by transgressions of a continuing nature and make direct referral to U.S. Attorney for action.

B.

That the Petitioner and her Counsel corrupted the Court's mechanism of justice as they concealed the fact that the Petitioner had not only assigned her rights to the Province of Ontario (a member CSEA state) in March 1999 in accordance with Title IV-D [ECF 1, 45] but had subsequently waived the payment of funds due her since April 2006. Further, the as noted in the correspondence received from Illinois Healthcare and Family Services (IHFS) they cannot collect amounts due foreign governments for child support [Ex. 2] and the FOIA Inquiry in response to the question of IHFS if the State of Illinois uses private attorneys in the official capacity of representing Title IV-D clients yielded a reply of no information on file [Ex. 3]. IHFS further maintains that there is no balance due [ECF 1, 29] and this has been confirmed by SSA in their correspondence ceasing garnishments on 22 December 2020 [Ex. 4].

C.

In the instant case, Social Security Administration has clearly stated their decision in the matter which prohibits the Petitioner from being able to garnish Raymond's benefits as the Social Security Administration [in compliance with 42 U.S.C. §§ 407, 652(b), 659, 662(f)] also deemed the order unenforceable and issued a directive to cease any garnishment of Raymond's SSA benefits [Ex. 4], which was based on the IHFS order of April 24, 2019 [ECF 1, 29]. "The findings and conclusions of an administrative agency on questions of fact are prima facie correct. 735 ILCS 5/3-110 (West 2000). Thus, on judicial review, the reviewing court should not reverse an administrative agency's determinations unless they are contrary to the manifest evidence. *Abrahamson v. Illinois Dept. of Prof'l Regulation*, 153 Ill. 2d 76, 88, 606 N.E. 2d 1111,1117 (1992); *Trettenero v. Police Pension Fund of City of Aurora*, 333 Ill. App 3d 792, 801, 776 N.E. 2d 840, 849 (2d Dist. 2002) but see *Luchesi v. Ret. Bd. Of Firemen's Annuity & Benefit Trust Fund of Chicago*, 333 Ill. App. 3d 543, 548, 776 N.E. 2d 703, 708 (1st Dist. 2002) (noting that this deferential standard is not controlling where the agency is prejudiced or biased and incapable of giving the claimant a fair hearing)." "A reviewing court will give substantial deference to an administrative agency's interpretation of a statute that agency administers." *Lalvini v. Human*

004

*Rights Comm'n,* 324 Ill. App. 3d 774, 783, 755 N.E. 2d 51, 60 (1st Dist. 2001). And further, see *Domozik v. Cohen,* 413 F.2nd 5 (3rd Cir., 6/30/69) 20 C.F.R. § 404.937 states as follows:

§ 404.937 Dismissal for cause.

The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(*a*) *Res judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance *or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing or review,* or to commence a civil action with respect to such determination or decision (see §§ 404.911, 404.918, 404.946 and 404.951). (Emphasis added.)

This evidence was not available to the Respondent at the time of the Motion for Removal was being considered but was well known to the Petitioner and her Counsel and *has still not been revealed to the Courts.* It is upon this concealment that the Petitioner's claims base their reliance, wherein they have employed a litany of procedural roadblocks and deceptive means to breathe life into a nullity and create this legal fiction. Each of their rulings is heaped upon the former sham such that the obfuscation appears so overwhelming as to make the evidence appear irrefutable by creating null and void rulings in both the Federal and State Courts. When in fact at the very core of Petitioner's claim is a hollow sham of dicta. Such reprehensible conduct and actions that fraudulently coerces or influences the court itself or a member of the court, such that the impartial nature of the court has been compromised is abhorrent to the legal profession. "It is beyond question that a federal court may investigate a question as to whether there was fraud in the procurement of a judgment. *Universal Oil Products Co. v. Root Refining Co.,* 328 U.S. 575, 66 S.Ct. 1176, 90 L.Ed. 1447. This is to be done in adversary proceedings as in the case before us. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250; *Sprague v. Ticonic National Bank,* 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; and *United States v. Throckmorton,* 98 U.S. 61, 25 L.Ed. 93." See *Bulloch v. United States,* 721 F.2d 713, 718-719 (10th Cir.1983). "An attorney, as an officer of the court, has a duty of honesty towards the court." *In re Tri-Cran, Inc.,* 98 B.R. 609, 616 (Bankr. D. Mass. 1989). "Where an attorney neglects that duty and obtains a judgment based on conduct that actively defrauds the court, such judgment may

be attacked, and subsequently overturned, as fraud on the court." *H.K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976).

The strength of Petitioner's arguments being to direct the Court away from examining the three essential aspects of a lawsuit; a justiciable matter based upon an enforceable judgment or legally binding controversy, standing to bring said controversy and jurisdiction over the parties and the controversy. The Petitioner suffered no harm and possessed none of these aspects, as such Petitioner and her Counsels persistence in contravention of the FRCP merits the Court's scrutiny for sanctions under FRCP Rule 11(b).

II.

## In The Instant Appeal The Respondent Call The Court's Attention to The Flagrant Violations of Federal Law

A.

At some time, unbeknownst to the Respondent, the Petitioner and Counsel gained unauthorized access to the Respondent's SSA account and began garnishing his SSRB in May 2018 without benefit of garnishment withholding order and despite the fact the Respondent received neither notice or an enforcement hearing. Respondent has never been able to gain access to his records to completely review and reverse this matter and despite the Illinois State Disbursement Unit (ILSDU) returning all but $3,147.00. On 22 December 2020, the SSA Great Lakes Regional ordered the garnishment to cease and issued said letter to that effect, wherein it was noted that SSA ended the garnishment based on court order [Ex.4] Upon further inquiry with ILSDU and IHFS revealed that Petitioner waived her claim in April 2006 and had not appealed the decision and the case was closed and the file was terminated 24 April 2019. See *Victoria McCunney et al v. Gardner*, 374 F.2d 110 (3rd Cir., 2-24-67) and *Domozik v. Cohen*, 413 F.2nd 5 (3rd Cir., 6/30/69). Nonetheless, the Respondent was severely inconvenienced by the garnishment until December 2020, wherein the record reflects that these funds were directed to the Petitioner. In a court hearing 11 January 2021, Petitioner on a Citation to Discover Assets against SSA seeking an order to gain access to Respondent's financial records produced a letter from the Mount Prospect SSA with Respondent's information in violation of 42 U.S.C § 1306 (Disclosure of SSA Information). Further transgressions of this breach of privacy evidenced themselves when Petitioner and Counsel

sought to garnish Respondent's SSA funds electronically deposited in TCF Bank [Ex. 8] and failed to provide statutory three day notice to Respondent.

## B.

This evidence only became aware to the Respondent on 28 January 2021 by process of subpoena that the IHFS through the Attorney General of Illinois seeks to quash [Ex. 9]. This information although well known to the Petitioner and her Counsel was withheld from both the Illinois and Federal Courts and was used to portray the Respondent as a "deadbeat dad" that pursued vexatious ligation rather than paying child support when in fact the Respondent had no such liability, knowing that doing so would cast a shadow of dispersion upon him and favor their ends. The fact that the Petitioner; had no 42 U.S.C. § 1983 rights due to her assignment in March of 1999, waived of any claim in April of 2006, that no controversy at law existed and that there was no substantial connection to the venue or standing posits that it is the Petitioner has maintained a litany of vexatious litigation and deception that has polluted the water of justice that has contaminated both this very Circuit and entire Illinois Judicial System. Noting that the *Ervin v. Ervin,* 571 Fed.Appx. 464, 465 (7th Cir 2014) and its underlying case must be nullified as the deceptive concealment of these facts renders the case moot. Further the reliance on this or any judgment or litigation commenced subsequent to April 2006 is moot and a nullity. This reaches the very order that the Petitioner and her Counsel assert as registering her Canadian Order in Illinois as a falsehood, as there existed no claim as of April 2006 which and proceeded the June 2007 Registration Hearing and Order and was *never brought to the attention of the Court.* Sarina has demonstrated a history of vexatious litigation spanning over 16 years across four (4) different cases [Ex.1] in excess of several hundred actions in the Lake County Circuit Court all while asserting the rights that she does not have. This conduct amounts to frivolous actions without merit exhibiting a pattern of harassment and a blatant disregard for the sanctity of the Court. *See Ringgold-Lockhart v. County of Los Angeles*, 761 F. 3d 1057 - Court of Appeals, 9th Circuit 2014.

## III.

**The District Court Relied Upon The Petitioner's Statements and Prior 7th Circuit Decision Tainted by Petitioner's Fraud to Reach A Decision On Remand The Case to The State and Award Attorney Fees**

A.

The Court, noted as a basis for the award of costs and fees to Sarina, the untimely filing of the Notice of Removal by Raymond. If Sarina had not concealed material information from the Court that she had waived her right to receive money from the Province of Ontario and that no child support was due to her, Raymond had every right to remove the case pursuant to 28 U.S.C. § 1446 (b)(3) when Sarina served Social Security Administration with a Citation to Discover Assets. Section 1446 (c)(1) states, "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the **plaintiff has acted in bad faith in order to prevent a defendant from removing the action**." [Emphasis added].

B.

In the instant case of the Remand of the Removal, the Judge reached beyond the restrictions to review the removal based exclusively on jurisdiction and timeliness without giving deference to the rulings of the 7th Circuit when he ignored *Walker v. Trailer Transit, Inc.* pursuant to 28 U.S.C. § 1446(b)(3), " Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." [emphasis added]. The Seventh Circuit Court of Appeals, in *Walker v. Trailer Transit, Inc.*, 727 F.3d 819 (7th Cir. 2013), clearly elucidates the nature of the statute, its time provisions and when and how the 30-day time provisions are prompted.

"The general removal statute includes two different 30–day time limits for removal. The first applies to cases that are removable based on the initial pleading. In such a case, the notice of removal "shall be filed within 30 days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief" or within 30 days of service of the summons "if such initial pleading has then been filed in court and is not required to be served on the defendant." 28 U.S.C. § 1446(b)(1). However, if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

ascertained that the case is one which is or has become removable." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823 (7th Cir. 2013) [Emphasis added].

The Court also indicated that another reason to remand the case and award fees to Sarina was the failure to join Social Security Administration. The statute reads in pertinent part, "(A)When a civil action is removed **solely under section 1441(a),** all defendants who have been properly joined and served must join in or consent to the removal of the action". The present case was removed also under section 1441 (b), thus it can be concluded that because Raymond's basis for removal was not solely section 1441(a), Social Security Administration was not required to join in or consent to the removal of the action.

C.

He then reached the merits when he chose to disregard the veracity of Respondent's evidence due to Petitioner's Counsel's disingenuous claims and deception by secreting the fact the Petitioner had no controversy in law due to her assignment and waiver, whereby they failed their duty of candor under FRCP 11(b). The Judge, obviously prejudiced by the Petitioner's disingenuous brief, then took the unusual step to punish the Respondent by citing *Martin v. Franklin Capital Corp.* 546 U.S. 132, 140 (2005) as the basis for assigning fees under §1447(c), despite the fact it was known to the Court that the Respondent is a disabled Social Security recipient without means. This action appears to fly in the face of *Timbs v. Indiana,* 139 S. Ct. 682 - Supreme Court 2019, wherein the Court found that "In short, the historical and logical case for concluding that the Fourteenth Amendment incorporates the Excessive Fines Clause is overwhelming. Protection against excessive punitive economic sanctions secured by the Clause is, to repeat, both "fundamental to our scheme of ordered liberty" and "deeply rooted in this Nation's history and tradition." *McDonald*, 561 U.S., at 767, 130 S.Ct. 3020 (internal quotation marks omitted; emphasis deleted)."

D.

The Petitioner and Counsel actions to prevail and affect the remand of the case through deception abrogated the Respondent's 42 USC § 1983 rights and has unfairly shifted the burden of verifying his innocence and lack of liability by abstracting the power of the Court to seek remedy through discovery and due process. This injustice is further compounded as the Petitioner's Counsel has

009

gained unauthorized access to the Respondent's SSA records, has false reported information to credit bureaus, has without Court order garnished SSA benefits, has used Citations to Discover Assets to attempt to seize Respondent's SSA funds in violation of 42 U.S.C. § 402, committing identity theft, committing insurance fraud, securing civil bench warrants under false pretenses and unduly burdening Respondent with legal and attorney fees. The remand of the removal was the desired vehicle to allow the Petitioner and her Counsel to continue their illicit conduct using the veil of the Court as their shield, by relying on process and procedure to shield them from the civil and criminal penalties of their actions, while rendering the Respondent destitute and being viewed in a dim light wherein his objections and evidence were not deemed credible. Such a position would be abhorrent to the Federal Courts as the disregard for the Rule of Law and the Duty of Candor are but a farce, however FRCP Rule 60(b) provides that this Court does in fact have a remedy without upsetting its holdings on the review of removal, that the remand order may be vacated due to deception and that a permanent injunction may be granted against the Petitioner and her Counsel and the matter referred to the Office of the U.S. Attorney for N.D. Illinois. Further, the Court given this information could rectify its records to remove the nullified cases in the District Court and Appellate Court and order the same of the Illinois Supreme Court.

E.

Further, in the Court's order, he quoted *Martin* as a basis for awarding fees where "the removing party lacked an objectively reasonable basis for seeking removal…" This is where the Court went beyond its discretion by deducing the relevancy of Respondent's arguments as somehow meritless and thus failing to satisfy the objectively reasonable basis test for removal. The Court further errs when it finds that "even if Raymond had had an objectively reasonable basis for removal, the Court *still* would have granted fees." As if this stand was not biased enough, the Court then goes further to hold that "these parties have been litigating over child support for ages." Each of these statements by the Court demonstrate an overreach based on bias even though Respondent's supporting record called out Petitioner's assignment of all rights to child support and that she lacked the ability to assert the rights of the Province of Ontario [ECF 1,45] which we have now come to know paid her child support from 1999-2006 and that she notified the Province of Ontario, Canada in 2006 that she waived the amount of money due her in the case only to come to Lake County, Illinois Circuit Court in 2007 to falsely assert rights, that she did not possess, to defend

the registration of the Canadian order. We now know that Petitioner knowingly concealed from the Lake County Circuit Court the facts that (a) she assigned her interest to the Province of Ontario Canada in 1999; (b) received child support from the Province of Ontario until 2006; and (c) waived the amount due her on the case [ECF 1, 45 ]. The Court's statements, justifying the award of fees to Petitioner, in light of the record, begs the question, how could the Court have awarded fees.

In violation of the court's holding in *Blessing* (*Blessing v. Freestone*, 520 U.S.329, 117 S. Ct, 1353, 137 L.Ed.2d 569 (1997)) Petitioner stood in the place of the assignee, Province of Ontario, Canada – a foreign member state by agreement - and collected money that was not hers to collect. The Court in *Blessing* held that "individuals who received Title IV-D assistance, a federal right, were not afforded a private right of action to collect under §1983." Sarina assigned her right to collect child support in exchange for the receipt of public assistance from the Province of Ontario, Canada. Among several provisions in the assignment, paragraph 6 expressly states, "The Recipient agrees that only the Minister may end this Agreement at any time." And paragraph 7 expressly states, " The Recipient agrees that when the Assignment ends, any money owing under the order and any interest on the arrears accumulating during the period Recipient received benefits under the FBA or assistance under the GWAA remain the property of the Minister..." [Emphasis added].

The District Court goes on to state that "...even if Raymond had had an objectively reasonable basis for removal, the Court *still* would have granted fees." The Court fails to explain this statement; however, it appears an overreach at best. The Court appears by its reasoning to insinuate that no matter the Respondent's argument, the bias was determined to rule in favor of Petitioner, despite the Respondent's basis for removal being objectively reasonable. The Court further has determined the *mens rea* of the Respondent was to inconvenience the Petitioner and would have the Respondent prematurely foreclose his rights in the Petitioner's interest, as the Court stated, "[He] removed this case the day before a long-awaited hearing on the citation to discover assets" which was within the thirty (30) days permitted pursuant to 28 U.S.C. § 1446(b)(3), which states, " Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." For the Court to infer that Respondent waited to file his Notice of Removal solely to unjustifiably delay the hearing on the

citation to discover assets, clearly demonstrates reversible error and abuse of discretion as the Court was determined to award costs and fees to Petitioner. He said as much when he wrote that even if the basis for Raymond's Notice of Removal was objectively reasonable, the "Court *still* [Court emphasis] would have granted fees." The Court's position has prevented the administration of justice as evidenced by an abuse of the discretion permitted under *Martin*.

"A material factual or legal error is sufficient to establish an abuse of discretion. *Kaun*, 827 F.2d at 1148; *Lawson Prods.*, 782 F.2d at 1437." *Reed v. Morton*, 979 F.2d 853 (7th Cir. 1992). "If the federal court considering the defendant's right to removal determines that the removal petition is well grounded in fact, and that existing law or a good faith argument for the extension, modification, or reversal of existing law warrants removal, then the court should not impose sanctions, even if the federal court returns the case to state court." See Fed. R. Civ. P. 11

IV.

**Petitioner and Counsel Transgressions Are of a Continuing Nature and Pose a Substantial Risk of Irreparable Harm to Respondent and Third Parties**

A.

In Petitioner's Memorandum Supporting the Garnishment of Social Security benefits, Petitioner states the following, "This Court's second inquiry was whether there was a statutory basis for Sarina's suggestion that the funds owed pursuant to the Canadian Judgment should simply be converted to U.S. Dollars. The answer to this inquiry is in the affirmative. The statutory basis is Section 750 ILCS 22/305(f). Said statute not only allows this Court to convert the amounts owed to Sarina to U.S. Dollars, it imposes an obligation upon the Court to do so. At the outset of these post judgment collection proceedings, Raymond's unpaid child support obligation was $720,036.53. For the convenience of the Court, Sarina is providing this Court with an additional copy (previously attached as an exhibit to motions filed before this court) of the conversion of Canadian Dollars to US Dollars." This is problematic and concerning for the following reasons:

> a.) The case has utilized a tangential reference to child support as a cover for the conversion of Respondent's assets, as newly discovered evidence demonstrates that the children in the case did in fact receive child support from 1999-2006, which fails to recount for disbursements from a private trust for the children's welfare by Respondent. Further,

012

Petitioner notified the Province of Ontario that she waived her right to monies due her extinguishing any claim or controversy. Not only was there no support due her, but the assignment that she executed with the Province of Ontario clearly states that any arrearages in the case remain the property of Ontario, Canada [ECF 1, 45]. The Petitioner continued this pattern of deceit by concealing this information from the court with the intent to collect money belonging to the Province of Ontario, Canada. She states in her Memorandum to support SSA garnishment of Respondent's benefits that "Sarina successfully recovered the sum of $124,873.39 from turnover of various life insurance policies. As such, at this point in time, and as reflected on the Citation served on the Administration, the balance due and owing for child support is $595,163.14." This statement before the court in a legal proceeding wherein the Petitioner was not induced or under duress constitutes an admission of material fact.

b.) The payment ledger from IHFS includes Sarina as payee of funds that IHFS had been garnishing from Raymond's Social Security benefits from November 2018 – December 2020 [Ex. 5]. Given that Sarina had no legal entitlement under law how was she the payee of exempt Social Security benefits, especially since she was not permitted to collect child support. In light of this newly discovered information, it begs the question why is it that she seeking to garnish Raymond's SSA benefits in a citation to discover assets. *The question remains for the Court's investigation as to how she and her Counsel breached Raymond's SSA data* [Ex. 6]. Here as in *United States v. Gray*, Criminal No. 11-13 (W.D. Pa. May. 1, 2012) Sarina as a Title IV-D beneficiary that had assigned her rights to the Province of Ontario and had further waived her claim was not entitled to Raymond's SSA benefits and had full knowledge of that fact.

c.) The court record does not possess any conversion of the amount stated in the foreign currency by a responding tribunal of this State [ "(f) If requested to enforce a support order, arrears, or judgment or modify a support order stated in a foreign currency, a responding tribunal of this State shall convert the amount stated in the foreign currency to the equivalent amount in dollars under the applicable official or market exchange rate as publicly reported"].

Through statements in the Petitioner's Memorandum of Law, she and her counsel have converted the amount of Canadian Dollars to US Dollars and attached this as an exhibit to motions filed before this court. The language in 750 ILCS 22/305(f) is explicitly clear a responding tribunal of this State *shall* convert the amount stated in the foreign currency…" [Emphasis added]. Petitioner has deceptively certified to the veracity of the amount specified in all of the citations. This matter has been consistently disregarded by the Illinois Courts despite the clear and plain reading of the statute. Sarina has consistently deceived the Court through the presentation of fabricated calculations for her own pecuniary interest.

The intent of the Petitioner and her Counsel to defraud the Respondent are laid bare in the light of the following, *Loughrin v. United States*, 573 U.S. __ (2014), holding that financial institution fraud requires proof of only two elements: (1) intent to obtain bank property; and (2) obtain bank property by means of false or fraudulent pretenses, representations, or promises, *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008), holding that parties harmed collaterally by the misrepresentation are also entitled to recover, *Pasquantino v. United States*, 544 U.S. 349 (2005), however, the Supreme Court upheld Pasquantino's conviction, holding that fraud involving foreign countries fell within the wire fraud statute, *California Bankers Ass'n v. Shultz*, 416 U.S. 21 (1974) (Bank Secrecy Act of 1970) and *Neder v. United States*, 527 U.S. 1 (1999) (Tax Fraud).

Petitioner's actions have also resulted in harm to third parties as a result of intimidation and threat of action. In an effort to seek banking information of the Citation Respondent Barlow in this matter, Petitioner and her counsel by subpoena and threat of indirect civil contempt, sought the information and canceled checks of the court reporter retained by Citation Respondent to record court hearings [Ex.7]. The court reporter complied with the information that was in her control, however Petitioner's counsel threatened her with indirect civil contempt if she failed to produce canceled checks of Citation Respondent. Counsel for the court reporter argued that the court reporter was not a party to the matter and had a right to enjoy the protection of her personal banking records and that Petitioner should obtain the sought-after records from the Citation Respondent. The Petitioner never attempted to seek the records from the Citation Respondent but rather, proceeded to mislead the court to order that the court reporter get copies of the canceled checks from her bank. This is yet another example, where the misconduct of the Petitioner and her counsel

have resulted in harm to innocent third parties with no connection to the case. This conduct is objectionable and should be sanctioned.

V.

**Vacatur of Remand and Direct Referral to US Attorney Due to Ongoing Criminal Acts**

A.

The Court is neither powerless nor without remedies to deal with this matter despite the prohibition of review of removal remands when procured by means of deception. In keeping with the temperament of the Court's regard for the prohibition of review in light of the continuing nature of the Petitioner and her counsel, the Respondent prays that this Court consider the vacatur of the remand order in accordance with FRCP Rule 60(b) and the issuing of FRCP Rule11(b) sanctions *sua sponte*. Further recognizing the Petitioner's actions have brought the case into the realm of a criminal matter, the Court may dispose of the case by direct referral to the US Attorney for investigation. This neither upsets the standard by reopening the remand for review nor clutter the docket and negatively impact the judicial economy of the Court by onerous motion practice necessary to restore the Respondent's Constitutional Rights lost by the deceitful conduct of the Petitioner. This suggestion is gleaned from the *Missouri Law Review* Vol. 81, Issue 1, Winter 2016, Article 18, *Remands by Deception*, William M. Janssen, pages 101, 108-112.

"The new en banc opinion held that the longstanding federal no-review prohibition on remand orders would not foreclose a vacatur of the remand order on the *Barlow* facts. The court explained that "vacating" a fraudulently obtained remand order would not implicate the statutorily forbidden "review" of the underlying merits of the decision to remand. This distinction, explained the court, "is not merely semantic." Only a merits "review" of remand orders is proscribed by Congress, not vacatur on the collateral ground of attorney misconduct. Because the district court enjoyed the jurisdictional authority to consider vacatur as a remedy for any misconduct found to have been committed by Plaintiffs, its jurisdictionally based ruling had to be overturned. Furthermore, because the district court had labored under an errant jurisdictional conclusion, its cursory, closing surmise that would have rejected a sanctioned based vacatur was dismissed by the Fourth Circuit as "mere dicta" entitled to "no weight." Consequently, the en banc Fourth Circuit returned the

015

matter to the district judge with instructions "to make specific findings supported by cogent reasoning on whether Plaintiffs engaged in misconduct while in federal court," and whether FRCP Rule 11 sanctions or a FRCP Rule 60(b)(3) vacatur was warranted." *Id* at 101.

The Court in *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001 (4th Cir. 2014) opined on a very similar scenario. In that case, the Court found that the Plaintiff had procured remand based on misrepresentations of material facts. Defendant moved in the district court for relief based on the misrepresentations of the Plaintiff under Rule 11 and Rule 60 (b)(3) seeking sanctions against Plaintiffs attorney and vacatur of the remand orders, respectively. The District Court denied Defendant's motions finding that 28 U.S.C. § 1447 (d) prevented the court from being able to vacate or strike its remand decision. Defendant then appealed to the Fourth Circuit. The Appellate Court stated that Rule 11(b) authorizes courts to impose sanctions for misrepresentations as it requires attorneys to "submit a filing in good faith and without knowledge of the falsity of its contents…" Id at 1008. The court further expounded that when an attorney presents a pleading or other paper to the court, he/she certifies to the best of his/her knowledge and belief that the filing is not submitted for an impermissible purpose and there is evidentiary support for the facts that are presented in the filing. The Court, in their analysis, also relied upon *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 389-90, 110 S.Ct 2447, 110 L.Ed.2d 359 (1990), where the Supreme Court addressed these matters, "…[i]t is well established that a federal court may consider collateral issues after an action is no longer pending" and that "[t]he filing of complaints , papers, or other motions without taking the necessary care in their preparation is a separate abuse of the judicial system, subject to separate sanctions." Id. At 395, 398, 110 S.Ct. 2447.

In this case, Petitioner concealed facts material to the case at hand regarding her assignment of her rights; the receipt of child support services from the Province of Ontario and the childcare trust established and funded by Raymond; and that she had waived her right to funds in the Province of Ontario. Her counsel knew or should have known that she assigned her rights and therefore was not entitled to pursue the collection of child support. In light of this information, there have numerous motions, petitions and citations prepared, certified and issued by Petitioner and her counsel over 16 years in the Illinois Courts. Raymond has brought Petitioner's assignment to the attention of the Court on each occasion that he has had to defend Petitioner's actions, however it was never judicially noticed by the Illinois courts.

The *Barlow* Court also considered Defendant's motion under 60(b)(3) for relief from a final judgment that had been procured by on fraud, misrepresentation or misconduct. The court focused on the conduct procuring the judgment rather than the merits of the judgment. They found that the Defendant sought vacatur on the misrepresentations of the attorney rather than the remand's merit. Consequently, the Court held that upon remand, the District Court should make the determinations whether Plaintiffs "engaged in misconduct while in federal court and whether Rule 11 relief is warranted. Given the district court's familiarity with the issues and litigants, it is better situated than us "to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11.*" Cooter & Gell*, 496 U.S. at 402, 110 S.Ct 2447." *Id* at 1012, 1013.

The holding in *Barlow* affords consideration by this reviewing court to evaluate the current case in light of the court's analysis in a similar fact scenario to reach a similar ruling.

## VI.

### Respondent Must Be Restored to His Position Prior to April 2006

#### A.

The Respondent respectfully prays that this Court return him to his position prior to April 2006 by granting his appeal and vacating the remand and the prior rulings of the 7th Circuit and District Court per FRCP Rule 60(b)(3), referring the matter to the US Attorney to prevent the further erosion of Respondent's civil rights by the Petitioner's continuing actions; sanctioning the Petitioner and her counsel under FRCP Rule 11(b); and awarding Respondent attorney fees, costs and damages for defending, and incident to the Petitioner's vexatious litigation. Due to the desire to provide a methodology for dissecting and rectifying the negative impact of this deception on the Respondent and the Courts it is posited that the vacatur of the remand and Federal Court orders under 60(b)(3) and the direct referral of the matter to the US Attorney for the N.D. Illinois would offer a reasonable and expedient solution for conferring judicial economy.

**CONCLUSION**

For the foregoing reasons, the District Court's decision awarding fees should be reversed, and the remand vacated.

Dated: February 19, 2021                    Respectfully submitted,

/s/ Raymond N. Ervin

RAYMOND N. ERVIN, PRO SE
331 Springside Lane
Buffalo Grove, IL 60089    847-404-4375

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements,

and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because this brief contains 8135 words.

2.    This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type style requirements to Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-spaced typeface using Microsoft Word for Microsoft 365 (MSO) (16.0.13628.20318) in font size 12.

Dated: February 19, 2021                    /s/ Raymond N. Ervin

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2021, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by US Postal Service Express Mail. I certify that service to the parties will be sent via US Postal Service.

/s/ Raymond N. Ervin

## STATEMENT PURSUANT TO CIRCUIT RULE 30(d)

Pursuant to Circuit Rule 30(d), undersigned counsel states that all materials required by Circuit Rule 30(a) and 30(b) are included in the Short Appendix.

Pursuant to Rule 30(a), the Short Appendix contains all judgments, orders, and/or opinions under review, including: Memorandum and Order Granting Petitioner's Motion for Award of Costs and Fees and Minute Entry for Order Granting Respondent's Motion for Extension of Time to File Appeal. There are no other opinions or orders with any content that must be submitted in an appendix pursuant to Rule 30(b), and no portions of pleadings were submitted as especially relevant under Rule 30(b).

/s/ Raymond N. Ervin

Dated: February 19,2021

No. 21-1011

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

SARINA ERVIN,

Petitioner-Appellee,

v.

RAYMOND N. ERVIN,

Respondent-Appellant.

On Appeal from the United States District Court
for the Northern District of Illinois
Civ. No. 1:20-cv-06006, Hon. Jorge L. Alonso

SHORT APPENDIX

Raymond N. Ervin, Pro Se
331 Springside Lane
Buffalo Grove, IL
(847) 404-4375

# **TABLE OF CONTENTS**

Memorandum and Order Granting Petitioner's Motion for Award of Costs and Fees
……………………………………………………………………………………...……..001

Minute Entry for Order Granting Respondent's Motion for Extension of Time to File Appeal
……………………………………………………………………………………...………002

Case: 1:21-cv-06064 Document #: 31-3 Filed: 01/10/22 Page 33 of 88 PageID #:1446
Case: 1:20-cv-06006 Document #: 33 Filed: 01/14/21 Page 2 of 8 PageID #:669
Case: 1:20-cv-06006 Document #: 27 Filed: 01/05/21 Page 1 of 1 PageID #:651

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Sarina Antonina Ervin

                              Plaintiff,

v.                                          Case No.: 1:20−cv−06006
                                                  Honorable Jorge L. Alonso

                             Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, January 5, 2021:

      MINUTE entry before the Honorable Jorge L. Alonso: Respondent's motion for extension of time to file notice of appeal awarding attorneys costs and fees [22] is granted. Notice mailed by judge's staff (lf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

Case: 1:21-cv-06064 Document #: 31-3 Filed: 01/10/22 Page 34 of 88 PageID #:1447
Case: 1:20-cv-06006 Document #: 33 Filed: 01/14/21 Page 6 of 8 PageID #:667
Case: 1:20-cv-06006 Document #: 20 Filed: 11/30/20 Page 1 of 2 PageID #:636

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| SARINA ERVIN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 20 C 6006 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| RAYMOND ERVIN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Sarina Ervin's motion [15, 16] for fees is granted. The Court awards $7,875.00. Hearing set for December 1, 2020 is stricken.

## STATEMENT

After petitioner Sarina Ervin ("Sarina") filed a motion for remand, the Court granted the motion. Before the Court is Sarina's motion for fees in connection with the remand. Although the Court has already granted the motion for remand, the Court may still consider the motion for fees. *PNC Bank NA v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014) ("even after remanding a case to state court, a district court retains jurisdiction to decide collateral matters like fee awards"); *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000). Sarina seeks $7,875.00 in fees, based on 17.75 attorney hours billed at rates of $400, $450 and $600. The time was spent on the motion for remand and the motion for fees.

The remand statute allows a court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has explained the purpose of the provision:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.

*Martin v. Franklin Capital Corp.* 546 U.S. 132, 140 (2005). Accordingly, the Supreme Court outlined the following test for awarding fees under § 1447(c):

> [a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. . . . In applying this rule, district courts retain discretion to consider

Case: 1:21-cv-06064 Document #: 31-3 Filed: 01/10/22 Page 35 of 88 PageID #:1448
Case: 1:20-cv-06006 Document #: 33 Filed: 01/14/21 Page 2 of 8 PageID #:668
Case: 1:20-cv-06006 Document #: 20 Filed: 11/30/20 Page 2 of 2 PageID #:637

whether unusual circumstances warrant a departure from the rule in a given case.
. . . When a court exercises discretion in this manner, however, its reasons for
departing from the general rule should be 'faithful to the purposes' of awarding
fees under § 1447(c).

*Martin*, 546 U.S. at 141.

In addition to several irrelevant arguments (including the merits of the underlying
citation and the merits of prior child support orders) that do not warrant discussion, Raymond
argues that he had an objectively reasonable basis for removal, namely, the existence of a federal
question based on the fact that the recipient of the citation to discover assets was the Social
Security Administration. Even were that so, however, as the Court explained in its remand
order, Raymond's notice of removal suffered two fatal defects: (1) it was filed too late; and (2) it
was filed without the consent of the Social Security Administration, which was a defendant to
the citation proceedings. [Docket 14 at 2-3]. These principles were clearly established.

Thus, the Court finds that Raymond lacked an objectively reasonable basis for removal.
Accordingly, an award of fees is warranted in this case. Furthermore, the Court notes that even
if Raymond had had an objectively reasonable basis for removal, the Court *still* would have
granted fees. This case presents the sort of unusual circumstance that the Supreme Court in
*Martin* said could warrant a departure from the usual rule. *Martin*, 546 U.S. at 141. These
parties have been litigating over child support for ages. *See, e.g., Ervin v. Ervin*, 571 Fed.Appx.
464, 465 (7th Cir 2014) (describing the long history of these parties' battles and affirming
dismissal of Raymond's § 1983 claims for want of jurisdiction based on *Rooker-Feldman*
doctrine). Raymond removed this case the day before a long-awaited hearing on the citation to
discover assets, thereby causing the sort of unjustified delay that §1447(c) is meant to deter.
Fees are warranted.

Raymond does not take issue with the amount of the requested fees. He does not argue
that the rates or the number of hours billed were excessive. Nor does he argue that the fees were
not actually incurred. Accordingly, the Court finds that the amount requested by Sarina is
appropriate.

For these reasons, Sarina's motion for fees is granted, and she is awarded $7,875.00.

SO ORDERED.                                    ENTERED:  November 30, 2020

_____
JORGE L. ALONSO
United States District Judge

2

## TABLE OF EXHIBITS

PAGE

EXHIBIT

Ex. 1   Court Docket History..........................................................................EX0001

Ex. 2   IHFS Letter of 01/28/2021………………………………………….EX0016

Ex. 3   IHFS FOIA Letter of 01/29/2021……………………………………EX0045

Ex. 4   SSA Stop Garnishment Letter of 12/22/2020………………………..EX0002

Ex. 5   IHFS Payment Ledger to Sarina Ervin of 01/28/2021………………EX0017-0018

Ex. 6   SSA Confidential Information Released to J. Steele 12/23/2020…...EX0003-0006

Ex. 7   Subpoena to Deb Zeit (Court Reporter) w/Transcript………………EX0024-0044

Ex. 8   TCF Bank Letter re. SSA Garnishment Attempt by J.Steele………..EX0019-0023

Ex. 9   Illinois AG Motion to Quash Subpoena to IHFS……………………EX0007-0016

Clerk of the Circuit Court Public
Access System

| Search | Contact Us |
|--------|-----------|

Search > Select a Case

## Your search resulted in 5 records. Please click the case number that best matches your search criteria:

| Case Number | Party Name | Case Title | Filed Date | Case Type | Case Sub Type | Case Status |
|-------------|-----------|-----------|-----------|-----------|--------------|-------------|
| 06F 00000425 | ERVIN, SARINA | ERVIN VS ERVIN | 2006-05-03 | FAMILY | REGISTER FOREIGN JUDGMENT | CLOSED |
| 04D 00001943 | ERVIN, SARINA | ERVIN VS ERVIN | 2004-10-07 | DISSOLUTION | ENROLL JUDGMENT | WARRANT |
| 03D 00001744 | ERVIN, SARINA | ERVIN VS ERVIN | 2003-08-25 | DISSOLUTION | DISSOL MARR-MINOR CHILD | CLOSED |
| 00D 00002067 | ERVIN, SARINA | ERVIN VS ERVIN | 2000-10-17 | DISSOLUTION | REGISTER FOREIGN JUDGMENT | CLOSED |
| 99OP00001511 | ERVIN, SARINA A. | ERVIN VS ERVIN | 1999-11-24 | ORDER OF PROTECTION | ORDER OF PROTECTION | CLOSED |

| << | < | > | >> |

EX0001

# Social Security Administration
# **Retirement, Survivors, and Disability Insurance**
Important Information

Great Lakes Program Service Center
600 West Madison Street
Chicago, Illinois  60661-2474
Date:  December 22, 2020
BNC#:  20B6819D10354-A

RAYMOND N ERVIN
331 SPRINGSIDE LANE
BUFFALO GROVE IL  60089-1650

We are writing to you about court order number C01166815 OID04D001943 concerning your responsibility for child support, alimony or court ordered victim restitution.

We will no longer take money out of your Social Security payments for child support, alimony or court ordered victim restitution because the court has sent us an order to stop withholding.

## **If You Disagree With The Decision**

If you disagree with the decision of the court that issued the garnishment order, you will need to contact them directly or have a lawyer do it for you.

*Social Security Administration*

C

EX0002

SOCIAL SECURITY ADMINISTRATION

Date: December 23, 2020
BNC#: 20BC819D10354
REF: A


BEERMAN LAW C/O JONATHAN D. STEEL
161 N. CLARK ST
SUITE 3000
CHICAGO IL 60601


You asked us for information from RAYMOND ERVIN'S record. The information that
you requested is shown below.


Information About Current Social Security Benefits

Beginning December 2020, the full monthly
Social Security benefit before any deductions is......$ 1848.50

We deduct $0.00 for medical insurance premiums each month.

The regular monthly Social Security payment is........$ 1848.00
(We must round down to the whole dollar.)

Social Security benefits for a given month are paid the following month. (For
example, Social Security benefits for March are paid in April.)

Your Social Security benefits are paid on or about the third of each month.


Date of Birth Information

The date of birth shown on our records is October 10, 1955.


Type of Social Security Benefit Information

You are entitled to monthly retirement benefits.


EX0003

If You Have Any Questions

If you have any questions, you may call us at 1-800-772-1213. We can answer most questions over the phone. You can also write or visit any Social Security office.

If you do call or visit an office, please have this letter with you. It will help us answer your questions.


OFFICE MANAGER

SOCIAL SECURITY ADMINISTRATION

Date: December 23, 2020
BNC#: 20BC819D10354
REF: A


BEERMAN LLP
161 N. CLARK ST
SUITE 3000
CHICAGO IL 60601



You asked us for information from RAYMOND ERVIN'S record. The information that you requested is shown below.

Information About Current Social Security Benefits

Beginning December 2020, the full monthly
Social Security benefit before any deductions is......$ 1848.50

We deduct $0.00 for medical insurance premiums each month.

The regular monthly Social Security payment is........$ 1848.00
(We must round down to the whole dollar.)

Social Security benefits for a given month are paid the following month. (For example, Social Security benefits for March are paid in April.)

Your Social Security benefits are paid on or about the third of each month.


Date of Birth Information

The date of birth shown on our records is October 10, 1955.


Type of Social Security Benefit Information

You are entitled to monthly retirement benefits.



EX0005

**If You Have Any Questions**

If you have any questions, you may call us at 1-800-772-1213. We can answer most questions over the phone. You can also write or visit any Social Security office.

If you do call or visit an office, please have this letter with you. It will help us answer your questions.


                                    OFFICE MANAGER

**FILED**
**2/9/2021 11:03 AM**
**ERIN CARTWRIGHT WEINSTEIN**
Clerk of the Circuit Court
Lake County, Illinois

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

| | | | |
|---|---|---|---|
| Sarina Ervin, | ) | No: | 2004 D 1943 |
| Petitioner, | ) | IV-D: | C01166815 |
| vs. | ) | | |
| Raymond N. Ervin, | ) | | |
| Respondent. | ) | | |

## HFS'S MOTION TO QUASH SUBPOENA

NOW COMES the Illinois Department of Healthcare and Family Services ("HFS"), by and through its attorney, KWAME RAOUL, Attorney General of the State of Illinois, and hereby moves this Honorable Court, pursuant to 735 ILCS 5/2-1101, to quash Respondent's subpoena to HFS. In support of this motion and on information and belief, HFS states and argues as follows:

1. In this case, Respondent issued a subpoena to HFS seeking "all documents involving Case No. C01166815 inclusive of any and all electronically captured documents or communications. *See* Exhibit A. HFS maintains records for this child support case.

2. Pursuant to Section 2-1101 of the Illinois Code of Civil Procedure, the Court may quash or modify a subpoena for good cause shown. Here, Respondent's subpoena requests is overbroad and vague, and it seeks information from HFS that is privileged and confidential according to State and federal statutes and regulations.

3. First, Respondent's subpoena request is overbroad and vague. It requests of HFS any and all electronically captured documents or communications involving this case. However, as the Supreme Court has determined, documents "to be produced should be specified in a subpoena duces tecum and a demand in general terms for all, or even a substantial part, of the records or documents of a person or corporation is not sufficient." *People v. Reynolds*, 350 Ill. 11, 17 (1932).

EX0007

4. Second, documents Respondent seeks includes confidential information HFS is prohibited from releasing pursuant to federal and state confidentiality laws and regulations.

5. HFS maintains an automated State Case Registry of child support records. 42 U.S.C. §654(a). Also, Illinois' participation in the Temporary Assistance for Needy Families ("TANF") program requires HFS to operate a child support enforcement program that complies with Title IV-D of the Social Security Act. 42 U.S.C. § 601-619 (West 2021); *see also In re Lappe*, 176 Ill. 2d 414, 425-26 (1997). Illinois' Title IV-D child support program is contained in Article X of the Illinois Public Aid Code and Part 160 of HFS's regulations. *Lappe*, 176 Ill. 2d at 426; *see also* 305 ILCS 5/10-1 *et seq.* (West 2021); *see also* 89 Ill. Adm. Code 160.1 *et seq.* (West 2021).

6. Federal law requires state child support programs to "have in effect safeguards, applicable to all confidential information handled by the State agency, that are designed to protect the privacy rights of the parties…." 42 U.S.C. § 654(26)(A)[1] (West 2021). Federal regulations prohibit state child support agencies from revealing confidential information obtained from IV-D activities to individuals outside the administration of the IV-D program. 45 C.F.R. § 303.21(c) (West 2021); *see also* 45 C.F.R. § 205.50 (West 2021). Confidential information means *any* information relating to a specific individual and includes, *but is not limited to*, residential and mailing addresses, employment information, and financial information. 45 C.F.R. § 303.21(a)(1) (West 2021) (emphasis added).

7. The above-stated federal law and regulations apply to the information maintained in

---

[1] The remaining prongs – (B)-(E) – are in place to protect parties and children from domestic violence, physical or emotional harm, and child abuse. 42 U.S.C. § 654(26)(B)-(E) (West 2021).

EX0008

Illinois' automated State Case Registry. 89 Ill. Adm. Code 160.88(e)[2] (West 2021). The State

Case Registry is also subject to the State's confidentiality laws and regulations. *Id.*

8.   Section 11-9 of the Illinois Public Aid Code precludes HFS from disclosing the

contents of any records, files, papers, or communications. 305 ILCS 5/11-9 (West 2021).

Further, this Section requires HFS to establish and enforce reasonable rules and regulations

governing the custody, use and preservation of the records, papers, files, and communications of

the Illinois Department. *Id.*

9.   Accordingly, HFS promulgated administrative regulations concerning the privacy and

confidentiality of case information. 89 Ill. Adm. Code 102.30 (West 2021). The Illinois

Administrative Code states that any information about a recipient's case is confidential and shall

be used only to establish: (1) a recipient's eligibility for public assistance; (2) a recipient's need

for assistance; and (3) procedures assuring a recipient's health and safety. 89 Ill. Adm. Code

102.30(a) (West 2021).

10. In this case, Respondent request is overbroad and vague. Respondent also requests

information regarding public aid documents and communications from HFS and its staff, which

is confidential information under state and federal law. Further, HFS has attempted to work with

Respondent in determining what information HFS can release. HFS even provided Respondent

with information, including a January 28, 2021 letter regarding the status of child support. *See*

Exhibit B.

---

[2] "Information contained in the Registry shall be subject to all federal and State confidentiality
laws and regulations pursuant to 42 U.S.C. § 654(26); 45 C.F.R. § 205.50 and § 303.21; 42
C.F.R. § 341, Subpart F; 305 ILCS 5/11-9, 11-10, and 11-12, and Illinois Rules of Court." 89 Ill.
Adm. Code 160.88(e) (West 2021).

EX0009

WHEREFORE, HFS respectfully requests that this Honorable Court, pursuant to 735

ILCS 5/2-1101, quash Respondent's subpoena to HFS.

Respectfully Submitted,

KWAME RAOUL,
Illinois Attorney General

*/s/ Fidel Chavez*

_____
Assistant Attorney General

ARDC #.: 6326702
Fidel Chavez, AAG
100 W. Randolph St., 13th Floor
Chicago, IL 60601
Phone: (312) 814-4407
Fax: (312) 814-5024
E-mail: HFS.AG.Chicago@illinois.gov

4

EX0010

# EXHIBIT A

EX0011

STATE OF ILLINOIS )
                  ) SS
COUNTY OF LAKE   )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

IN RE:                                    )
SARINA ERVIN                              )
                    Petitioner,           )
                                          )
vs.                                       )    No.    04D1943
                                          )
RAYMOND N. ERVIN                          )
                    Respondent.           )

## SUBPOENA FOR PRODUCTION OF SPECIFIED DOCUMENTS
### (Pursuant to Rule 3.09(a) of the 19th Judicial Circuit)

ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES
TO: OFFICE OF GENERAL COUNSEL
    401 SOUTH CLINTON STREET, 6TH FLOOR
    CHICAGO, ILLINOIS 60607
    You are Commanded to produce any and all documents as stated below. The documents are to be produced at LAW OFFICE OF G. BARLOW 331 SPRINGSIDE LANE BUFFALO GROVE, IL 60089 , on or before JANUARY 21, 2021.
                        CASE NO. C01166815 INCLUSIVE OF ANY AND ALL ELECTRONICALLY
Any and all documents involving CAPTURED DOCUMENTS OR COMMUNICATIONS           .

    Your attention is directed to the relevant provisions of Rules 3.09(c) & (d) of the 19th Judicial Circuit regarding compliance with this Subpoena, details of which are attached.

    YOUR FAILURE TO COMPLY WITH THIS SUBPOENA MAY SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF COURT.



Dated  1/12/2021          , 2021.

_Ena Cartwright Weinsten_
Clerk of the Circuit Court                    BC

NAME:  GWENDOLYN M. BARLOW
ATTORNEY AT LAW
ADDRESS: 331 SPRINGSIDE LANE  BUFFALO GROVE, IL 60089-1650
CITY:        STATE:        ZIP CODE:
Phone: (847) 204-0416
Fax: (847) 465-1910
ARDC No.        6274519

EX0012

### AFFIDAVIT OF SERVICE BY CERTIFIED MAIL

I served this Subpoena by hand delivery, **emailing, faxing**, and/or **mailing**, a copy by pre-paid certified mail on _____, 2021, addressed to the above deponent at the above address, restricted delivery, Return-receipt requested.

Name: _____

**SUBSCRIBED and SWORN** to

before me this _____ day

of _____, 2021.

**Notary Public**

EX0013

**IN ORDER TO COMPLY WITH THIS SUBPOENA, PLEASE
COMPLETE, SIGN AND RETURN TO US THE FOLLOWING CERTIFICATE**

**CERTIFICATE OF COMPLIANCE**

I,   the   undersigned   _____   in   my   capacity

_____ of _____ do

hereby certify that the documents or tangible things mailed, are complete and accurate and constitute

good faith compliance with the materials requested by the Subpoena.

Date _____

_____
Signature

EX0014

# EXHIBIT B

EX0015

**iHFS** Illinois Department of
Healthcare and
Family Services

**JB Pritzker, Governor**
**Theresa Eagleson, Director**

Division of Child Support Services                    Fax: 217-524-4517
P. O. Box 19405
Springfield, IL  62794-9119

January 28, 2021

Gwendolyn M. Barlow
Attorney at law
331 Springside Lane
Buffalo Grove, IL  60089

Dear Ms. Barlow:

This is in response to the subpoena dated January 12, 2021 requesting documents or communications related to the Illinois Department of Healthcare and Family Services child support case C01166815, Lake County docket 04D001943.

According to information provided to us by Province of Ontario, the only amount owed on this case is for reimbursement for services provided by the Ontario government to the children in this case. In April 2006, the custodial parent notified Ontario that she waived the amount due her on this case, and this amount was removed from the balance due Ontario. We cannot collect amounts due foreign governments for services that they provided to the children in child support cases.

There are no administrative appeals pending at our Department with respect to this case.

I hope this addresses your concerns.

Sincerely,


Customer Services Unit/jeg
Division of Child Support Services
IL Department of Healthcare and Family Services

EX0016

**E-mail:** hfs.webmaster@illinois.gov            **Internet:** http://www.hfs.illinois.gov/

## STATE DISBURSEMENT UNIT OF ILLINOIS

## CHILD SUPPORT SUMMARY PAYMENT HISTORY

### AS OF 01-28-2021 15:17:38:817

**County:** Lake          **FIPS:** 1709700          **Docket:** 04D001943

Date Range : -
PAYEE:       ERVIN, SARINA A
PAYOR:       ERVIN, RAYMOND N

| Collection Date | Activity | | Posting Date | Payment Amount | Disb. Amount | Workgroup |
|---|---|---|---|---|---|---|
| 12/03/2020 | Received From: | ERVIN, RAYMOND | 12/03/2020 | $1094.40 | | 990048 |
| | Disb. To: | HFS | 12/03/2020 | | $1094.40 | |
| 11/03/2020 | Received From: | ERVIN, RAYMOND | 11/03/2020 | $1094.40 | | 990085 |
| | Disb. To: | HFS | 11/04/2020 | | $1094.40 | |
| 10/02/2020 | Received From: | ERVIN, RAYMOND | 10/02/2020 | $1094.40 | | 990113 |
| | Disb. To: | HFS | 10/02/2020 | | $1094.40 | |
| 09/03/2020 | Received From: | ERVIN, RAYMOND | 09/03/2020 | $1094.40 | | 990036 |
| | Disb. To: | HFS | 09/03/2020 | | $1094.40 | |
| 08/03/2020 | Received From: | ERVIN, RAYMOND | 08/03/2020 | $1094.40 | | 990120 |
| | Disb. To: | HFS | 08/03/2020 | | $1094.40 | |
| 07/02/2020 | Received From: | ERVIN, RAYMOND | 07/02/2020 | $1094.40 | | 990099 |
| | Disb. To: | HFS | 07/02/2020 | | $1094.40 | |
| 06/03/2020 | Received From: | ERVIN, RAYMOND | 06/03/2020 | $1094.40 | | 990120 |
| | Disb. To: | HFS | 06/03/2020 | | $1094.40 | |
| 05/01/2020 | Received From: | ERVIN, RAYMOND | 05/01/2020 | $1094.40 | | 990115 |
| | Disb. To: | HFS | 05/01/2020 | | $1094.40 | |
| 04/03/2020 | Received From: | ERVIN, RAYMOND | 04/03/2020 | $1094.40 | | 990045 |
| | Disb. To: | HFS | 04/03/2020 | | $1094.40 | |
| 03/03/2020 | Received From: | ERVIN, RAYMOND | 03/03/2020 | $1094.40 | | 990045 |
| | Disb. To: | HFS | 03/03/2020 | | $1094.40 | |
| 02/03/2020 | Received From: | ERVIN, RAYMOND | 02/03/2020 | $1094.40 | | 990090 |
| | Disb. To: | HFS | 02/03/2020 | | $1094.40 | |
| 01/03/2020 | Received From: | ERVIN, RAYMOND | 01/03/2020 | $1094.40 | | 990085 |
| | Disb. To: | HFS | 01/03/2020 | | $1094.40 | |
| **Yearly Sub total :** | | | | $13,132.80 | $13,132.80 | |
| 12/03/2019 | Received From: | ERVIN, RAYMOND | 12/03/2019 | $1077.60 | | 990047 |
| | Disb. To: | HFS | 12/03/2019 | | $1077.60 | |
| 11/01/2019 | Received From: | ERVIN, RAYMOND | 11/01/2019 | $1077.60 | | 990094 |
| | Disb. To: | HFS | 11/01/2019 | | $1077.60 | |
| 10/03/2019 | Received From: | ERVIN, RAYMOND | 10/03/2019 | $1077.60 | | 990108 |
| | Disb. To: | HFS | 10/03/2019 | | $1077.60 | |
| 09/03/2019 | Received From: | ERVIN, RAYMOND | 09/03/2019 | $1077.60 | | 990107 |
| | Disb. To: | HFS | 09/04/2019 | | $1077.60 | |
| 08/02/2019 | Received From: | ERVIN, RAYMOND | 08/02/2019 | $1077.60 | | 990090 |
| | Disb. To: | HFS | 08/02/2019 | | $1077.60 | |
| 07/03/2019 | Received From: | ERVIN, RAYMOND | 07/03/2019 | $1077.60 | | 990153 |
| | Disb. To: | HFS | 07/05/2019 | | $1077.60 | |

EX0017

| | | | | | |
|---|---|---|---|---|---|
| 06/03/2019 | Received From: | ERVIN, RAYMOND | 06/03/2019 | $1077.60 | 990099 |
| | Disb. To: | HFS | 06/03/2019 | | $1077.60 |
| 05/03/2019 | Received From: | ERVIN, RAYMOND | 05/03/2019 | $1077.60 | 990101 |
| | Disb. To: | HFS | 05/03/2019 | | $1077.60 |
| 04/03/2019 | Received From: | ERVIN, RAYMOND | 04/03/2019 | $1077.60 | 990070 |
| | Disb. To: | HFS | 04/03/2019 | | $1077.60 |
| 03/01/2019 | Received From: | ERVIN, RAYMOND | 03/01/2019 | $1077.60 | 990139 |
| | Disb. To: | HFS | 03/01/2019 | | $1077.60 |
| 02/01/2019 | Received From: | ERVIN, RAYMOND | 02/01/2019 | $1077.60 | 990081 |
| | Disb. To: | HFS | 02/01/2019 | | $1077.60 |
| 01/03/2019 | Received From: | ERVIN, RAYMOND | 01/03/2019 | $1077.60 | 990162 |
| | Disb. To: | HFS | 01/04/2019 | | $1077.60 |
| **Yearly Sub total :** | | | | $12,931.20 | $12,931.20 |
| 12/03/2018 | Received From: | ERVIN, RAYMOND | 12/03/2018 | $1048.20 | 990124 |
| | Disb. To: | HFS | 12/03/2018 | | $1048.20 |
| 11/02/2018 | Received From: | ERVIN, RAYMOND | 11/02/2018 | $1048.20 | 990083 |
| | Disb. To: | HFS | 11/02/2018 | | $1048.20 |
| **Yearly Sub total :** | | | | $2,096.40 | $2,096.40 |
| 05/19/2017 | Received From: | ERVIN, RAYMOND | 05/19/2017 | $100.00 | 990054 |
| | Disb. To: | HFS | 05/19/2017 | | $100.00 |
| **Yearly Sub total :** | | | | $100.00 | $100.00 |
| **Report total :** | | | | $28,260.40 | $28,260.40 |

| **Docket Notes** |
|---|
| **Consolidations:** |
| **Previous Alternate IDs:** |
| **Duplicate Cases:** |

Jan 28, 2021, 03:17 PM

EX0018

https://extranet.ilsdu.com/Printpreview/paymentHistorySearchCriteriaPrintPreview.jsp?sh...    1/28/2021



ERVIN, RAYMOND                                          February 12, 2021
331 SPRINGSIDE LN
BUFFALO GROVE, IL 60089-1650

RE:     **IMPORTANT ACCOUNT NOTICE**

Dear ERVIN, RAYMOND:

*Why am I receiving this notice?*
On 02/09/2021, TCF Bank received a garnishment order from a court to remove/freeze funds in
your account. The amount of the garnishment order was for $595,163.14. We are sending you this
notice to let you know what we have done in response to the garnishment order.

*What is garnishment?*
Garnishment is a legal process that allows a creditor to remove funds from your bank account to
satisfy a debt that you have not paid. In other words, if you owe money to a person or company,
they can obtain a court order directing your bank to take money out of your account to pay off your
debt. If this happens, you cannot use that money in your account.

*What has happened to my account?*
On 02/09/2021, we researched your account and identified one or more Federal benefit payments
deposited in the last 2 months. In most cases, Federal benefit payments are protected from
garnishment. As required by Federal regulations, therefore, we have established a "protected
amount" of funds that will remain available to you and that will not be remove/freeze from your
account in response to the garnishment order.

Your account contained additional money that may not be protected from garnishment. As
required by law, we have removed or frozen these funds in the amount of $ **0.00** and may have to
turn these funds over to your creditor as directed by the garnishment order. The chart below
summarizes this information about your account(s):

ACCOUNT SUMMARY AS OF 02/09/2021

| Account Number | Amount In Account | Amount Protected by Exempt Funds | Amount Subject to Garnishment | Garnishment Fee Charged (if Applicable) |
|---|---|---|---|---|
| 2198 | $1,441.13 | $3,696.00 | $ 0.00 | $ 0.00 |
| 0619 | $1,407.36 | $2,742.00 | $0.00 | $0.00 |
| 4056 | $500.66 | $1,200.00 | $0.00 | $0.00 |

Please note that these amount(s) may be affected by deposits or withdrawals after the protected
amount was calculated on 02/09/2021.



*Do I need to do anything to access my protected funds?*
You may use the "protected amount" of money in your account as you normally would. There is nothing else, you need to do to make sure that the "protected amount" is safe.

*Who garnished my account?*
The creditor who obtained a garnishment order against you is BEERMAN LLP.

*What types of Federal benefit payments are protected from garnishment?*
In most cases, you have protections from garnishment if the funds in your account include one or more of the following Federal benefit payments:
- Social Security benefits
- Supplemental Security Income benefits
- Veterans benefits
- Railroad retirement benefits
- Railroad Unemployment Insurance benefits
- Civil Service Retirement System benefits
- Federal Employees Retirement System benefits

*What should I do if I think that additional funds in my account are from Federal benefit payments?*
If you believe that additional funds in your account(s) are from Federal benefit payments and should not have been remove/frozen, there are several things you can do.

1. You can fill out a garnishment exemption form and submit it to BEERMAN LLP.

2. You may contact the creditor that garnished your account and explain that additional funds are from Federal benefit payments and should be released back to you.

3. You may also consult an attorney (lawyer) to help you prove to the creditor who garnished your account that additional funds are from Federal benefit payments and cannot be taken. If you cannot afford an attorney, you can seek assistance from a free attorney or a legal aid society.

*How to Contact TCF Bank:*
This notice contains all the information that we have about the garnishment order. However, if you have a question about your account, you may contact us at 1-800-TCF-BANK (823-2265).

Sincerely, *Sarah T.*

Sarah T, CDP Specialist
Central Document Processing

EX0020

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS**

**FILED
2/8/2021 4:25 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois**

SARINA ERVIN
                  Judgment Creditor,

        vs.

RAYMOND ERVIN
                  Judgment Debtor.

)
)
)
)
)
)
)
)
)
)

Gen No. 04 D 1943

**19th Judicial Circuit – 18 N County Street, Waukegan, IL 60085**

**CITATION NOTICE**

**Judgment Debtor's last known:**

Name: Raymond Ervin

Address: 331 Springside Lane

City, State, Zip: Buffalo Grove, IL 60089

Judgment in the amount of $ 595,163.14 (excludes interest)

Name of the person receiving Citation: TCF Bank

Next Court Date: March 9 , 20 21 at 9:00 ☑ AM ☐ PM Courtroom: C-306

**Judgment Creditor's Attorney/Judgment Creditor**

Name: Beermann LLP

Address: 161 N. Clark Street, Suite 3000

City, State, Zip Chicago, IL 60601

NOTICE: The court has issued a citation against the person named above. The citation directs that person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the Judgment debtor or in which the Judgment debtor has an interest. The citation was issued on the basis of a judgment against judgment debtor in favor of the judgment creditor in the amount stated above. On or after the court date shown above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal law and Illinois law. **THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME AND ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:**

(1)    Under the Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veteran's benefits; circuit breakers property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle; and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

(2)    Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

(3)    Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceeds the total of 45 times the federal minimum hourly wage.

(4)    Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5)    Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

**THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at the office of the Clerk of the Circuit Court, 18 N. County Street, Waukegan, Illinois, 60085. When so notified the Clerk of the Circuit Court will provide a hearing date and the necessary forms that must be prepared by judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor's attorney regarding the time and location of the hearing. This Notice may be sent by regular first class mail.**

EX0021
171-23a (Rev. 12/17)

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS**

| | | |
|---|---|---|
| SARINA ERVIN, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     vs. | ) | Case No. 04 D 1943 |
| | ) | |
| RAYMOND ERVIN, | ) | |
|     Respondent. | ) | |
|         And | ) | |
| TCF Bank, | ) | |
|     Third Party Respondent | ) | |

<u>**CITATION TO DISCOVER ASSETS TO A THIRD PARTY**</u>

To:    <u>**Via Electronic Mail**</u>
        TCF Bank
        Attn: Central Document Processing
        centraldocprocessing@tcfbank.com

        YOU ARE REQUIRED to appear and/or file your answer to this Citation on the form enclosed herewith (or other appropriate answer) on March 9, 2021 at 9:00 am in Courtroom C-306 of the Circuit Court of Lake County, 18 N. County Street, Waukegan, Illinois 60085 via Zoom.

A judgment against Raymond Ervin (judgment debtor) was entered on July 5, 2000 (signed on August 31, 2000) and filed on June 22, 2007 but dated/signed on June 21, 2007, a copy of the Judgment and Enrolling Order is attached, and $595,163.14 (excluding interest) remains unsatisfied.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due the judgment debtor until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the balance due. If requested, you must produce documents and/or records containing information concerning the property or income of the Judgement Debtor.

**WARNING: IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

**NOTE: Your written answer is sufficient for your appearance unless you received a further order to personally appear in court.**

EX0022

## CERTIFICATE OF ATTORNEY OR JUDGMENT DEBTOR

Judgment Amount: $5,418.00 (CA) per month          Balance due: $595,163.14 (excluding interest)
Date of Judgment/Revival: July 5, 2000 (signed on August 31, 2000) and filed on June 22, 2007 but
dated/signed on June 21, 2007 in Lake County.
Name of Court Entering Judgment: Canada, Ontario Superior Court; registered in Lake County.

**The undersigned certifies, under penalties provided by law pursuant to 735 ILCS 5/1-109, that the
information contained herein is true and correct.**

**Attorney for Petitioner**

2/8/2021

WITNESS:

CLERK OF COURT                                    KS

Beermann, LLP
161 N. Clark Street, Suite 3000
Chicago, IL 60601
P: (312) 621-9600
jsteele@beermannlaw.com
ARDC: 6308171

2

EX0023

```
 1   STATE OF ILLINOIS   )

 2                       )   SS:

 3   COUNTY OF L A K E   )

 4          IN THE CIRCUIT COURT FOR THE NINETEENTH
            JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS
 5

 6
     IN RE: THE MARRIAGE OF          )
 7                                   )
     SARINA ERVIN,                   )
 8                                   )
                      Petitioner,    )
 9          and                      )  04 D 1943
                                     )
10   RAYMOND ERVIN,                  )
                      Respondent.    )
11   _____)

12

13          REPORT OF PROCEEDINGS had in the hearing

14   of the above-entitled matter before the HONORABLE

15   PATRICIA CORNELL, Judge of said Court, at 18 North

16   County Street, C-306, Waukegan, Illinois on the 11th

17   day of January 2021 at 10:01 AM.

18

19

20

21

22

23

24

25
```

EX0024

1    BEERMANN PRITIKIN MIRABELLI SWERDLOVE LLP
2    161 North Clark Street, Suite 2600
     Chicago, IL  60601
3    BY:  JONATHAN D. STEELE, ESQ.

4    on behalf of Petitioner via Zoom

5

6    GWENDOLYN BARLOW, ESQ.

7    appeared Pro Se via Zoom

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EX0025

```
 1          THE COURT:  Okay.  04 D 1943 Sarina Ervin
 2   versus Raymond Ervin.
 3          MR. STEELE:  Good morning, Judge.
 4   Jonathan Steele from Beermann on behalf of
 5   Sarina Ervin.
 6          THE COURT:  Good morning.  Phone number
 7   ending 0675, can you please unmute yourself and
 8   identify yourself for the Court.
 9          What is your name?
10          MS. BARLOW:  Gwen Barlow.
11          THE COURT:  Barlow.
12          MS. BARLOW:  B-A-R-L-O-W.
13          THE COURT:  Hold on one second, please.  I
14   am sorry.
15          (Brief Interruption)
16          THE COURT:  Miss Zeit, I am assuming you
17   are here on the 04 D 1943.  Okay.  Thank you.
18   Oh, Gwendolyn Barlow.
19          MS. BARLOW:  Yes.
20          THE COURT:  Okay.  Okay.  So I have a
21   court reporter here.  I have already made the
22   record on 04 D 1943.  I made an attempt of
23   identifying, I see we have Jonathan Steele here
24   and by phone we also have Gwendolyn Barlow
25   here.  If someone could please recall.
```

EX0026

Case: 1:21-cv-06064 Document #: 31-3 Filed: 01/10/22 Page 63 of 88 PageID #:1476
Case: 21-1011    Document: 7    Filed: 02/24/2021    Pages: 88

4

1          MR. STEELE:  Yes, Judge.  There was, the

2     last time we were here we set today for hearing

3     on return of the citation to discover assets

4     that we served on the Social Security

5     Administration.

6          We are also set for status on another

7     matter but the crux of today is the Social

8     Security citation.

9          THE COURT:  If I recall correctly you

10    indicated to me last time that you had spoken

11    with an attorney with the Social Security

12    Administration.  But I don't see that there's

13    been an appearance in the file, and no one is

14    here today.

15         MR. STEELE:  What I indicated on the last

16    date was that I did speak to an attorney from

17    Social Security and that they were going to be

18    providing an answer to our citation.

19         What they provided to me isn't exactly in

20    the form of the answer, but it answers the

21    citation insofar as it details the Social

22    Security disability benefits that Mr. Ervin

23    receives on a monthly basis.

24         MS. BARLOW:  Your Honor, this is Gwendolyn

25    Barlow.  We have not received any of that

1      information.

2              THE COURT:  When was it dated, Mr. Steele?

3              MR. STEELE:  It's dated December 23rd,

4      2020.

5              THE COURT:  And was it sent to Ms. Barlow?

6              MR. STEELE:  Looks like it was addressed

7      to me.  I don't know whether they sent her a

8      copy also.

9              THE COURT:  Is there an objection to

10     providing that to Ms. Barlow?

11             MS. BARLOW:  Yes.

12             THE COURT:  I am asking if there is an

13     objection to providing it to Ms. Barlow.

14             MR. STEELE:  Certainly not.

15             THE COURT:  So do I understand you

16     correctly in that you are indicating they

17     provided an answer but not an answer that you

18     find appropriate?

19             MR. STEELE:  I am satisfied with the

20     answer.  I am just saying they didn't fill out

21     the last page of the citation.

22             What I wanted from them was just to know

23     how much his SSDI benefit is, and they sent me

24     something saying that it's $1,848 per month.

25             THE COURT:  Okay.  So how long would you

1     need to provide Ms. Barlow with that

2     information?

3          MR. STEELE:  Five minutes.

4          THE COURT:  Okay.  And then what would you

5     be asking to set withdrawal?  Is that the

6     issue?

7          MR. STEELE:  What we are seeking from

8     Social Security is an order of withholding that

9     withholds 65 percent of that $1,848 and directs

10    it to Sarina Ervin.

11         THE COURT:  Okay.  How would you envision

12    accomplishing that?

13         MR. STEELE:  Whether it be in the form of

14    a non wage garnishment order or in the form of

15    just an income withholding order whichever form

16    is acceptable to the Court.  I would like to

17    just enter an order that says 65 percent which

18    is $1,201 be withheld from each monthly check.

19         And it can either be sent to me and I will

20    forward it on to Ms. Ervin each month or it can

21    be sent directly to her.

22         THE COURT:  And, Ms. Barlow, what is your

23    position on that?

24         MS. BARLOW:  Your Honor, we have not seen

25    any of that information with regards to what

EX0029

1    Mr. Steele is even referring to, but we would

2    certainly object to the right to be able to

3    garnish according to Social Security

4    Administration rule.

5         THE COURT:  Well, I do remember in the

6    past that there was that memorandum that was

7    filed by Mr. Steele's office.

8         And, Ms Barlow, I asked you if you wanted

9    an opportunity to respond to it, and you said

10   no.

11        Would you like an opportunity to respond

12   to it now?

13        MS. BARLOW:  Yes, Your Honor.

14        And at that time we were planning to

15   remove it to District Court which is why we

16   were not seeking to respond at that time.  But

17   yes, we would be seeking leave to respond to

18   the memorandum.

19        THE COURT:  Okay.  And how much time would

20   you need, Ms. Barlow?

21        MS. BARLOW:  We would ask for 21 days.

22        THE COURT:  And, Mr. Steele, are you

23   seeking to reply?

24        MR. STEELE:  Judge, I don't care to reply.

25        But I want to point out that I filed this

EX0030

FILED
2/21/2020 12:54 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

SARINA ERVIN,                            )
                                         )
                    Petitioner,          )
                                         )
        vs.                              )    Case No. 04 D 1943
                                         )
RAYMOND ERVIN,                           )
                                         )
                    Respondent.          )

## NOTICE OF MOTION

To:    See Attached Service List

PLEASE TAKE NOTICE that on February 26, 2020 at 9:00 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Seneczko, or any judge sitting in his stead, in the courtroom C-306, located at the Lake County Courthouse, 18 North County, Waukegan, Illinois, and then and there present the following pleading *Petitioner's Verified Petition for Rule to Show Cause and Adjudication of Indirect Civil Contempt of Court*, a copy of which is attached hereto and is hereby served upon you.

BEERMANN LLP

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalties of perjury as provided by law pursuant to 735 ILCS 5/1-109, that the above notice and any attached pleadings were ☐ personally delivered, ☐ transmitted by facsimile to the fax numbers listed above; ☒ transmitted by e-mail to the e-mail addresses listed above and/or ☒ placed in the U.S. Mail properly addressed, with first class postage prepaid, to the parties at the addresses set forth above before 5:00 p.m. on February 21, 2020.

Sara Boucher

Beermann LLP, 161 North Clark Street, Suite 3000 Chicago, Illinois 60601,
(312) 621-9700, jsteele@beermannlaw.com, Firm No. 6308171

EX0031

Service List

**Via Electronic Mail and U.S. Mail**
Debra L. Zeit
Independent Court Reports
9 South County Street
Waukegan, Illinois 60085
debrazeit@aol.com

**Via U.S. Mail**
Ms. Gwendolyn M. Barlow
P.O. Box 5829
Buffalo Grove, Illinois 60089

**Via U.S. Mail**
Ms. Gwendolyn M. Barlow
331 Springside Lane
Buffalo Grove, IL 60089

**Via U.S. Mail**
Mr. Raymond Ervin
331 Springside Lane
Buffalo Grove, IL 60089

EX0032

FILED
2/21/2020 12:49 PM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | |
|---|---|
| SARINA ERVIN, | ) |
|     Petitioner, | ) |
| | ) |
|     vs. | )   Case No. 04 D 1943 |
| | ) |
| RAYMOND ERVIN, | ) |
|     Respondent. | ) |

## VERIFIED PETITION FOR RULE TO SHOW CAUSE AND
## ADJUDICATION OF INDIRECT CIVIL CONTEMPT OF COURT

NOW COMES the Petitioner, SARINA ERVIN, ("Sarina"), by and through her attorneys, BEERMANN LLP, and pursuant to, Sections 735 ILCS 5/2-1101, and petition this Honorable Court to issue a rule to show cause against third-party subpoena respondent, Debra Zeit, and enter an order holding her in indirect civil contempt of court for her willful failure to comply with the Subpoena for Records ("Subpoena) issued to her by Sarina on January 30, 2020, and in support of this Petition, Sarina respectfully states as follows:

1.     On January 30, 2020, a Subpoena for Documents (the "Subpoena"), with proper witness fee paid, was issued to Debra Zeit, via Certified Mail.  Documents were due pursuant to the Subpoena on before February 19, 2020. A copy of the Subpoena is attached hereto and incorporated herein as **Exhibit "A."**

2.     On February 3, 2020, Debra Zeit, was served with the Subpoena.  A copy of the USPS service confirmation is attached hereto and incorporated herein as **Exhibit "B."**

3.     On or about February 17, 2020, Beermann LLP received partial compliance with the January 30, 2020 Subpoena from Debra Zeit.

4.     On February 17, 2020, Sara Boucher a paralegal at Beermann LLP contacted Debra Zeit about only receiving partial compliance with the January 30, 2020 Subpoena. Debra Zeit informed Sara Boucher

she would not comply with the remaining aspects of the Subpoena. A copy of the Sara Boucher's affidavit is attached hereto and incorporated herein as **Exhibit "C."**

5. On February 17, 2020, Sarina's counsel sent an email to Debra Zeit requesting that Debra Zeit comply with the full subpoena. A copy of the email is attached hereto and incorporated herein as **Exhibit "D."**

6. As of the date of filing this petition, Debra Zeit has not produced the missing documents requested in the January 30, 2020 Subpoena.

7. Debra Zeit has blatantly disregarding the Subpoena issued to her on January 30, 2020.

8. A Rule to Show Cause should issue against Debra Zeit to show cause as to why she should not be held in indirect civil contempt of Court for her failure to abide by the January 30, 2020 Subpoena and said rule should be made returnable instanter.

9. Upon the return of the Rule to Show Cause this Honorable Court should find Debra Zeit in indirect civil contempt of court for her failure to abide by the January 30, 2020 Subpoena.

10. The conduct of Debra Zeit is willful and contumacious and/or without compelling cause or justification.

11. That this Honorable Court should set the purge on the contempt, by way of, but not limited to, providing the documents requested in the January 30, 2020 Subpoena.

12. As a result of Debra Zeit's failure to abide by the January 30, 2020 Subpoena, Sarina has been forced to incur legal fees and costs. That this Honorable Court should require Debra Zeit to pay the reasonable and necessary attorney's fees and costs incurred by Sarina in the preparation, presentation, and prosecution of this instant Petition. It is unfair and unjust for Sarina to have to incur attorney's fees to obtain simple compliance with this Court's Order.

EX0034

WHEREFORE, the Petitioner, SARINA ERVIN, by and through her attorneys respectfully prays for the following relief:

A. That this Honorable Court issue a Rule against Debra Zeit requiring her to show cause, if any she may have, why she should not be held in Indirect Civil Contempt of this Honorable Court for her failure to abide by the January 30, 2020 Subpoena, and said Rule be returnable *instanter* or as soon thereafter as practical;

B. That this Honorable Court enter an Order herein finding that failure of the third-party subpoenaed respondent Debra Zeit to abide by the January 30, 2020 Subpoena, to be willful and contumacious and/or without compelling cause or justification.

C. That this Honorable Court sanctions, Debra Zeit, with her purge/release based upon full compliance with the January 30, 2020 Subpoena and payment of attorneys' fees and costs.

D. That this Honorable Court enter an Order granting the Petitioner, SARINA ERVIN, attorney's fees and costs incurred in and about the preparation, presentation and prosecution of this Petition; and

E. Granting any other and such relief as this Honorable Court deems equitable and just.

BEERMANN LLP

By: _____

Attorney for Petitioner

Beermann LLP
Attorneys for Petitioner, Sarina Ervin
161 North Clark Street, Suite 3000, Chicago, Illinois 60601
Telephone: 312-621-9700
jsteele@beermannlaw.com
Attorney Code No. 6308171

EX0035

Subpoena in a Civil Matter (For Testimony and/or Documents)          (Rev. 6/25/09) CCG 0106

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

SARINA ERVIN,                          )
      Petitioner,                     )
                      )
      vs.                             )     Case No. 04 D 1943
                      )
RAYMOND ERVIN,                         )
      Respondent.                     )

### SUBPOENA IN A CIVIL MATTER
(For Records)

TO:   Debra L. Zeit
      Independent Court Reports
      9 South County Street
      Waukegan, Illinois 60085

☐  1.  YOU ARE COMMANDED to appear to give your testimony before the Honorable Judge _____ in Room _____ at the Lake County Courthouse, located at 18 North County, Waukegan, Illinois, on _____, 2020, at_____ a.m./p.m.

☐  2.  YOU ARE COMMANDED to appear to give your deposition testimony before a Notary Public at: BEERMANN LLP, 161 N. Clark Street, Suite 3000, Chicago, Illinois, on _____, 2020, at_____ a.m./p.m.

☒  3.  YOU ARE COMMANDED to mail the following documents in your possession or control to BEERMANN LLP, 161 N. Clark Street, Suite 3000, Chicago, Illinois, 60601, on or before February 19, 2020, at 10:00 a.m. **(THIS IS FOR RECORDS ONLY. THERE WILL BE NO ORAL INTERROGATORIES):** SEE ATTACHED RIDER.

**YOUR FAILURE TO APPEAR IN RESPONSE TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT.**

**Notice to Deponent:**

☐  The deponent's testimony will be recorded by use of an audio-visual recording device, operated by _____ (name of Recording Device Operator).

No discovery deposition of any party or witnesses shall exceed three hours regardless of the number of parties involved in the case, except by stipulation of the parties or by order upon showing that good cause warrants a lengthier examination. Ill.Sup.Ct. Rule 206(d).

Attorney No. 6308171                    Issued by: _____
Beermann LLP                                          Signature
Attorneys for Petitioner                Date: _____Jan. 30_____, 2020
161 N. Clark St.-Suite 2600
Chicago, IL 60601                       ☒  Attorney
(312) 621-9700                          ☐  Clerk of Court



EXHIBIT
A
EX0036

Subpoena in a Civil Matter (For Testimony and/or Documents)                    (Rev. 6/25/09) CCG 0106

⊠    I served this subpoena by mailing a copy, as required by Ill.Sup.Ct. Rules 11, 12 and 204(a)(2), to
     Debra L. Zeit, by certified mail, return receipt requested, (Receipt #7017 2620 0001 0417 1430) on
     January 30, 2020. I paid the witness $25.00 for witness and mileage fees.

☐    I served this subpoena by handing a copy to Debra L. Zeit on January ____, 2020. I paid the witness
     $25.00 for witness and mileage fees.

*Sara Boucher*                              *Sara Boucher*
(Signature of Server)                       (Print Name)

EX0037

Subpoena in a Civil Matter (For Testimony and/or Documents)                    (Rev. 6/25/09) CCG 0106

## RIDER

**TO:**   Debra L. Zeit
          Independent Court Reports
          9 South County Street
          Waukegan, Illinois 60085

All documents requested in this Subpoena relate to: Gwendolyn Barlow a/k/a Gwendolyn Ervin and/or Raymond Ervin, individually, and/or any individual, jointly with any other person or entity, acting on her behalf for the period **January 1, 2019** to the date of production.

As used herein, "document" means any written, printed, typed or other graphic matter of any kind or nature in your possession or control; it also means all copies of documents by whatever means made if the copy bears any other marking or notation.

### DOCUMENTS TO BE PRODUCED:

1. Any and all documents evidencing payments made to you by Gwendolyn Barlow a/k/a Gwendolyn Ervin and/or Raymond Ervin, and/or on their behalf, along with the date of said payments, and evidence of payments made including but not limited to cancelled checks, credit card receipts and wire transfer in regard to case number 2004 D 1943.

2. True, correct and complete copies of any correspondence between yourself and Gwendolyn Barlow a/k/a Gwendolyn Ervin and/or yourself and Raymond Ervin and/or by a third person on their behalf regarding case number 2004 D 1943, including but not limited to, letter, emails and/or text messages.

3. Affidavit in compliance with Supreme Court Rule 204(a)(4).  (see attached).

### END OF RIDER

Subpoena in a Civil Matter (For Testimony and/or Documents)          (Rev. 6/25/09) CCG 0106

STATE OF ILLINOIS    )          In Re: The Marriage of Ervin
                     ) SS.       File No. 04 D 1943
COUNTY OF LAKE       )

### AFFIDAVIT OF COMPLIANCE

I, _____, being first duly sworn on oath, depose

and state as follows:

1.    That I am Keeper of Records of _____.

2.    That pursuant to the rules and internal procedures relative to the administration of
_____, I review all subpoenas for deposition and all
subpoenas for trial calling for production of records and, therefore, all records kept in the normal
course of business at _____ are under my direct supervision and
control.

3.    That the attached records are records kept in the normal course of business of
_____ of _____ County, _____.

4.    That my company's corporate seal (if company is a corporation) is impressed on
the lower right corner of this page (if corporate seal is not available, please explain the reason on
the line below).

_____

5.    That this Affidavit is made pursuant to Section 8-1204 of the Code of Civil
Procedure for the State of Illinois.


_____
                              Affiant


SUBSCRIBED AND SWORN TO
before me this _____ day
of _____, 2020.


_____
    Notary Public



EX0039

# USPS Tracking®

FAQs ›

## Track Another Package  +

### Track Packages
### Anytime, Anywhere

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**   (https://reg.usps.com

/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro
/start.action)

---

**Tracking Number:** 70172620000104171430

Remove X

Your item was delivered to an individual at the address at 2:30 pm on February 3, 2020 in WAUKEGAN, IL 60085.

 **Delivered**

February 3, 2020 at 2:30 pm
Delivered, Left with Individual
WAUKEGAN, IL 60085

Get Updates ∨

---

Text & Email Updates                                        ∨

---

Tracking History                                            ∨

---

Product Information                                         ∨

---



EXHIBIT
B
EX0040

2/18/2020, 10:27 AM

USPS.com® - USPS Tracking® Results     https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=7...

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

EX0041

2/18/2020, 10:27 AM

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS**

SARINA ERVIN,              )
         Petitioner,       )
                       )
         vs.               )     Case No. 04 D 1943
                       )
RAYMOND ERVIN,        )
         Respondent.     )

## AFFIDAVIT

Affiant, Sara Boucher, being first duly sworn upon oath deposes and states as follows:

1. I am a paralegal currently employed by Beermann LLP.

2. I am the paralegal currently working on the above referenced matter.

3. On January 30, 2020 our office issued a Subpoena for Records to Debra L. Zeit an independent court reporter. Our subpoena requested the following: 1) proof of any payments to Ms. Zeit by Gwendolyn Barlow, Raymond Ervin and/or any third party on their behalf, including but not limited to cancelled checks and credit card receipts; and 2) copies of any communication between Ms. Zeit, Ms. Barlow, Mr. Ervin and/or any third party on their behalf.

4. On or about February 17, 2020 our office received Ms. Zeit's subpoena compliance which contained correspondence as requested; however, it failed to provide the requested proof of payments.

5. On February 17, 2020 I called Ms. Zeit and informed her that her subpoena compliance was incomplete and requested that she provide the documents she had failed to provide. Ms. Zeit responded that she provided everything with-in her possession because she does not keep copies of cancelled checks. I told her that she could in fact obtain copies of the requested checks from her financial institution. At this point Ms. Zeit became hostile and informed me she was not going to provide them. She went on to say she would not do my job for me and she knows I was only trying to obtain information on "Gwen's finances". She also told me if we insisted on the requested documents, she would hire an attorney and file a Motion to Quash.

6. As of the date of filing this Petition for Rule to Show Cause and Adjudication of Indirect Civil Contempt of Court Ms. Zeit has yet to provide the missing documents requested in our subpoena.



Further affiant sayeth naught.

_Sara Boucher_
Sara Boucher

Subscribed and sworn to me this
_18th_ day of February, 2020

_Kara M Rem_
Notary Public

```
*OFFICIAL   SEAL*
      KARA M. REM
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/10/2020
```

Beermann LLP
Attorneys for Petitioner, Sarina Ervin
161 North Clark Street, Suite 3000
Chicago, Illinois 60601
Telephone: 312-621-9700
jsteele@beermannlaw.com
Attorney Code No. 6308171

2

EX0043

## Sara A. Boucher

| | |
|---|---|
| **From:** | Jonathan Steele |
| **Sent:** | Monday, February 17, 2020 4:07 PM |
| **To:** | Debra Zeit |
| **Cc:** | Sara A. Boucher; Jonathan Steele |
| **Subject:** | Ervin |

Debra,

I understand you had a phone call with my paralegal Sara today. Please know Sara was calling at my direction to discuss your compliance with the subpoena. It is me that reviewed your compliance and determined that it was not in fact compliant in that you did not produce any cancelled checks or other proof of payment for your services in this matter. Sara requested that you produce those documents as they were requested in the rider attached to the subpoena. Absent compliance with that document request, we will be force to file a petition seeking a contempt finding against you in order to enforce the subpoena. That is not the path I would like to take as I don't want to involve you in the litigation in this matter any more than you've already been involved, but that is the method for enforcement of a lawfully issued subpoena. Please let me know if you will reconsider complying with the subpoena and producing cancelled checks and other proof of payment for your invoices. Thank you.

**Jonathan D. Steele | Divorce and Family Law Partner**
161 N Clark St., Suite 3000 | Chicago, IL 60601
Tel: 312.621.9700 | Fax: 312.621.0909

2275 Half Day Rd., Suite 350 | Bannockburn, IL 60015
Tel: 847.681.9600 | Fax: 847.681.0909
jsteele@beermannlaw.com | www.beermannlaw.com



**CONFIDENTIAL E-MAIL**
This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system.

1



**fHFS** ILLINOIS DEPARTMENT OF
Healthcare and
Family Services

**JB Pritzker, Governor**
Theresa Eagleson, Director

201 South Grand Avenue East
Springfield, Illinois 62763-0002

**Telephone:** (217) 782-1200
**TTY:** (800) 526-5812

January 29, 2021

Gwen Ervin
bar1owervin727@gmail.com

RE: FOIA #21-031 Ervin

Dear Gwen Ervin:

Thank you for writing to the Illinois Department of Healthcare and Family Services with your request for information pursuant to the Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1 et seq.

Our Office received your FOIA request on January 27, 2021 for the following information:

**Pursuant to 5 ILCS 140, I would like to request information regarding the practice of the use of private attorneys by IDHFS for HFS child support enforcement. In other words, does IDHFS use private attorneys for HFS child support enforcement in Illinois.**

The Department has no records responsive to your request.

To the extent you view this as a denial of your FOIA request, you have the right to submit a request for review by the Public Access Counselor (the "PAC") in the Office of the Illinois Attorney General to:

    Public Access Counselor
    Office of the Attorney General
    500 South 2nd Street
    Springfield, Illinois 62706
    Fax: 217-782-1396
    E-mail: publicaccess@atg.state.il.us

If you choose to submit a request for review to the PAC, you must do so within 60 days after the date of this letter. Your request for review must be in writing, signed by you, and include a copy of your FOIA request and this response. 5 ILCS 140/9.5(a). You also have the right to seek judicial review of this response. *See* 5 ILCS 140/11(a),(b).

Sincerely,

  //S//

Kiran Mehta
Freedom of Information Officer

**E-mail:** hfs.webmaster@illinois.gov**Internet:** http://www.hfs.illinois.gov/          EX0045

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SARINA ERVIN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 20 C 6006 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| RAYMOND ERVIN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Sarina Ervin's motion [7] to remand is granted. This case is remanded to the Circuit Court of Lake County. Civil case terminated.

## STATEMENT

Respondent Raymond Ervin ("Raymond") filed a notice of removal stating that he thereby removed "Case Number 04D1943." That case was a domestic-relations case, and the Seventh Circuit Court of Appeals described the case as follows:

[Raymond] and Sarina were living together in Canada when divorce proceedings began in 1998. After their divorce was final, the Ontario court issued an interim order awarding custody of the couple's three children to Sarina and requiring Raymond to make support payments. Raymond . . . moved to Illinois[.] . . . The Ontario court conducted additional proceedings in Raymond's absence, and in 2000 it entered a final order that increased his monthly support payments.

Sarina registered the latter order in Illinois in 2004 by filing it in state court along with the other information required by statute. See 750 ILCS 22/602. Raymond contested the registered order, as he was entitled to do under 750 ILCS 22/606. He asserted, among other things, that he had not received notice of the additional proceedings that took place in the Ontario court after he left Canada. Thus, he reasons, the Ontario court's order is not valid because it violated his right to due process. The Circuit Court of Lake County (IL) rejected that argument and confirmed the registered order pursuant to 750 ILCS 22/607(c). The state appellate court affirmed its judgment, and in 2009 the Supreme Court of Illinois denied Raymond's petition for leave to appeal.

*Ervin v. Ervin*, 571 Fed.Appx. 464, 465 (7th Cir 2014) (affirming dismissal of Raymond's § 1983 claims for want of jurisdiction based on *Rooker-Feldman* doctrine).

Raymond, as the removing party in this case, "bears the burden of establishing federal jurisdiction." *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017). In his notice of removal, Raymond asserts that he is a citizen of Illinois, that Sarina is a citizen of Canada and that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(2). To the extent that Raymond is attempting to remove the entire 2004 state-court case, removal was improper, because, as Sarina points out (and pointed out within 30 days after removal), the notice of removal was untimely. 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . "). Because it was clear on the first day of that suit that the parties were diverse, § 1446(b)(3) is inapplicable. 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). Likewise, to the extent Raymond was attempting to remove the post-judgment supplemental proceedings (i.e., the citations to discover his assets) directed to him, removal was improper for the same reason. Those proceedings began no later than 2017 [Docket 1-15], so, as Sarina points out, the notice of removal was untimely.[1]

It is possible that Raymond, whose notice of removal is not a model of clarity, is attempting to remove only the citation to discover assets that Sarina issued to the Social Security Administration. Raymond's notice of removal states that Sarina "seeks a turnover order for garnishment of Raymond's SSA benefits to satisfy child support payments." [Docket 1 at ¶ 4]. Raymond also asserts that Sarina "served summons with Third Party Citation to Social Security Administration (SSA) (see attachments) on or about August 20, 2019." [Docket 1 at ¶ 1]. Raymond states that the pandemic delayed the citation and that, on September 11, 2020, the state court set that citation for a hearing on October 9, 2020. The day before that hearing was to occur, Raymond removed the case, and his notice of removal seems to argue that the involvement of the Social Security Administration presents a federal question. [Docket 1 at 2].

To the extent Raymond is attempting to remove only the citation to discover assets that was issued to the Social Security Administration, Sarina points out two defects with that removal. [Docket 13 at 5-6].[2] First, Sarina correctly points out that the notice of removal was

---

[1] It is not clear that Raymond could have removed those proceedings with even a timely notice of removal, because they are "probably excluded from federal-court jurisdiction by the domestic-relations doctrine." *Ervin*, 571 Fed.Appx. at 466 (citing *Marshall v Marshall*, 547 U.S. 293, 311-312 (2006); *Struck v. Cook Cty. Public Guardian*, 508 F.3d 858, 859-60 (7th Cir. 2007)). Furthermore, ancillary proceedings are generally not removable. *See GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 622-23 & 625 (7th Cir. 2013) (explaining that "most state-court enforcement proceedings are more properly characterized as ancillary or supplementary suits" and are, therefore, not removable under § 1441(a), which allows the removal only of independent suits, not ancillary proceedings).

[2] The Court notes that those arguments were made within 30 days after Raymond filed the notice of removal. 28 U.S.C. § 1447(c) ("A motion to remand the case on the base of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice

not filed within thirty days after service of the citation, 28 U.S.C. § 1446(b)(1), which Raymond admits in the notice of removal was served on or about August 20, 2019 [Docket 1 at ¶1]. Raymond argues that, pursuant to 28 U.S.C. § 1446(b)(3), he had until 30 days after the state court's scheduling order to file his notice of removal. That is nonsense. The scheduling order was not Raymond's first notice that the case was removable [Docket 1-47], so § 1446(b)(3) does not apply.

Sarina has also pointed out a second reason why the notice of removal for the citation to discover assets is defective: Raymond did not obtain the consent of the Social Security Administration. 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action."). As the third-party recipient of the citation to discover asserts, the Social Security Administration is a defendant to the citation proceedings. *See GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 629-30 (7th Cir. 2013) ("a third-party citation respondent in an Illinois citation action is a defendant" for purposes of the removal statute).

For these reasons, Raymond's notice of removal was defective. Accordingly, Sarina's motion to remand is granted. This case is remanded to the Circuit Court of Lake County. Civil case terminated.

SO ORDERED.                              ENTERED:  November 17, 2020

JORGE L. ALONSO
United States District Judge

---

of removal under section 1446(a)"); *GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 626 (7th Cir. 2013) ("GE Betz's forum-defendant objection was timely under 28 U.S.C. § 1447(c); it raised the argument in its motion to reconsider, filed sixteen days after Zee's removal.").

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SARINA ERVIN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 20 C 6006 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| RAYMOND ERVIN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Sarina Ervin's motion [15, 16] for fees is granted.  The Court awards $7,875.00.
Hearing set for December 1, 2020 is stricken.

## STATEMENT

After petitioner Sarina Ervin ("Sarina") filed a motion for remand, the Court granted the
motion.  Before the Court is Sarina's motion for fees in connection with the remand.  Although
the Court has already granted the motion for remand, the Court may still consider the motion for
fees.  *PNC Bank NA v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014) ("even after remanding a case
to state court, a district court retains jurisdiction to decide collateral matters like fee awards");
*Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000).  Sarina seeks $7,875.00 in
fees, based on 17.75 attorney hours billed at rates of $400, $450 and $600.  The time was spent
on the motion for remand and the motion for fees.

The remand statute allows a court to "require payment of just costs and any actual
expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The
Supreme Court has explained the purpose of the provision:

> The process of removing a case to federal court and then having it remanded back
> to state court delays resolution of the case, imposes additional costs on both
> parties, and wastes judicial resources.  Assessing costs and fees on remand
> reduces the attractiveness of removal as a method for delaying litigation and
> imposing costs on the plaintiff.

*Martin v. Franklin Capital Corp.* 546 U.S. 132, 140 (2005).  Accordingly, the Supreme Court
outlined the following test for awarding fees under § 1447(c):

> [a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c)
> only where the removing party lacked an objectively reasonable basis for seeking
> removal.  . . .  In applying this rule, district courts retain discretion to consider

whether unusual circumstances warrant a departure from the rule in a given case.
. . . When a court exercises discretion in this manner, however, its reasons for
departing from the general rule should be 'faithful to the purposes' of awarding
fees under § 1447(c).

*Martin*, 546 U.S. at 141.

    In addition to several irrelevant arguments (including the merits of the underlying
citation and the merits of prior child support orders) that do not warrant discussion, Raymond
argues that he had an objectively reasonable basis for removal, namely, the existence of a federal
question based on the fact that the recipient of the citation to discover assets was the Social
Security Administration.  Even were that so, however, as the Court explained in its remand
order, Raymond's notice of removal suffered two fatal defects:  (1) it was filed too late; and (2) it
was filed without the consent of the Social Security Administration, which was a defendant to
the citation proceedings.  [Docket 14 at 2-3].  These principles were clearly established.

    Thus, the Court finds that Raymond lacked an objectively reasonable basis for removal.
Accordingly, an award of fees is warranted in this case.  Furthermore, the Court notes that even
if Raymond had had an objectively reasonable basis for removal, the Court *still* would have
granted fees.  This case presents the sort of unusual circumstance that the Supreme Court in
*Martin* said could warrant a departure from the usual rule.  *Martin*, 546 U.S. at 141.  These
parties have been litigating over child support for ages.  *See, e.g., Ervin v. Ervin*, 571 Fed.Appx.
464, 465 (7th Cir 2014) (describing the long history of these parties' battles and affirming
dismissal of Raymond's § 1983 claims for want of jurisdiction based on *Rooker-Feldman*
doctrine).  Raymond removed this case the day before a long-awaited hearing on the citation to
discover assets, thereby causing the sort of unjustified delay that §1447(c) is meant to deter.
Fees are warranted.

    Raymond does not take issue with the amount of the requested fees.  He does not argue
that the rates or the number of hours billed were excessive.  Nor does he argue that the fees were
not actually incurred.  Accordingly, the Court finds that the amount requested by Sarina is
appropriate.

    For these reasons, Sarina's motion for fees is granted, and she is awarded $7,875.00.

SO ORDERED.                ENTERED:  November 30, 2020

                                                 _____

                                                 JORGE L. ALONSO
                                                 United States District Judge

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Sarina Antonina Ervin

                              Plaintiff,

v.                                          Case No.: 1:20−cv−06006
                                            Honorable Jorge L. Alonso


                              Defendant.

_____

## NOTIFICATION OF DOCKET ENTRY


This docket entry was made by the Clerk on Tuesday, January 5, 2021:


        MINUTE entry before the Honorable Jorge L. Alonso: Respondent's motion for
extension of time to file notice of appeal awarding attorneys costs and fees [22] is granted.
Notice mailed by judge's staff (lf, )


**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov***.