IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sarina Ervin,<br>Petitioner,<br><br>v.<br><br>Raymond Ervin,<br>Respondent,<br><br>and<br><br>Gwendolyn Barlow,<br>Third Party Respondent. | Case No. 1:21-cv-06064<br>Judge Gary Feinerman, Presiding |

## RESPONDENTS' OBJECTION TO PETITIONER'S MEMORANDUM FOR ATTORNEY FEES

Respondents, Raymond Ervin ("Raymond") and Gwendolyn Barlow ("Gwendolyn") hereby file an Objection to Petitioner's Memorandum for Attorney's Fees, based on the following:

1. 28 U.S.C. § 1447(c), in pertinent part states, "…An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." (Emphasis added). As the remand order is "not a self-executing [entity],"[1] and despite the fact that the Court had entered the remand order in the docket, the failure of the court clerk to mail a certified copy of the order to the Nineteenth Judicial District of Lake County enables the Court to retain

---

[1] *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984) (citing *Bucy v. Nevada Constr. Co.*, 125 F.2d 213, 217-18 (9th Cir. 1942)).

1

jurisdiction over the case and to vacate its original order of remand.[2] In the instant case, the Petitioner's motion for attorney fees is premature at best because the case has not been remanded to the Nineteenth Judicial District of Lake County, ECF 17, and the case is currently pending review with the Seventh Circuit Court of Appeals, ECF 25.

2. The court is prohibited by the *Mootness Doctrine* as delineated by Article III Section II of the Constitution[3] that expressly forbade the Court from entertaining the matter[4] as the determination by the Director of Title IV-D of the Illinois Department of Healthcare and Family Services (IHFS) as the administrator of the State Plan under the Secretary of HHS on June 6, 2011, "That the Canadian Order is unenforceable for lack of due process to the Non-Custodial Parent (NCP) [Respondent]."[ ECF 1-47, p. 7-8, (1.)(c.), ECF 1-42, ECF 1-55] This determination is an example of "true mootness" as it is final and unreviewable by the Court and is not subject to reopening pursuant to 42 U.S.C. § 405(g).[5]

3. "According to the Supreme Court, "[a] case that becomes moot at any point during the proceedings is "no longer a "Case" or "Controversy" for purposes of Article III," and is outside the jurisdiction of the federal courts." **8** <u>Because mootness is a jurisdictional limitation, a federal</u>

---

[2] Cook v. J.C. Penney Co., 558 F. Supp. 78, 79 (N.D. Iowa 1983).
[3] Mootness is defined herein by Justice Roberts in *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 184 L.Ed. 2d 553, 133 S. Ct. 721 (2013),"A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III—"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U. S. 478, 481 (1982) (*per curiam*) (some internal quotation marks omitted). No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Alvarez*, supra, at 93."
[4] Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam) ( "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." )
[5] "*Further held*, absent a constitutional challenge, section 205(g) of the Social Security Act, which provides that an individual may seek judicial review of any final decision made after a hearing, does not authorize judicial review of a decision denying a petition to reopen a prior final decision of the agency, as the petition may be denied without providing a section 205(b) hearing." *Califano v. Sanders*, 97 S.Ct. 980 (1977)

court can—and indeed must—dismiss a moot case even if none of the parties ask the court to do so.**9** (Emphasis added.) A question about mootness may, in other words, arise at any time during the lifespan of a case, even on appeal.**10** In this respect, mootness "bears close affinity to" the other justiciability doctrines derived from Article III of the Constitution,**11** including standing**12** ( "The doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' language, no less than standing does." ); Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180 (2000) ( "The Constitution's case-or-controversy limitation on federal judicial authority . . . underpins both our standing and our mootness jurisprudence." ). and the prohibition against advisory opinions.**13** To the extent that the mootness doctrine regulates "the appropriate timing of judicial intervention," **14** mootness serves as the converse of the ripeness doctrine,**15** which restrains the judiciary from adjudicating a case before it develops into a live dispute."[6]

4.  The duty to refrain from filing moot matters with the Court is clearly elucidated in Rule 3.1 (Article VIII - Illinois Rules of Professional Conduct of 2010) and Local Rule 83.50 as this not only negatively impacts the judicial economy of the courts but has no concrete purpose other than to obfuscate the implementation of justice. Here the Petitioner withheld and secreted material information that was unavailable to the Respondent since June 6, 2011[7], to gain an advantage, prejudicing the Respondents' case and securing the remand. As said evidence was required to be disclosed in accordance with the ABA Model rules and Illinois Rules of Practice hence the Respondent's claims for attorney fees must be dismissed with prejudice.[8] "…the court

---

[6] ArtIII.S2.C1.2.7.1 Mootness Doctrine: Overview Article III, Section 2, Clause 1: Footnotes 8 – 15. Cornell Law Review https://www.law.cornell.edu/constitution-conan/article-3/section-2/clause-1/mootness-doctrine-overview
[7] ECF 1-55, page 30-32, ECF1-42
[8] See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245-246 (1944)

may consider "such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); see also *Mykonos v. United States*, 59 F. Supp. 3d 100, 103–04 (D.D.C. 2014) (applying rule in mootness context).

5. Guidance as to resolution of the issue of mootness may be best prescribed by citing to *Bancorp* by the U.S. Supreme Court, "…In short, "[t]he principal condition" that a court should consider in determining whether vacatur is appropriate "is whether the party seeking relief from the judgment below caused the mootness by voluntary action." See *Select Milk Producers*, 400 F.3d at 949 (alteration in original) (quoting *Bancorp,* 513 U.S. at 24); cf. *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 649 (D.C. Cir. 2011) (noting that the "*Bancorp* presumption" against vacatur is inapplicable where "the party who would get relief from the judgment below[] did nothing to render th[e] case moot"). Here the Respondents have not caused the mootness by any voluntary action on their behalf, that responsibility rests solely with the Petitioner's inaction to appeal the determination of IHFS within the statutory constraints set forth by the State Plan and the Secretary of HHS.

6. The District Court granted the Petitioner's request for fees and costs under 28 U.S.C. § 1447(c), for fees "incurred as a result of the removal." Petitioner has attached in her affidavit of fees and costs, ECF 30, of invoices attributed to "JDS" (Jonathan Drake Steele) dated December 1, 2021, and January 1, 2022, with numerous redactions. The memorandum for fees states that Mr. Steele is "the attorney primarily responsible for Sarina's representation in the state court matter …," yet he has no appearance nor statement of conflicts filed with the Court in this case, and in accordance with Local Rules and FCRP is not permitted to bill for expenses incurred as a

result of the removal. Each of these billing instances are in violation of 28 U.S.C. § 1447(c) as they have no demonstrated relation to the removal.

7. The language of 28 U.S.C § 1447(c) is clear in that it refers to fees and costs incurred in federal court that would not have been incurred had the case remained in the state court. Any litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred "as a result of the removal." Specifically, the invoices presented in the Petitioner's memorandum for fees request that Mr. Steele, <u>who does not represent Petitioner in federal court for the removal and was not admitted to the General Bar</u>, be compensated $5,800.00 for supposed actions in this case, on 12/1/21 "Review and revise reply to motion to remand", on 12/6/21, "review and revise MDE argument outline", 11/30/21, "Review of opposing parties response to motion to remand and review of cases…, 11/16/21, "Receipt review and transmittal of notice of removal…", 11/22/21, 11/23/21, 11/24/21, "Receipt review and transmittal of motion for extension of time…", "Receipt review and transmittal of order extending response time…", Research re federal jurisdiction and bar filings…", respectively, be allowed to bill his time in the federal removal matter.

8. By Mr. Elster's affidavit, "Mr. Steele is an attorney licensed to practice law in the State of Illinois on a continuous basis since 2012. <u>He was admitted to the general bar of this Court on December 13, 2021.</u> (Emphasis added). He has been employed by Beermann, LLP as an attorney since 2012. His current hourly rate in this matter is $400 per hour." If Mr. Steele was not admitted to the general bar of this court until December 13, 2021 he has not followed the Local Court Rules 83.10 and 83.12 ("…only members in good standing of the general bar of this Court may enter an appearance on behalf of a party; file pleadings, motions or other documents; sign stipulations; <u>or receive payments upon judgments, decrees or orders.</u>") (Emphasis added)

5

regarding members of the General Bar and filing an appearance and conflict disclosure respectively, his attempt to bill here for any of his actions prior to December 13, 2021, in a federal court matter is impermissible and a violation of LR 83.10 and the Illinois Supreme Court Rule 5.5 (Article VIII - Illinois Rules of Professional Conduct of 2010) and sanctionable.

9.  The invoice further presents that Mr. Elster relied upon Mr. Steele to review, draft, and edit the motions put forth before this Court without providing the requisite disclosure dictated by Local Rule 54.3 and 83.16, wherein no suitable evidence and records to support their billing are provided.

10. It is notable that given the invoices placed into evidence that it appears Mr. Elster is billing for the work done by Mr. Steele and the time reported to address these components are not his own work. Mr. Elster has represented to the Court that he is exclusively handling the Federal case for the Petitioner, however his counsel with attorneys Mr. Steele and Mr. Mirabelli who have not filed an appearance in this matter demonstrate otherwise. Hence, these charges of $6300 (listed as 15 hours at $400/hour and 0.5 hour at $600/hour, respectively) should be precluded pursuant to Local Rule 54.3, 83.10 and 83.16.

11. Further, on examination of Mr. Elster's previous filing of attorney fees in this matter a similar pattern of impermissible practice of presenting costs for same attorneys not of record in this case without providing the requisite supporting disclosure set out in Local Rule 54.3 and 83.16, wherein in Case: 1:20-cv-06006 those costs amounted to $2,600, and in Case: 21-1011 those charges amounted to $1,340. When considered in light of the charges for these attorneys incorporated in the instant memorandum for attorney fees this amounts to $9,740. These prior fees are impermissible and must be remitted to the Respondents as they have no basis in law, and the present fees must be excluded from any consideration.

12. Also noteworthy is the incorporation of Reuters for $98.17 and the hourly time component for research over and beyond what appears to constitute an ordinate amount of time associated with researching the case and seems duplicitous given the moderate complexity exhibited by the response.

13. Mr. Elster goes on to state that, "These rates represent the customary charges for representation in such actions and are fair and reasonable in light of the above attorneys' expertise and standards established by custom and usage in the community of family law practitioners in the greater Chicagoland area." There are no contemporaneous time records or evidence attached to the memorandum to support these contentions. There are only general descriptions in the invoice, however there is no time breakdown per task or activity or the rate at which the tasks and activities are billed.

14. "…to justify a fee, more must be presented than a mere compilation of hours multiplied by a fixed hourly rate or bills issued to the client" (*In re Marriage of Angiuli* (1985), 134 Ill.App.3d 417, 89 Ill.Dec. 328, 480 N.E.2d 513). Because of the importance of these factors, it is incumbent upon the petitioner to present detailed records maintained during the course of the litigation containing facts and computations upon which the charges are predicated. *Flynn v. Kucharski*; *Board of Education v. County of Lake*." *Kaiser v. MEPC American Properties, Inc.*, 164 Ill.App.3d 978, 518 N.E.2d 424, 115 Ill.Dec. 899,903 (Ill. App. 1987).

15. It is clear that Petitioner's Memorandum of Fees and Costs, ECF 30, is deficient in justification of the fees that Petitioner seeks as there are no detailed records with facts and computations supporting the charges that were filed in the fee petition.

16. These impermissible billing entries as well as the voluminous redactions call into question as to the reasonableness and legitimacy of Petitioner's Affidavit of Fees and Costs and

should not be permitted for inclusion. There are duplicative services (11/22/21 JDS Receipt review and transmittal of motion for extension of time to file response. Conference with MDE re same. Review of response; 11/23/21 JDS Receipt review and transmittal of order extending response time. Email exchange with client re same and re procedure for hearing; 11/29/21 MDE Review response to motion for remand; discuss same with JDS; 11/30/21 JDS Review of opposing parties' response to motion to remand and review of cases cited therein. Conferences with EJM and MDE re same.) as well as excessive and unnecessary amounts of time spent by several attorneys (JDS and MDE) for the same matter and the type of entries are for the types of activities normally included in office overhead (e.g., 12/7/21 Payment to Thomas Reuters-West) and were not reasonably and necessarily required by any litigation in this matter.

17. By using redactions in the fee affidavit, Petitioner assumes the risk that the court will decline to award the full requested amount of fees on the failure to meet Petitioner's burden. See *Bretford Mfg. v. Smith Sys. Mfg. Co.,* 421 F. Supp. 2d 1117, 1129 (N.D. Ill. 2006).

18. The party seeking fees bears the burden of presenting sufficient evidence from which the court can render a decision as to their reasonableness. See *Fiorito v. Jones*; *Heckmann v. Hospital Service Corp.* (1982), 104 Ill.App.3d 728, 59 Ill.Dec. 947, 432 N.E.2d 891; *Ealy v. Peddy* (1985), 138 Ill.App.3d 397, 92 Ill.Dec. 939, 485 N.E.2d 1182 and LR54.3. In this case, Mr. Elster has failed to present sufficient evidence to support the reasonableness of the fees in his affidavit and as such, the fees should be deemed unreasonable and not granted.

19. Based in the plethora of shortcomings of this motion ranging from mootness, the incorporation of impermissible charges from attorneys not of record in the case, overreach to incorporate state court charges in contravention to 28 U.S.C. § 1447(c), the lack of evidence demonstrating a clear supporting evidence and justification of the attorney fees sought, and

jurisdiction given appeal based on 42 U.S.C. § 1983, the Petitioner's memorandum should be denied forthwith and the appeal be permitted to proceed unencumbered.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Respondents ask for the following relief:

A. Vacate Petitioner's award of fees and costs pursuant to the Mootness Doctrine;

B. Award Respondents attorney fees, costs and any previously impermissible attorney fees paid to the Petitioner.

C. Stay any further proceedings in the District Court until the Seventh Circuit Court of Appeals has completed their review, pursuant to *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

D. Any other relief that the Court deems fit.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing RESPONDENTS' OBJECTION TO PETITIONER'S MEMORANDUM FOR ATTORNEY FEES, was e-filed through ECF and electronically served on January 20, 2022, to:

>Matthew Elster
>161 North Clark Street, Suite 3000
>Chicago, IL 60601
>mdelster@beermannlaw.com
>*Attorney for Petitioner*

DATED: January 20, 2022


By: s/Raymond N. Ervin
    s/Gwendolyn M. Barlow

Raymond N. Ervin, Pro Se
Gwendolyn M. Barlow, Pro Se
331 Springside Lane
Buffalo Grove, IL 60089
(847) 404-4375
ervinpatentlaw@gmail.com
(847) 204-0416
 barlowervin727@gmail.com