IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sarina Ervin, )<br>Petitioner, )<br> )<br>v. )<br> )<br>Raymond Ervin, )<br>Respondent, )<br> )<br>and )<br> )<br>Gwendolyn Barlow, )<br>Third Party Respondent. ) | Case No. 1:21-cv-06064<br>Judge Gary Feinerman, Presiding |

## MOTION TO QUASH ALL CITATIONS

Respondents, Raymond Ervin ("Raymond") and Gwendolyn Barlow ("Gwendolyn") hereby file a Motion to Quash All Citations forthwith, based on the following:

1. That the District Court is without authority to institute citation proceedings against the Respondents as the mandate for the instant matter is held by the 7th Circuit Court of Appeals and permission to undertake further action in the matter has not been requested by and/or granted to the District Court. The Seventh Circuit has held that "The filing of a timely notice of appeal confers jurisdiction over the matter on the court of appeals and divests the **district court of its control over those aspects of the case involved in the appeal**." [emphasis added]. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1240 (7th Cir.1986). The record reflects that the District Court issued an order February 7, 2022, granting fees for $12,603.17 [ECF 37]. A timely notice of appeal and docketing statement was filed on March 6, 2022 [ECF 38]. Whereupon the District Court Clerk on March 7, 2022, transmitted the short record on notice of appeal [ECF 42]. On March 9, 2022 the 7th Circuit Court of Appeals acknowledged the receipt of the short record on

1

appeal and assigned USCA case number 22-1365 [ECF 43]. Petitioner filed Citations in District Court on March 14, 2022 [ECF 44-45] and the District Court entered a Minute Entry setting the Citation Hearing for March 22, 2022, at 09:00 A.M. [ECF 46]. The District Court entered a Minute entry on March 15, 2022 vacating its March 14, 2022 order, however indicating that the March 22, 2022 examinations will still occur on March 22, 2022, but not on the court's call-in number [ECF 47]. Petitioner filed third party citations [ECF 48, 49, 50, 51] on March 17, 2022. Respondents filed a Motion for Extension of Time [ECF 52]. The District Court entered a Minute Entry on March 21, 2022 [ECF 54] granted Respondent's motion in part and denied in part, ordering that the citation examinations need not occur on March 22, 2022 but must take place on or before March 29, 2022. On March 27, 2022, Petitioner filed a Certificate of Service Amended Notice of Citation Examination [ECF 58]. Consequently, the citations must be quashed, and all orders vacated that are subsequent to March 6, 2022, in this matter as the District Court was without jurisdiction. "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgements and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." *Williamson v. Berry*, 8 HOW. 945, 540 12 L. Ed. 1170, 1189 (1850) and should be quashed forthwith as a matter of judicial economy as they represent frivolous proceedings on the record.

 2.	Further, FRCP 69 states in pertinent part that, "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

3. In the instant case, since the district court sits in Illinois, Illinois 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277 govern the procedure and requirements for supplementary proceedings. See *Cent. Laborers' Pension Fund v. Alliance Commercial Concrete, Inc.* (C.D. Ill. 2014) . Each of these governing statutes and rules are predicated upon a judgment capable of enforcement accompanying a citation issued by the clerk of court in order to proceed with supplementary proceedings in Illinois. In the present case, it is axiomatic the present judgment under appeal fails to satisfy the statutory requirement of a judgment capable of enforcement, as the judgment at question is the subject of a timely filed and docketed notice of appeal [ECF 38]. The Seventh Circuit has held that "The filing of a timely notice of appeal confers jurisdiction over the matter on the court of appeals and divests the **district court of its control over those aspects of the case involved in the appeal**." [emphasis added]. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1240 (7th Cir.1986). As such, the notice of appeal specifically indicates the intention to appeal the February 7, 2022, order where the district court awarded $12,603.17 [ECF 37] in attorney fees. Consequently, the district court is divested of its control in this case as the attorney fees awarded are the very aspects of the case involved in the appeal. This was further evidenced by the Seventh Circuit when they held that "Further proceedings in the district court cannot take place without leave of the court of appeals." *Asher v. Harrington*, 461 F.2d 890, 895 (7th Cir.1972).

4. Secondly, the Petitioner's citations fail to be issued by the clerk of court [ECF 44,45] . As such, another essential part of the statute and rule have not been satisfied by Petitioner and subsequently, no citation can be issued at this time against Raymond and Gwendolyn or any third parties.

5. Additionally, Illinois Supreme Court Rule 277 (b) states in pertinent part, "…In cases in which an order of court is prerequisite to the commencement of the proceeding, a copy of the order shall be served with the citation." Petitioner failed to attach a copy of the order with the citation [ECF 44,45].

6. In addition, the statute and rule delineate that the judgment debtors should be served according to rule of service which denotes that there <u>shall be personal service</u> to the debtors as well as copy of service to third parties mailed to judgment debtors within three (3) days of service to the third parties. In the instant case, neither Raymond nor Gwendolyn was personally served nor received copies by mail of the citations sent to third parties, namely TCF Bank and USAA Bank. Subsequently, in violation of the requirements delineated in 735 ILCS 5/2-1402 and Supreme Court Rule 277, the citations must be quashed for failure to adhere to the statutory requirements of procedure for supplementary proceedings in Illinois.

7. Further, pursuant to FRCP 69, there is no writ of execution to enforce the money judgment. Consequently, the citations must also fail and thus be quashed.

8. For all of the reasons above, all of the citations issued by Petitioner must be quashed.

## PRAYER FOR RELIEF

**WHEREFORE,** Respondents ask for the following relief:

A. Grant their Motion to Quash All Citations and vacate all orders subsequent to March 6, 2022.

## CERTIFICATE OF SERVICE

      This is to certify that the foregoing RESPONDENTS' MOTION TO QUASH ALL CITATIONS, was e-filed through ECF and electronically served on March 28, 2022, to:

      Matthew Elster
      161 North Clark Street, Suite 3000
      Chicago, IL  60601
      mdelster@beermannlaw.com
      *Attorney for Petitioner*

DATED: March 28, 2022


By:    s/<u>Raymond N. Ervin</u>
        s/<u>Gwendolyn M. Barlow</u>

Raymond N. Ervin, Pro Se
Gwendolyn M. Barlow, Pro Se
331 Springside Lane
Buffalo Grove, IL 60089
(847) 404-4375
ervinpatentlaw@gmail.com
(847) 204-0416
 barlowervin727@gmail.com